FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

**Name:** Rodney O. Burton

2008 MAR 21 A 10: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**Prison Number:** 175034

**Place of Confinement:** Donaldson Correctional Facility, 100- Warrior Lane, Bessemer, Al. 35023

United States District Court __Middle__ District of __Alabama__

**Case No.** 2:08 CV 203- MHT
(To be supplied by Clerk of U. S. District Court)

Rodney Otis Burton, **PETITIONER**
(Full Name) (Include name under which you were convicted)

Gary Hetzel, **RESPONDENT**
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF __Alabama__

_____, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, <u>the original and two copies * must be mailed to the Clerk of the United States District Court whose address is:</u>

P.O. Box 711
Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

*If you are proceeding <u>in forma pauperis</u>, only the original petition needs to be filed with the Court.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack _Montgomery County Circuit; Montgomery, Al._

2. Date of judgment of conviction _1997_

3. Length of sentence _Life w/o parole_ Sentencing Judge _Sally Greenhaw_

4. Nature of offense or offenses for which you were convicted: _RApE I,_
   _KiDnApping I_____

5. What was your plea? (check one)
   (a) Not guilty (L)
   (b) Guilty ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (Check one)
   (a) Jury (L)
   (b) Judge only ( )

7. Did you testify at the trial? Yes (L)   No ( )

8. Did you appeal from the judgment of conviction?   Yes ( )   No ( )

9. If you did appeal, answer the following:
   (a) Name of court _Court of Criminal Appeals of Alabama_
   (b) Result _Affirmed_
   (c) Date of result _1998_
   If you filed a second appeal or filed a petition for certeorari in the Supreme Court, give details: _Writ Denied_

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?   Yes (X)   No ( )

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court _Montgomery County, Alabama, Circuit Court_
        (2) Nature of proceeding _Motion For Reconsideration of Sentence Pursuant to 13A-5-9.1 Code of Al._
        (3) Grounds raised _Reconsider Sentence_

        (4) Did you receive an evidentiary hearing on your petition, application or motion?   Yes (X)   No ( )
        (5) Result _Denied_
        (6) Date of result _April 10, 2007_

(b) As to any second petition, application or motion give the same information:
  (1) Name of court _____
  (2) Nature of proceeding _____
  _____
  (3) Grounds raised _____
  _____
  _____
  _____
  _____
  _____
  _____
  _____
  (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( )
  (5) Result _____
  (6) Date of result _____
(c) As to any third petition, application or motion, give the same information:
  (1) Name of Court _____
  (2) Nature of proceeding _____
  _____
  (3) Grounds raised _____
  _____
  _____
  _____
  _____
  _____
  _____
  _____
  (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( )
  (5) Result _____
  (6) Date of result _____
(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
  (1) First petition, etc.         Yes (X)   No ( )
  (2) Second petition, etc.        Yes ( )   No ( )
  (3) Third petition, etc.         Yes ( )   No ( )
(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

   If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

   (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
   (b) Conviction obtained by use of coerced confession.
   (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
   (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
   (e) Conviction obtained by a violation of the privilege against self-incrimination.
   (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
   (g) Conviction obtained by a violation of the protection against double jeopardy.
   (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
   (i) Denial of effective assistance of counsel.
   (j) Denial of right of appeal.

A. Ground one: _See Attached Pages_

Supporting FACTS (tell your story briefly without citing cases or law):

B. Ground two: _____

Supporting FACTS (tell your story briefly without citing cases or law):

C. Ground three: _____

Supporting FACTS (tell your story briefly without citing cases or law):

D. Ground four: _____
_____

Supporting FACTS   (tell your story briefly without citing cases or law): _____
_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: _____
_____

14. Do you have any petition or appeal now pending in any court, wither state or federal, as to the judgment under attack?   Yes ( )   No ( )

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing _____ UNKNOWN _____

   (b) At arraignment and plea _____

   (c) At trial _____

   (d) At sentencing _____

   (e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes (X)   No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ( )   No (X)

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) And give date and length of sentence to be served in the future: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ( )   No ( )

    Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

    _____
    Signature of Attorney (if any)

    I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on __MARCH 17, 2008__.
                                                                            (date)

    _____Rodney O. Burton_____
    Signature of Petitioner

## GROUNDS OF PETITION

**Petitioner was denied his right to be represented by counsel at the critical stage of sentencing in violation of the 6th and 14th Amendments of the United States Constitution.**

### SUPPORTING FACTS

The petitioner, Rodney Otis Burton ("Burton"), an Alabama inmate, was convicted of First Degree Rape and First Degree Kidnapping in 1997. He was subsequently sentenced to life without the possibility of parole under the mandatory provisions of the Habitual Felony Offender Act as a convicted offender with three prior felony convictions. ("HFOA"). See § 13A-5-9(c)(3), Code of Alabama 1975. 1 In 2000, the Alabama Legislature amended the HFOA to allow a sentence to be imposed for certain habitual offenders less severe than life imprisonment without parole under certain circumstances. Specifically, and relevant to this proceeding, § 13A-5-9(c)(3) was amended so that a defendant with three prior felony convictions, none of which was for a Class A felony, who is subsequently convicted of a Class A felony may be sentenced to imprisonment for life or life imprisonment without the possibility of parole, *in the discretion of the trial court.* 2 Before that amendment, a sentence of life imprisonment without the possibility of parole was mandatory under § 13A-5-9(c)(3) for a Class A felony offender with three prior felony convictions. In 2001, the Legislature passed Act No. 2001- 977 ("the Act") in an attempt to make the 2000 amendments to § 13A-5-9 retroactive. The stated purpose of the Act was "to provide further for eligibility for parole consideration of non-violent offenders." See § 13A-5-9.1, Code of Alabama 1975.

There were some problems in implementing the procedure by which a circuit court could review an eigible inmate. In 2004, however, the Alabama Supreme Court cleared up those problems in the decision of Kirby v. State, 899 So.2d 968 (Ala. 2004), thereby giving the trial courts of Alabama the green light to reconsider the sentences of eligible inmates. Relevant to this

proceeding is the Court's holding that by enacting § 13A-5-9.1, "the Legislature vested jurisdiction in the sentencing judge or the presiding judge to *reopen a case more than 30 days after a defendant has been sentenced.*" Id. at 971. (emphasis added). The Kirby Court noted all that was needed to give a trial court jurisdiction to review a sentence pursuant to § 13A-5-9.1 was for a requesting inmate to file a motion to that effect. Id. at 971-72. Further, the Court held that "only the sentencing judge or the presiding judge should evaluate the inmate's crime and his or her conduct associated with that crime in deciding [the threshhold question of] whether the inmate is a nonviolent offender, [and the ultimate question of whether to resentence the inmate,] *just as the judge evaluated those factors at the time the inmate was originally sentenced*." Id. at 974. (emphasis added).

More procedural problems arose, however, in determining the legislative intent of the term "nonviolent convicted offender" found in § 13A-5-9.1. The Alabama Court of Criminal Appeals clarified the term in the decision of Holt v. State, 2006 Ala.Crim.App. LEXIS 39, March 3, 2006 (Ala.Crim.App. 2006). In doing so, that court held: "[M]erely because an inmate has been convicted of a 'violent offense' as defined in § 13A-11-70 and/or § 12-25-32 does not mean that that inmate is a 'violent offender' for purposes of § 13A-5-9.1 ; committing a 'violent offense' as defined in § 13A-11-70 and/or § 12-25-32 is not the equivalent of being a 'violent offender' under § 13A-5-9.1 ." 3

On January 20, 2006, Burton filed a motion for reconsideration of his sentence pursuant to § 13A-5-9.1. Burton simultaneously filed a motion for appointment of counsel and submitted an affidavit of substantial hardship stating that he was indigent and could not afford to retain counsel on his own. Burton submitted the following evidence along with his motions: (1) a notarized affidavit from the victim of his offenses wherein she asked the trial court to grant

Burton relief, (2) evidence of his rehabilitational and educational accomplishments while incarcerated, which were numerous and quite impressive, and (3) statements from free-world prison volunteers on Burton's behalf to attest to his character. Moreover, the Alabama Department of Corrections submitted an "inmate evaluation" on Burton. This "evaluation" showed that Burton had never received a disciplinary while incarcerated and had been a model inmate.

On March 30, 2007, a hearing was held on Burton's motion for reconsideration of his sentence. The circuit court denied his request for appointment of counsel, and Burton was forced to represent himself. The State was represented by Michael Dean, a deputy district attorney. After hearing argument from both Burton and Dean, the circuit court subsequently denied Burton's motion for reconsideration of his sentence by finding that Burton's underlying offenses were violent, and therefore Burton was a violent offender and not due a sentence reduction. In its written order of denial, the trial court did not consider any of the evidence submitted by Burton. 4

Burton appealed to the Court of Criminal Appeals of Alabama. Relevant to this proceeding is Burton's claim to that court that he was denied his constitutional right to counsel during the sentence hearing on his motion. The Court of Criminal Appeals affirmed the circuit court's judgment. Burton v. State, [CR-06-0484, October 26, 2007] (Ala.Crim.App. 2007)(unpublished memorandum). An application for rehearing was overruled on November 30, 2007. Burton then filed a petitition for a writ of certiorari with the Alabama Supreme Court. The writ was denied with no opinion. Ex parte Burton, [SC 1070401, February 15, 2008] (Ala. 2008). This petition follows.

## ARGUMENT

### Burton had a right to counsel at the sentence hearing held on his motion pursuant to § 13A-5-9.1, Code of Alabama 1975.

Initially, it should be noted that the constitutional right to counsel does not extend to postconviction proceedings. Pennsylvania v. Finney, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). However, for the reasons set forth below, Burton's sentence hearing was not to be considered a postconviction proceeding. Therefore, the right to counsel attached.

§ 13A-5-9.1 is unique in that it "vest[s] circuit courts with the authority to *reopen a case* that had previously been deemed closed and in which the court's decision was deemed final." Kirby, 899 So.2d at 971. (emphasis added). As the Court of Criminal Appeals of Alabama further explained: "Once a conviction has been obtained and a corresponding sentence has been imposed, the convicted defendant may appeal the conviction and sentence to this court ... [A] § 13A-5-9.1 motion involves *reopening an existing case*, in which there has been a conviction and sentence, for possible resentencing. Logically, then, any order either granting or denying a request for reconsideration of a sentence would be appealable.." Prestwood v. State, 915 So.2d 580, 583 (Ala.Crim.App. 2005) (emphasis added).

In interpreting § 13A-5-9.1, both the Alabama Supreme Court and the Court of Criminal Appeals of Alabama have concluded that a proceeding held pursuant to that statute is a "reopening" of a previously closed case. Kirby, 899 So.2d at 971. Moreover, the case is reopened at the sentencing stage "for possible resentencing." Prestwood, 915 So.2d at 583. Therefore, a § 13A-5-9.1 proceeding is not a postconviction action, but a reopening of a case between conviction and appeal, i.e., at the sentencing stage. See Prestwood, 915 So.2d at 583. ("Once a conviction has been obtained and a corresponding sentence has been imposed, the convicted

defendant may appeal the conviction and sentence to this court ... [A] § 13A-5-9.1 motion involves *reopening an existing case*, in which there has been a conviction and sentence, for possible resentencing. Logically, then, any order either granting or denying a request for reconsideration of a sentence would be appealable.")(emphasis added).

The Sixth Amendment guarantees the right of counsel to the accused in all criminal prosecutions. U.S. Const. Amend. VI. This right to counsel encompasses all federal and state criminal prosecutions that result in imprisonment. Argersinger v. Hamlin, 407 U.S. 25 (1972); Gideon v. Wainwright, 372 U.S. 335 (1963). This right is applicable to the states by virtue of the Fourteenth Amendment. Gideon v. Wainwright. The right attaches at the initiation of adversary judicial proceedings, and extends to every critical stage of the proceedings. United States v. Wade, 388 U.S. 218 (1967). A critical stage is any stage where a substantial right of an accused may be affected, Mempa v. Rhay, 389 U.S. 128 (1967).

In Mempa, the Court concluded that a deferred sentence hearing was a critical stage where the right to counsel attached. The Court stated "a lawyer must be afforded at this [sentence] proceeding whether it be labeled a revocation of probation or a deferred sentencing." Id. at 137. The fact that a § 13A-5-9.1 proceeding is in fact a component of the critical stage of sentencing is shown clearly in the specific language of the Alabama Supreme Court in Kirby. That court held concerning a motion filed pursuant to § 13A-5-9.1 for reconsideration of a sentence, "It is axiomatic that only the sentencing judge or the presiding judge should evaluate the inmate's crime and his or her conduct associated with that crime in deciding whether the inmate is a nonviolent offender, *just as the judge evaluated those factors at the time the inmate was originally sentenced.*" Id. at 974. (emphasis added). Therefore, clearly, a § 13A-5-9.1 proceeding is a *sentence* proceeding where the right to counsel attaches.

The 11th Circuit addressed a similar case in <u>Hall v. Moore</u>, 253 F.3d 624 (11th Cir. 2001). That case dealt with the right to counsel at a resentencing where the original sentence had been vacated. The court held:

> Obviously, where the precise sentence for a particular offense is mandatorily fixed by law such that its imposition is merely a ministerial ceremony, with no discretion to be exercised by the sentencing judge, the absence of counsel at such a proceeding could not possibly be prejudicial.
>
> ...
>
> *[I]f the sentencing proceeding is more than ministerial, the presence of counsel is essential to guide the sentencing court in the exercise of its discretion. The absence of counsel is therefore legally presumed to be prejudicial if the sentencing court had the legal authority to impose a more lenient sentence than it actually did.* The Supreme Court has also noted that the total denial of counsel at a critical stage such as sentencing is presumptively prejudicial.

Id. at 627-28. (citing <u>United States v. Cronic</u>, 466 U.S. 648, 659 (1984) (some citations omitted).

Here, Burton's case was reopened at the critical stage of sentencing where the circuit court had discretion in sentencing. The court could leave the sentences of life without parole intact § 13A-5-9(c)(3), or reduce the sentences to life with parole § 13A-5-9(c)(3). Moreover, the court had discretion to order the sentences to run concurrent or consecutive to one another. Rule 26.12, <u>Alabama Rules of Criminal Procedure</u>. Burton's sentence hearing was therefore "more than ministerial, [and] the presence of counsel [was] essential to guide the sentencing court in the exercise of its discretion. The absence of counsel [was] therefore legally presumed to be prejudicial [because] the sentencing court had the legal authority to impose a more lenient sentence than it actually did." <u>Hall</u>, 253 F.3d at 627-28.

## CONCLUSION

For the reasons set forth above, Burton was denied his constitutional right to counsel at the critical stage of sentencing, and he is due to be granted any and all relief he is legally due.

## DECLARATION UNDER THE PENALTY FOR PERJURY

I do hereby verify under the penalty for perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully Submitted,

_Rodney O. Burton_  
Rodney Otis Burton

_March 17_, 2008

---

1- This refers to the statute as it existed in 1997 at Burton's original sentencing. It has since been amended.

2- Burton had three prior felony convictions: Forgery in the Second Degree, Escape in the Second Degree, and Possession of Cocaine. None of these was a Class A felony, and all were nonviolent offenses.

3- § 13A-11-70 covers persons committing an "act of violence" while armed with a firearm. § 12-25-32 (13) specifically lists which offenses are "violent offenses." Both of Burton's underlying convictions of Robbery and Kidnapping are listed under both of these statutes as "violent offenses."

4- Under Kirby, the trial court was bound to make a determination of whether Burton was due relied "based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the DOC and the Parole Board concerning the inmate's behavior while incarcerated." Kirby, 899 So.2d at 974. Under Holt, these factors were further clarified: "§ 13A-5-9.1 allows for consideration of factors other than the fact that the inmate's underlying conviction is statutorily defined as a 'violent offense' in determining whether the inmate is a 'nonviolent convicted offender.' ... whether an inmate is a 'nonviolent convicted offender' is based on the totality of the circumstances. By totality of the circumstances, we mean the totality of the information before the circuit court when it rules on the § 13A-5-9.1 motion." Holt, 2006 Ala.Crim.App. LEXIS 39, at ___.

Rodney Burton
100-Warrior Lane
Bessemer, Al. 35023

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

Clerk of the U.S. District
ONE Church St. P.O. Box-
Montg. Al. 36101-07