IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY OTIS BURTON, ) | |
| # 175034, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No. 2:08cv203-MHT |
| ) | |
| GARY HETZEL, WARDEN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

Petitioner, an Alabama prisoner, filed this petition for a writ of habeas corpus (Doc. No. 1) challenging the state proceedings that resulted in the denial of his petition to have his sentence reconsidered under Ala. Code § 13A-5-9.  Petitioner filed the instant petition on the form used for filing petitions for habeas corpus relief under 28 U.S.C. § 2254.  However, because Petitioner does not appear to challenge the validity of a conviction or sentence, the court finds that this case should proceed as a petition for habeas corpus relief under 28 U.S.C. § 2241.  Therefore, the Clerk of Court is DIRECTED to amend the court docket to reflect that this action is filed pursuant to 28 U.S.C. § 2241.

The undersigned finds from a review of the petition that it cannot be properly and effectively processed without an answer from Respondents.  Accordingly, the Clerk of Court is DIRECTED to send a copy of the petition and this order to the Attorney General of the State of Alabama and to Warden Gary Hetzel.  An answer shall be filed with this court and

served upon Petitioner within 20 days of service on the Attorney General of the State of Alabama.

In filing their answer, Respondents are directed to comply with the provisions of 28 U.S.C. § 2243. Specifically, Respondents must show cause why the writ should not be granted and, when applicable, shall certify the true cause of Petitioner's detention. Additionally, the answer shall contain the sworn statements of all persons having knowledge of the subject matter of the petition. Authorization is hereby granted to interview all witnesses, including Petitioner. **Whenever relevant, copies of medical and/or psychiatric records shall be attached to the answer. Where Petitioner's claims or Respondents' defenses relate to or involve the application of administrative rules, regulations or guidelines, copies of all such applicable administrative rules, regulations or guidelines shall be filed as exhibits in support of the answer.**

**The parties are advised that no motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the petition may be filed by any party without permission of the court**. If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court. **Petitioner is cautioned that all amendments to the petition should be accompanied by a motion to amend and must be filed within ninety (90) days from the date of this order**.

The *Federal Rules of Civil Procedure* require that Petitioner mail to the lawyer for Respondents a true copy of anything which is sent to the court. Consequently, Petitioner is advised that he should mail to Attorney General of the State of Alabama a true copy of anything that he sends to the court. Failure to do so may result in delaying resolution of this case. Anything sent to the court should specifically state that it has been sent to the Attorney General of the State of Alabama.

Petitioner is specifically **CAUTIONED** that his failure to file pleadings in conformity with the *Federal Rules of Civil Procedure* and/or the directives contained in this order will result in such pleadings not being accepted for filing. The Clerk of Court is DIRECTED to not accept for filing any pleadings submitted by Petitioner which are not in compliance with either the *Federal Rules of Civil Procedure* or the directives contained in this order.

Done this 3rd day of April, 2008.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE