THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RODNEY OTIS BURTON,       )
AIS #175034,              )
                          )
         Petitioner,      )
                          )
vs.                       )       CIVIL ACTION NO.
                          )       2:08-cv-203-MHT
                          )
GARY HETZEL, WARDEN , *et al.*,  )
                          )
         Respondents.     )

## ANSWER

Come now the Respondents and make answer to the petition as follows.

1. In 1997, Burton was convicted of rape and kidnapping both in the first degree. Pursuant to the version of the Habitual Felony Offender Act then in effect, Burton was sentenced to a mandatory life without parole following proof of his three prior felony convictions. Burton's convictions were affirmed on or about September 5, 1997. See Respondents' exhibit one being the Court of Criminal Appeals' memorandum opinion.

2. Burton subsequently filed a §2254 petition in this Court which this Court denied. Burton v. Mitchem, CV -No. 98-D-1224-N (MD Ala. Oct. 18, 2000). See Respondents' exhibit 2 being the Report and Recommendation.

3. In January 2006, Burton filed a renewed motion for reconsideration of his sentenced pursuant to Ala. Code §13A-5-9.1(2006), as interpreted by the Supreme Court of Alabama in <u>Kirby v. State</u>, 899 So. 2d 968 (Ala. 2004). The State filed response and the circuit court held a hearing after which the court determined that Burton was a violent offender and therefore it declined to resentence Burton. See exhibit 3 being the record on appeal from the denial of Burton's motion to reconsider his sentence.

4. On appeal from the denial of Burton's motion, the Court of Criminal Appeals rejected Burton's two claims, one of which was Burton's argument that he was entitled to a lawyer to represent him on his motion. <u>Burton v. State</u>, CR-06-1499 (Ala. Crim. App. Oct. 26, 2007). See Respondents' exhibit 4 being the memorandum opinion of the Court of Criminal Appeals affirming the denial of Burton's motion. The Court of Criminal Appeals relied on a previously decided case in which the court had determined that defendants were not entitled to legal representation to pursue motions to reconsider their sentences because the motion was not a "critical stage" of the criminal proceedings. See <u>Hastings v. State</u>, 938 So. 2d 974, 975 (Ala. Crim. App. 2005), <u>cert. denied</u> 938 So. 2d 974 (Ala. 2006). Burton filed a petition for a writ of certiorari and raised his argument that he was entitled to counsel. See Respondents' exhibit 5 being Burton's petition for a writ

2

of certiorari. Burton's petition for a writ of certiorari was denied on February 15, 2008. See Respondents' exhibit 6.

5. Based on the above procedural history, Respondents concede that Burton has exhausted his right to counsel claim.

6. Contrary to Burton's argument, a motion to reconsider a defendant's sentence pursuant to Ala. Code §13A-5-9.1 (2006), is a post-conviction proceeding to which the right to counsel does not attach. See, Pennsylvania v. Finley, 481 U.S. 551 (1987); Murray v. Giarratano, 492 U.S. 1 (1989). In Coleman v. Thompson, 501 U.S. 722, 755 (1991), reiterated that the right to counsel under the Sixth Amendment extends no further than the first right of appeal under state law. "These cases dictate the answer here. Given that a criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review, it would defy logic for us to hold that Coleman had a right to counsel to appeal a state collateral determination of his claims of trial error." Id. (emphasis added) A motion to reconsider a sentence pursuant to Ala. Code §13A-5-9.1 (2006), is a discretionary review of a defendant's sentence; the state court trial judge is not required to lower a defendant's sentence even if the defendant meets all of the state law requirements. Furthermore, the motion and proceedings thereon, as developed in the subsequent state case law, have none of the attributes of an original sentencing proceeding to which the right to counsel obviously

3

attaches.  For example, no hearing is required at which the defendant has a right to

be present as he does at an original sentencing hearing; the review can be based

solely on documents submitted by the parties, and only a narrow class of

defendants are even eligible to have their sentences reconsidered.  Holt v. State,

960 So. 2d  726, 738 (Ala. Crim. App. 2006), cert. quashed 960 So. 2d 740 (Ala.

2006).  In essence, the motion amounts to a plea for leniency from an otherwise

legal and final sentence.  See, Alexander v. Secretary, Department of Corrections,

et al., No. 06-1250, 2008 WL 926137 (11th Cir. April 8, 2008)(holding that both

Florida and Georgia's  post-conviction motions to reduce a legal sentence are not

motions that toll the statute of limitations under §2244).

7.  Furthermore, the Court of Criminal Appeals in Hastings held that a

motion to reconsider pursuant to Ala. Code §13A-5-9.1 is not a critical stage of

criminal proceedings to which the right to counsel would attach.  This

interpretation of state law is binding on this court.  Bradshaw v. Richey, 546 U. S.

74, 76, (2005); Estelle v. McGuire 502 U. S. 62, 67-68. (1991).

8.  In Hastings, supra, the Court of Criminal Appeals held that a defendant is

not constitutionality entitled to counsel to pursue a motion to reconsider a sentence

after reviewing the most pertinent Supreme Court precedents.  The Court of

Criminal Appeals relied on Hastings to reject Burton's claim that he had a right to

4

counsel. Thus, the Court of Criminal Appeals ruled on the merits of Burton's

claim.

> Title 28 U.S.C. § 2254(d)(1) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

Section 2254(d)(1) has been interpreted in several cases including Williams v.

Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000), Bell v. Cone, 535 U.S. 685, 122 S.

Ct. 1843 (2002), and Woodford v. Visciotti, 537 U.S. 19, 123 S. Ct. 357 (2002).

The test set out in Williams v. Taylor was summarized (in pertinent part) by the

Court as follows:

> Under §2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-413, 120 S. Ct. at 1523. Further, habeas relief cannot be granted if the habeas court merely believes the state court's decisions applied the controlling precedent "erroneously" or "incorrectly," id. at 412, 120 S. Ct. at 1523, because "relief is appropriate only if that application is also objectively unreasonable." Id. at 410-411, 120 S. Ct. at 1522; accord, Penry v. Johnson, 532 U.S. 782, 793, 121 S. Ct. 1910, 1918 (2001); Bell v. Cone, 535 U.S. 685, 694-697, 122 S. Ct. 1843, 1850-1852 (2002). The state court's decision need not cite to or even be aware of the controlling Supreme Court precedent as long as "neither the reasoning nor the result of the state-court decision contradicts them...." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365 (2002); Mitchell v. Esparza, 540 U.S. 12, 16, 124 S. Ct. 7, 11 (2003); Bell v. Cone, 543 U.S. 447, 455, 125 S. Ct. 847, 853 (2005).

Review of the State court decision is "highly deferential" and the state court decision is to be given the "benefit of the doubt" and the mere fact that the state court's opinion occasionally uses a short hand version of the correct standard does not amount to violation of the "contrary to" standard of § 2254(d)(1). Woodford v. Visciotti, 537 U.S. 19, 24-25, 123 S. Ct. 357, 360 (2002), quoting Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S. Ct. 2059, 2066 (1997).

Whether a state court's decision is unreasonable must be assessed in the light of the record the state court had before it at the time it made its decision. Yarborough v. Gentry, 540 U.S. 1, 5, 124 S. Ct. 1, 4 (2003); Holland v. Jackson,

542 U.S. 649, 653, 124 S. Ct. 2736, 2738 (2004); Miller-El v. Cockrell , 537 U.S.

322, 348, 123 S. Ct. 1029, 1045 (2003) (reasonableness of state court's findings of

fact assessed in the light of the record before court). Based on the fact that the

United States Supreme Court has not extended the right to counsel beyond first

appeal, the Court of Criminal Appeals decision is not "contrary to" or an

"unreasonable" application of law as determined by the Supreme Court. Carey v.

Musladin, 127 S. Ct. 649, 654 (2006)("Given the lack of holding from this Court

regarding the potentially prejudicial effect of spectators' courtroom conduct of the

kind involved her, it cannot be said that the state court 'unreasonabl[y] appli[ed]

clearly established Federal law."); Wright v. Van Patton, 128 S. Ct. 743, 747

(2008)(per curiam)(same quoting Carey v. Musladin); Kane v. Espitia, 126 S. Ct.

407 (2005) (per curiam)(same).

9. Burton's reliance on Mempa v. Rhay, 389 U. S. 128 (1967), is misplaced

because the facts in Mempa demonstrate that Mempa's formal sentencing hearing

had been deferred under Washington State procedure until Mempa had completed

two years of probation. Id. at 130. When Mempa did not successfully complete

his probation, and he was to be formally sentenced, Mempa was not appointed a

lawyer. The Supreme Court, under these facts, determined that Mempa was

entitled to a lawyer because Mempa's deferred sentencing hearing was a critical

stage to which the right to counsel attached. Unlike Mempa, Burton had a formal

7

sentencing hearing at which he was represented by counsel when he was first convicted of rape and kidnapping. Thus, <u>Mempa</u> is not controlling.

## CONCLUSION

This Court should deny Burton's §2241 petition because he has not Sixth Amendment to counsel to pursue a post-conviction motion to reconsider his sentence pursuant to Ala. Code §13A-5-9.1.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*

/s/P. David Bjurberg
P. David Bjurberg (BJU001)
*Assistant Attorney General*
Counsel for Respondents

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2008, I electronically filed the foregoing Answer and exhibits with the Clerk of the Court using the CM/ECF; and I hereby certify that I have mailed by United States Postal Service the foregoing (including exhibits) to the following non-CM/ECF participants to the address listed on the Department of Corrections' website:  Rodney Otis Burton, AIS #175034, Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, Alabama  35023.

/s/P. David Bjurberg
P. David Bjurberg (BJU001)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334)  242-7300
Fax:  (334)  242-2848
E-Mail:  DBjurberg@AGO.State.AL.US

632480/120248-001

# COURT OF CRIMINAL APPEALS

### STATE OF ALABAMA

### JUDICIAL BUILDING, 300 DEXTER AVENUE

### P. O. BOX 301555

## MONTGOMERY, ALABAMA 36130–1555



RELEASED

SEP 5 1997

CLERK
COURT CRIMINAL APPEALS

FRANCIS ALLEN LONG, SR.
Presiding Judge
H. WARD McMILLAN
SUE BELL COBB
JEAN WILLIAMS BROWN
PAMELA W. BASCHAB
Judges
John Patterson

Clerk's Office
(334) 242–4590

### MEMORANDUM

CR-96-1179        Montgomery Circuit Court No. CC-96-1047 & 96-1048

Rodney Otis Burton v. State

**Affirmed by Memorandum.** The judgment of the circuit court is affirmed. Burton appeals from his convictions for first degree kidnapping and first degree rape. Burton's sole issue on appeal is whether his mandatory sentence of life imprisonment without the possibility of parole pursuant to the Habitual Felony Offender Act is so disproportionate as to constitute cruel and unusual punishment. As the attorney general points out, this issue was not preserved for our review.

720564-001

**FILED**

OCT 1 8 2000

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RODNEY O. BURTON, #175034        )
                                )
        Petitioner,             )
                                )
    v.                          )        CIVIL ACTION NO. 98-D-1224-N
                                )
BILLY MITCHEM, *et al.*,          )
                                )
        Respondents.            )

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. In

this petition, Burton attacks his conviction in the Circuit Court of Montgomery County,

Alabama, for rape in the first degree and kidnapping in the first degree.

### PROCEDURAL HISTORY

Burton was indicted during the March, 1996, term of the Montgomery County

Grand Jury for first degree kidnapping and first degree rape in violation of §§ 13A-6-43

and 13A-6-61, respectively, *Code of Alabama*, 1975. The petitioner entered a plea of not

guilty on both indictments. Following a jury trial, the circuit court convicted the

petitioner of first degree kidnapping and first degree rape. He was sentenced to life

imprisonment without the possibility of parole pursuant to the Habitual Felony Offender

Act.

Burton appealed the convictions. On September 5, 1997, the Alabama Court of

Criminal Appeals affirmed the judgment of the circuit court. *Respondents' Exhibit 2,*

10

*Memorandum Opinion.* The sole issue raised by Burton on appeal was whether his mandatory sentence of life imprisonment without the possibility of parole pursuant to the Habitual Felony Offender Act was so disproportionate as to constitute cruel and unusual punishment. The appellate court found that the issue "was not preserved" for appellate review. *Id.* The petitioner did not file a petition for writ of certiorari to the Alabama Supreme Court.

Burton filed a petition for Habeas Corpus relief in this court. On June 4, 1998, the petition was dismissed without prejudice because the petitioner had failed to exhaust his state remedies.[1]

On August 20, 1997, Burton sought post-conviction relief pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, in the Montgomery County Circuit Court raising three issues: (1) the jury venire was not properly sworn prior to voir dire; (2) his arrest was illegal and consequently the state lacked jurisdiction to try him; and, (3) his counsel was ineffective for failing to argue that his arrest was illegal. The circuit court denied the Rule 32 petition finding that: (1) the venire issue was procedurally defaulted because it was not a jurisdictional claim and petitioner failed to raise it at trial or on direct appeal; (2) his illegal arrest claim was not a jurisdictional issue and was defaulted because he also failed to raise this issue at trial or on direct appeal; and, (3) his ineffective assistance

---

[1] *Burton v. Mitchem*, Civil Action No. 98-D-295 (M.D.Ala. 1998).

2

claim for failing to argue that his arrest was illegal was procedurally defaulted because, being represented by different counsel at trial and on appeal, he failed to raise the claim on direct appeal. *Respondents' Exhibit* 5, pp. 57-58. Burton appealed from the denial of his petition to the Alabama Court of Criminal Appeals. The appellate court affirmed the denial on October 2,1998. *Respondents' Exhibit* 6, *Memorandum Opinion.*

On October 29, 1998, Burton's petition for writ of habeas corpus was received in this court. In his federal petition he raises the same claims which he argued in his Rule 32 petition in the state courts:

1. The jury venire was not properly sworn prior to voir dire;

2. His arrest was illegal and consequently the state lacked jurisdiction to try and sentence him; and,

3. His counsel was ineffective for failing to argue that his arrest was illegal.

The petition is now before the court. The respondents have answered and filed the documents relevant to a disposition of the issues raised in this case. Upon review of the pleadings and supporting exhibits filed in the case, the court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts.*

3

## DISCUSSION

The petition for federal habeas relief raises the claims as stated above. In their answer and supplemental answers, the respondents assert that the petition is due to be dismissed because all claims raised by petitioner are procedurally defaulted. The court agrees with the respondents' assertion for the reasons set forth below.

## THE PROCEDURALLY DEFAULTED ISSUES

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). In *Wainwright v. Sykes*, 433 U.S. 72 (1977), the Court held that consideration of a claim in a petition for habeas corpus can be barred by failure to comply with state procedural rules, unless the petitioner makes a showing of cause for the failure and prejudice resulting from the failure. In *Harris v. Reed* 489 U.S. 255 (1989), the Court emphasized that a federal court has the responsibility to determine whether a state court in fact based its denial of relief on procedural grounds. Adopting the *Michigan v. Long*, 463 U.S. 1032 (1983), plain statement rule, the Court held that if a state court issues a "plain statement" that its decision rests on independent and adequate state grounds, a federal court should not address the merits of the federal claim. *Harris* 489 U.S. 255.

The petitioner's claims are procedurally defaulted under state court rules as issues which "should have been [but were not] raised on direct appeal," *Burton v. State,* Cr. 97-

4

1978 *Memorandum Opinion* (October 2, 1998), and would now be time barred. Where as

here, it is clear from state law that any future attempts at exhaustion would be futile,

federal courts may treat the unexhausted claims as procedurally defaulted. *Snowden v.*

*Singletary*, 135 F.3d 732,737 (11th Cir.1998); *Collier v. Jones* 910 F.2d 770 (11th Cir.

1990). Consequently, upon consideration of the record in this case, the court finds that all

of petitioner's claims set forth in his federal habeas petition (as stated more fully above),

are procedurally defaulted.

This court may consider the procedurally defaulted claims on the merits only if the

petitioner shows either (1) cause for the procedural default and actual prejudice arising

out of the violation of federal law, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), or (2) a

resulting fundamental miscarriage of justice if the federal court does not consider the

claims. *Schlup v. Delo*, 513 U.S. 298, 314, 115 S.Ct. 851, 864 (1995); *Murray v.*

*Carrier*, 477 U.S. 478, 496 (1986).

The court afforded the petitioner an opportunity to show cause for his procedural

defaults or to show that this court's failure to address his claims would result in a

fundamental miscarriage of justice. To establish cause excusing a procedural default, a

petitioner must show that the default resulted from an "objective factor external to the

defense that prevented the [petitioner] from raising the claim[s] and which cannot be

fairly attributable to his own conduct," *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

The petitioner re-argues that his claims are "jurisdictional" despite the fact that the

5

state courts have held to the contrary,[2] and further relies upon his ineffective assistance of counsel claim[3] and his lack of knowledge of "the laws of Alabama" as cause to excuse the default. *See Petitioner's Response of* December 15, 1999; see *also Petitioner's Habeas Petition* at 4.

Ineffective assistance of counsel will excuse a procedural default if the ineffective assistance claim itself is raised independently and properly. *See Murray v. Carrier,* 477 U.S. 478 (1986); *Footman v. Singletary,* 978 F.2d 1207 (11th Cir. 1992). However, the petitioner did not properly raise his ineffective assistance of counsel claim upon which he relies to excuse his procedural default in state court and the claims are procedurally defaulted. Procedurally defaulted ineffective assistance of counsel claims, which themselves do not meet the cause and prejudice standard, cannot serve as cause to excuse the procedural default of another substantive claim. *Edwards v. Carpenter,* _U.S._, 120 U.S. 1587 (2000); *Hill v. Jones* 81 F.3d 1015, 1030 (11th Cir. 1996). Neither will the petitioner's ignorance of the law serve to excuse his default. *McCoy v. Newsome,* 953 F2d. 1252, 1258 (11th Cir. 1992). The petitioner has not shown or even alleged that the meets the cause and prejudice standard for his ineffective counsel claim.

Accordingly, the petitioner has failed to establish cause and prejudice to excuse

---

[2] *See Respondents' Exhibit 6.*

[3] *See Traverse to Answer* at 5.

6

his procedural defaults. However, this court must still consider whether it should reach the merits of the petitioner's defaulted claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851 (1995).

The miscarriage of justice standard is directly linked to innocence. *Id.* at 864. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 861. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 496 (1986); *Schlup, supra.*

In the responses filed by petitioner to the assertions of procedural default, he fails to show or even allege his innocence. *Petitioner's Response of December 17, 1998.* The petitioner presents no evidence nor suggests that any exists which could satisfy the standard set forth in *Schlup.* Accordingly, petitioner fails to make the requisite showing under *Schlup* and his procedurally defaulted claims are foreclosed from federal habeas review.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed with prejudice.

7

It is further the RECOMMENDATION of the Magistrate Judge that the costs of this

proceeding be taxed against the petitioner.

    Done this _____ day of October, 2000.

                                     _____

                                     CHARLES S. COODY
                                     UNITED STATES MAGISTRATE JUDGE

8

CIVIL ACTION  NO. 98-D-1224-N

### ORDER

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve by mail a copy thereof on the parties to this action.  The parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing to them.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this ___ day of October,  2000.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

*109514*      *CR-06-1499*

*61A*

(For Court of Criminal Appeals Use Only)

**COURT OF CRIMINAL APPEALS NO.**                    CR 06-0484

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

**CIRCUIT COURT OF** _MONTGOMERY_ **COUNTY, ALABAMA**

**CIRCUIT COURT NO** CC 96-1047 & CC 96-1048

**CIRCUIT JUDGE** CHARLES PRICE

Type of Conviction/ Order Appealed From:    DENIAL OF KIRBY MOTION

Sentence Imposed:

Defendant Indigent:    ☑ YES    ☐ NO

### RODNEY BURTON

**NAME OF APPELLANT**

PRO SE                    AIS# 175034

(Appellant's Attorney)                    (Telephone No.)

100 WARRIOR LANE

(Address)

BESSEMER            AL            35023

(City)            (State)            (Zip Code)

### V.
### STATE OF ALABAMA

**NAME OF APPELLEE**

(State represented by Attorney General)

NOTE: If municipal appeal, Indicate above, and enter

name and address of municipal attorney below.

# INDEX
## CLERK'S RECORD

CASE ACTION SUMMARY.................................................................... 1-2

RENEWED MOTION FOR HEARING TO HAVE SENTENCE REVIEWED
PER 13A-5-9.1, CODE OF ALA......................................................... 3-46

INMATE LETTERS TO THE JUDGE......................................................... 47-49

MOTION FOR HEARING IN 13A-5-9.1 MOTION FOR RECONSIDERATION
OF SENTENCE ON ISSUANCE OF WRIT OF MANDAMUS FROM CRIMINAL
COURT OF APPEALS........................................................................ 50-53

MOTION FOR APPOINTMENT OF COUNSEL IN 13A-5-9.1 PROCEEDINGS.... 54-55

MOTION TO TRANSPORT FOR HEARING ON 13A-5-9.1 MOTION FOR
RECONSIDERATION OF SENTENCE....................................................... 56-57

AFFIDAVIT OF SUBSTANTIAL HARDSHIP............................................... 58-59

ORDER TO TRANSFER MOTION FOR SENTENCEMODIFICATION TO
JUDGE PRICE.................................................................................. 60

MOTION FOR APPOINTMENT OF COUNSEL............................................ 61-65

MOTION FOR DEFENDANT'S PRISON RECORDS & MOTION FOR
ENLARGEMENT OF TIME.................................................................... 66-68

MOTION TO SUPPLEMENT 13A-5-9.1 MOTION FOR RECONSIDERATION
OF SENTENCE WITH AFFIDAVIT FROM VICTIM IN FAVOR OF A
REDUCED SENTENCE........................................................................ 69-71

ORDER TO TRANSFER MOTION FOR SENTENCE MODIFICATION TO
JUDGE PRICE.................................................................................. 72

RESPONSE TO ORDER........................................................................ 73-90

STATE'S RESPONSE TO MOTION FOR RECONSIDERATION OF SENTENCE
& MOTION TO DISMISS..................................................................... 91-93

MOTION TO MOVE FORWARD WITH 13A-5-9.1 PROCEEDING BASED ON
FAILURE TO TIMELY PROVIDE EVALUATION BY THE DEPARTMENT OF
CORRECTIONS.................................................................................. 94-96

INMATE LETTER TO THE JUDGE........................................................... 97-100

ORDER GRANTING STATE'S MOTION FOR DEFENDANT'S PRISON
RECORDS....................................................................................... 101

ORDER GRANTING STATE'S MOTION FOR ENLARGEMENT OF TIME......... 102

ORDER DENYING DEFENDANT'S MOTION SEEKING RECONSIDERATION
OF SENTENCE.................................................................. 103-104

WRITTEN NOTICE OF APPEAL............................................. 105-106

REPORTER'S TRANSCRIPT ORDER........................................ 107

DOCKETING STATEMENT.................................................. 108-109

CLERK'S NOTICE OF APPEAL.............................................. 110-113

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY | Case Number |
|---|---|---|
| Form C-7          Rev 2/79 | CONTINUATION | CC - 96 - 1047 |

Style:

STATE V. RODNEY BURTON          Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 4/6/07 | Petitioner appeared for hearing upon Motion to reconsider Sentence pursuant to Ala. Code 13A-5-9.1, and Kirby v State. Testimony Aable — from Carter |
| 4/10/07 | Petitioner's Motion to reconsider sentence denied. See order in file. |
| 5/17/07 | Notice of appeal w/ forms |
| 5/30/07 | Clerk's Notice of Appeal to Crim Appls, AG, DA, Court Reporters & Def. CR 06-0484 |

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY CONTINUATION | Case Number |
|---|---|---|
| Form C-7     Rev 2/79 | | CC-96-1048 |

Style:

STATE V. RODNEY BURTON          Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 4/6/07 | Petitioner appeared for hearing upon Motion to reconsider sentence pursuant to Ala. Code 13A-5-9.1 and Kirby v. State. Testimony taken from parties. |
| 4/10/07 | Petitioner's Motion to reconsider sentence denied. See order in file. |
| 5/17/07 | Notice of Appeal w/ forms |
| 5/30/07 | Clerk's Notice of Appeal to Crim Appls, AG, DA, Court Reporter's & Def. CR 06-0484 |

IN THE CIRCUIT CRIMINAL COURT OF MONTGOMERY
COUNTY, ALABAMA

RODNEY OTIS BURTON            *

VS.                          *   CASE NO. CC 96-1047

STATE OF ALABAMA,            *            CC 96-1048

RESPONDENT,                  *

                             *

                             *

RENEWED
MOTION FOR HEARING TO HAVE SENTENCE
REVIEWED PER 13A-5-9.1, CODE OF ALA.

COMES NOW YOUR PETITIONER IN THE ABOVE-
STYLED CAUSE AND PURSUANT TO 13A-5-9.1, CODE
OF ALA., AND MOVES THIS COURT FOR A HEAR-
ING TO HAVE HIS SENTENCE REVIEWED AND
REDUCED. ATTACHED HERETO IS THE STATE-
MENT OF THE CASE AND ARGUMENT IN SUP-
PORT OF THIS REQUEST.

RESPECTFULLY SUBMITTED,        JANUARY 18, 2006

X _Rodney O. Burton_

RODNEY OTIS BURTON #175034
100 WARRIOR LANE, B-100
BESSEMER, AL 35023-7299

## STATEMENT OF ISSUES PRESENTED

I. Newly discovered material facts exist which require that the conviction or sentence be vacated by the court based upon:

(1.) Newly discovered documentation that shows the circuit courts of Alabama have been reducing sentences pursuant to 13A-5-9.1, *Code of Ala.*, **even when the underlying convictions were violent in nature.** The circuit courts have been applying the three-prong test of *Ex parte Kirby*, 2004 WL 1909345 at *6 (Ala.), to determine whether or not the petitioners were violent or non-violent. The nature of the underlying conviction is just one factor to consider under this test.

II. Alternatively, should this court find the petitioner is a violent offender after applying the three-prong test of *Kirby*, in that case the constitution of the United States or of the state of Alabama requires a new trial, a new sentence proceeding or other relief based upon:

(1.) 13A-5-9.1 in its entirety or that portion which precludes relief to violent offenders is due to be held unconstitutional and in violation of Section 1 of the 14th Amendment of the United States Constitution, which guarantees equal protection of the law, in that it allows the 2000 amendment to 13A-5-9, the Habitual Felony Offender Act (HFOA), to apply retroactively to non-violent offenders only, yet prospectively to both violent and non-violent offenders alike.

III. Alternatively, should this court find 13A-5-9.1 to be constitutional, then the constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding or other relief based upon:

(1.) Whether the petitioner's guarantee of equal protection of the law has been violated because while this court denied relief under 13A-5-9.1, other similarly convicted defendants have been granted relief.

## STATEMENT OF THE CASE AND FACTS

On or about ___3-19-97___, petitioner was convicted or adjudicated guilty for the offense(s) of ___KIDNAPPING I , RAPE I___ in the circuit court of ___MONTGOMERY___ county, Alabama. He was subsequently sentenced to ___LIFE W/O PAROLE___ under the mandatory provisions of the HFOA as a convicted defendant with at least three prior felony convictions. On or about ___12-13-04, 2-13-05___, petitioner filed a motion for sentence review and reduction [1] pursuant to 13A-5-9.1, *Code of Ala. Alabama caselaw shows this court cannot deny that motion solely on the basis that the nature of the underlying conviction is violent and thus precludes him from relief.* On ___JANUARY 13 2006___,

1 — THOSE MOTIONS ARE STILL PENDING DISPOSITION BY THIS COURT.

the petitioner discovered documentation which shows that the circuit courts of Alabama have discretion to and in fact have been granting relief under 13A-5-9.1, **even when the nature of the underlying convictions was violent.** Attached hereto for this court's inspection are copies of court documents and a list of other similar cases in which defendants convicted of violent crimes have been granted relief. (See exhibits A,B,C,D). This information was given to the petitioner by another inmate on the date above.

## PROCEDURAL HISTORY OF 13A-5-9.1

In 2000, the Legislature amended 13A-5-9, the HFOA, to allow a defendant who had been convicted of a Class A felony, who had at least three prior felony convictions -- none of which was a Class A felony, to be sentenced to life or life without parole in the discretion of the trial court. The HFOA was also amended to allow a defendant convicted of a Class B felony and sentenced to life under the mandatory provisions of the HFOA to be sentenced from 20 years to life. In 2001, the Legislature passed Act No. 2001-977, which made the 2000 amendment retroactive to convicted defendants whom the trial courts would deem " non-violent offenders". However, the actual application of the 2001 act was tangled up in administrative red tape for more than three years. On August 27, 2004, the Alabama Supreme Court released *Ex parte Kirby*, 2004 WL 1909345 (Ala.), in which it held "[n]o basis exists for further delay of the retroactive application of the 2000 amendment to []13A-5-9 to allow trial courts to modify the sentences of those eligible inmates formerly sentenced under the HFOA before its amendment." at *7. This petition followed.

## ARGUMENT

**I. Newly discovered material facts exist which require that the conviction or sentence be vacated by the court based upon:**

**(1.) Newly discovered documentation that shows the circuit courts of Alabama have been reducing sentences pursuant to 13A-5-9.1, *Code of Ala.*, even when the underlying convictions were violent in nature. The circuit courts have been applying the three-prong test of *Ex parte Kirby*, 2004 WL 1909345 at *6 (Ala.), to determine whether or not the petitioners were violent or non-violent. The nature of the underlying conviction is just one factor to consider under this test.**

Attached hereto are documents that show the circuit courts of this state have granted relief under 13A-5-9.1 to defendants convicted of first degree robbery, a violent offense. (See exhibits A,B,C). Also attached is a list of other cases in which defendants who were convicted of first degree robberies and other violent

offenses have been granted relief under 13A-5-9.1.(See exhibit D). This court cannot deny petitioner's motion for sentence review and reduction solely based upon the fact that the nature of the underlying conviction is violent, and that fact automatically precludes him from relief. However, this court must review the other two prongs of the *Kirby* test: other factors submitted in the record of the case and information submitted by the DOC and parole board concerning petitioner's behavior while incarcerated. Based upon this new evidence, this court must consider petitioner's request for sentence review and reduction by applying the three-prong test of *Kirby* as set forth below. (see page 7 *).

1. Petitioner was sentenced under the HFOA before the 2000 amendment and otherwise fits the criteria as outlined in *Kirby,* supra, at * 6 :

" Reading [] 13A-5-9 in conjunction with [] 13A-5-9.1, it is clear that a sentencing judge or a presiding judge can only resentence two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony. Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders."

The only question this court has left to determine is whether the petitioner can be considered a **non-violent offender.** (* see Footnotes, p.7).

2. The *Kirby* decision outlined a three-prong review which must be used by a trial court in determining whether a convicted defendant is a nonviolent offender. This court must consider: (1) The nature of the underlying conviction, (2) Other factors in the record of the case which are brought to this court's attention, and (3) Information submitted by the DOC and the Parole Board. at * 6.

3. The implication in *Kirby* is that, while a petitioner's underlying conviction might contain some element of violence -- and which Class A felony does not contain an element of force, threat of force, injury, or use of a deadly weapon -- when that element of violence is combined with the other two prongs ( other factors and DOC & Parole Board information ), the petitioned court might conclude that the convicted defendant is **no longer to be considered a violent offender.**

4. 13A-5-9.1 does not specify which offenses are to be considered violent, and the Supreme Court, in interpreting 13A-5-9.1, has not prohibited the granting of relief to inmates convicted of any specific offenses. In fact, the *Kirby* court gave **full**

discretion to the trial judges to make that determination. at * 6. The Court of Appeals is bound by *Kirby* and has recently held:

> " As long as the circuit court has jurisdiction to rule on a [] 13A-5-9.1 motion; reviews any such motion that is properly filed before it by an inmate who is eligible for reconsideration; and, if it chooses to resentence a petitioner, imposes a sentence that is authorized by [] 13A-5-9(c)(2) or 13A-5-9(c)(3), Ala. Code 1975, we will not second-guess that court's discretionary decision. "

*Prestwood v. State,* [Ms. CR-04-0366, Feb. 25, 2005] (Ala.Cr.App.2005). (emphasis added).

## THIS COURT'S DUTY UPON CONSIDERING MOTION

1. This court must order the DOC to submit an inmate evaluation on the petitioner to be submitted by the scheduled hearing date. It is only if the DOC fails to provide the evaluation in a timely fashion that this court may consider the motion without said evaluation. *Kirby,* supra, at * 6.

2. Since the petitioner meets all the other criteria for eligibility, this court must set a date for a formal hearing at which it shall apply the three-prong review of *Kirby* above to determine if the petitioner is now considered a nonviolent offender. At said hearing, the petitioner and the state will have the opportunity to present "other factors in the record of the case" ,*Kirby,* at * 6, and the information submitted by the DOC and the Parole Board concerning the petitioner's behavior while incarcerated will also be reviewed.

3. There is no other option to sufficiently comply with the three-prong review directive of the Supreme Court, except by a formal hearing.

**II. Alternatively, should this court find the petitioner is a violent offender after applying the three-prong test of *Kirby*, in that case the constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding or other relief based upon:**

(1.) 13A-5-9.1 in its entirety or that portion which precludes relief to violent offenders is due to be held unconstitutional and in violation of Section 1 of the 14th Amendment of the United States Constitution, which guarantees equal protection of the law, in that it allows the 2000 amendment to 13A-5-9, the Habitual Felony Offender Act (HFOA), to apply retroactively to non-violent offenders only, yet prospectively to both violent and non-violent offenders alike.

Section 1 of the 14th amendment of the United States Constitution reads as follows:

> " All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the **equal protection of the laws.**"

(emphasis added).

13A-5-9.1 is unconstitutional because it does not provide equal protection of the laws. 13A-5-9.1 allows for the retroactive application of the 2000 amendment to the HFOA; however, it limits the reach of that amendment to non-violent offenders only. Prospectively, however, the 2000 amendment applies to both nonviolent and violent offenders alike. If the petitioner had been convicted of this crime after the 2000 amendment instead of prior to it, then this court would not have to determine whether or not he was violent or nonviolent, this court could use its discretion in sentencing. But, since he was convicted prior to the 2000 amendment, this court can only resentence him if it determines that he is a nonviolent offender. Thus, 13A-5-9.1 does not provide equal protection of the HFOA retroactively, as it does prospectively, to violent offenders and is unconstitutional.

In reviewing an act of the legislature under constitutional attack, the Alabama Supreme Court stated:

> " 'In reviewing [a question regarding] the constitutionality of a statute, we approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government.
>
> "...
>
> " 'All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act **unless it is clear beyond reasonable doubt that it is violative of the fundamental law.**' "

*Monroe v. Harco, Inc.*, 762 So.2d 828, 831 (Ala.2000) (emphasis added).

5

Because 13A-5-9.1 clearly violates the equal protection rights guaranteed by the 14th amendment, since it does not provide equal protection to violent offenders retroactively as it does prospectively, this court should hold 13A-5-9.1 in its entirety or that portion which precludes relief to violent offenders unconstitutional and\or should grant the petitioner the requested relief.

**III. Alternatively, should this court find 13A-5-9.1 to be constitutional, then the constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding or other relief based upon:**

**(1.) Whether this court denied petitioner's guarantee of equal protection under the 14th amendment because while this court denied him relief under 13A-5-9.1, other similarly convicted defendants in Alabama have been granted relief.**

Using the factual basis already established above, and based upon the attached exhibits showing the granting of relief to defendants convicted of similar violent crimes, this court must either resentence the petitioner, making him eligible for parole **at the discretion of the parole board**, *Kirby*, supra at *5-6, or enter an adequate explanation to show how the petitioner's case is substantially different from the attached documented cases, which difference motivated this court to deny relief. Otherwise, the doctrine of **stare decisis** should apply because the petitioner's case is substantially similar to those cases which have been granted relief.

The 11th Circuit remanded a similar case for an evidentiary hearing. In that case, the petitioners were sentenced under the mandatory provisions of the HFOA, and they demonstrated that other similarly eligible convicted defendants were not, therefore they presented sufficient facts to create a reasonable doubt concerning the motive behind the court not pursuing sentencing under the mandatory provisions of the HFOA for those similarly eligible convicted defendants to warrant an evidentiary hearing on the issue of selective prosecution. See *Jones v. White*, 992 F.2d 1548 reh. denied 3 F.3d 444 (11th Circuit, 1993).

## CONCLUSION

Because the issues argued above involve new evidence that was presented within six months of its discovery, this petition is not precluded by the limitations period in Rule 32.2(c), *A.R.Cr.P.* Because the evidence was not discovered in time to present it in any previously filed petition, and not to entertain the claims above would result in a miscarriage of justice, this petition is not precluded by the successive petition rule of 32.2(b). Likewise, the claims could not have been

raised at trial or on appeal, and are not subject to the other preclusions of Rule 32.2(a).

> " Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., **he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.**"

*Borden v. State,* 891 So.2d 393, 2002 WL 442147 at p.3 (Ala.Cr.App. 2002). (emphasis added). Because this claim is not subject to summary disposition, petitioner requests an evidentiary hearing in order to present evidence to satisfy his burden of proving he is entitled to the requested relief and\or any other relief due.

---

* FOOTNOTES

1. THE FACT THAT BURTON'S UNDERLYING CON-VICTIONS OF FIRST DEGREE KIDNAPPING AND FIRST DEGREE RAPE ARE DEFINED AS CRIMES OF VIOLENCE BY STATUTE DOES NOT PRECLUDE THIS COURT FROM FULLY REVIEWING THIS REQUEST AND/ OR FROM GRANTING RELIEF.

2. ON DECEMBER 23, 2005, IN <u>HOLT V. STATE</u>, 2005 WL 3507967 (ALA. Cr. App. 2005), THE COURT RECOGNIZED THAT BOTH KIDNAPPING AND RAPE ARE STATUTORILY DEFINED AS CRIMES OF VIO-LENCE BUT HELD:

    " THEREFORE, THE FACT THAT A CRIME IS DEFINED AS A 'VIOLENT OFFENSE' UNDER 13A-11-70 AND/OR 12-25-32, ALTHOUGH CERTAINLY A RELEVANT AND

7

APPROPRIATE CONSIDERATION, IS NOT BINDING ON A CIRCUIT COURT IN DETERMINING WHETHER AN IN- MATE IS A 'NONVIOLENT CONVICT- ED OFFENDER' WITHIN THE MEAN- ING OF 13A-5-9.1."

at *7 (EMPHASIS ADDED).

3. THE HOLT COURT FURTHER HELD:

"THE FACT THAT THE INMATE'S UNDERLYING CONVICTION WAS FOR AN OFFENSE STATUTORILY DEFINED AS A 'VIOLENT OFFENSE' DOES NOT PRECLUDE A CIRCUIT COURT FROM CONSIDERING OTHER FACTORS PRE- SENTED TO IT, SUCH AS THE FACTS AND CIRCUMSTANCES SURROUNDING THE UNDERLYING OFFENSE, THE FACTS AND CIRCUMSTANCES SUR- ROUNDING THE INMATE'S PRIOR CONVICTIONS, THE INMATE'S PRI- SON RECORD, AND ANY 'OTHER FACTORS BROUGHT BEFORE THE JUDGE IN THE RECORD OF THE CASE,'"

(EMPHASIS ADDED) at * 8.

4. FACTS AND CIRCUMSTANCES SURROUNDING UNDERLYING OFFENSE:

THE VICTIM IN THIS CASE, KATRINA SMITH ("SMITH"), WAS VISITING THE HOME OF BURTON AND HIS GIRLFRIEND, RHONDA SMITH, FOR SEVERAL WEEKS OVER THE SUMMER. ONE DAY BURTON AND HIS GIRLFRIEND GOT INTO AN ARGUMENT, AND THE GIRLFRIEND TOLD SMITH TO PACK HER AND HER 3 CHILDREN SOME CLOTHES. THE GIRLFRIEND THEN WENT TO A NEIGHBOR'S APARTMENT. SMITH GOT THE CLOTHES AND TRIED TO LEAVE WHEN BURTON CONFRONTED HER, GRABBED THE CLOTHES, AND MADE SMITH GET INTO HIS CAR. BURTON WAS TAKING SMITH TO HER GRANDMOTHER'S HOUSE TO KEEP HER OUT OF THE ARGUMENT. ALONG THE DRIVE BURTON AND SMITH ENGAGED IN SEXUAL INTERCOURSE.

SMITH'S GRANDMOTHER GOT INVOLVED AND FILED WARRANTS AGAINST BURTON. BECAUSE OF PRESSURE FROM HER FAMILY, SMITH

9

TESTIFIED AGAINST BURTON, AND HE WAS CONVICTED AND SENTENCED TO LIFE WITHOUT PAROLE. THERE WAS ALSO TESTIMONY FROM SMITH THAT BURTON HAD A KNIFE, WHICH SMITH CLAIMED SHE THREW OUT OF THE CAR WINDOW. POLICE DID FIND A STEAK KNIFE IN BURTON'S CAR, WHICH BURTON HAD BEEN USING EARLIER IN THE DAY TO SKIN WIRING ON A CAR STEREO HE WAS INSTALLING IN HIS CAR.

THE FACTS AND CIRCUMSTANCES OF THE UNDERLYING CONVICTIONS SHOW THAT IT WAS MERELY A DOMESTIC DISPUTE, A LOVE TRIANGLE BETWEEN BURTON, SMITH, AND THE GIRLFRIEND, AND FAMILY PRESSURES THAT CAUSED THE SITUATION TO BE BLOWN OUT OF PROPORTION.

BURTON STAYS IN CONTACT WITH BOTH THE VICTIM -- KATRINA SMITH -- AND THE GIRLFRIEND -- RHONDA SMITH, BOTH OF WHOM ARE WILLING TO TESTIFY TO THIS COURT THAT THEY HAVE NO OBJECTION TO THIS COURT REDUCING BURTON'S SENTENCES.

5. PRIOR CONVICTIONS:

BURTON HAS THREE PRIOR NONVIOLENT CONVICTIONS, ALL OF WHICH ARE FROM MONTGOMERY COUNTY:

(1) FORGERY II, CC 86-1762
(2) ESCAPE II, CC 93-1512
(3) POSSESSION OF COCAINE, CC 93-351

THE FACTS AND CIRCUMSTANCES OF BURTON'S PRIOR CONVICTIONS PROVE THAT HE DOES NOT HAVE A PROPENSITY TOWARD ACTS OF A VIOLENT OR SEXUAL NATURE.

6. OTHER FACTORS:

(1) ATTACHED HERETO AS EXHIBITS E-X ARE DOCUMENTS RELATING TO BURTON'S CONTINUING PROGRESS TOWARD REHABILITATION.

(2) BURTON FURTHER REQUESTS THAT THIS COURT ORDER THE DOC TO SUBMIT A COPY OF HIS PRISON RECORD, SAID RECORD SHOWS BURTON HAS RECEIVED NO BEHAVIORAL DISCIPLINARIES.

11

(3) BURTON REQUESTS A FORMAL HEARING AT WHICH TESTIMONY MAY BE RECEIVED FROM THE VICTIM AND THE GIRLFRIEND IN THIS CASE.

THE ABOVE FACTORS PROVE AND WILL PROVE THAT BURTON DOES NOT HAVE A PROPENSITY FOR ACTS OF VIOLENCE OR A SEXUAL NATURE.

7, _HOLT_, at #8, STATES:

"[A CIRCUIT COURT] MAY NOT REFUSE TO CONSIDER ALL OF THE FACTORS PRESENTED TO IT BY EITHER PARTY."

12

EXHIBIT "2"

| State of Alabama<br>Unified Jud. System<br>Adm. Office of Cts.<br>Form C-6AJ 8/77 | **CASE ACTION SUMMARY**<br>**CRIMINAL**<br>**(Special Purpose)** | | Case Number<br>CC 85 0667<br>ID   YR   Number |
|---|---|---|---|
| IN THE CIRCUIT COURT OF JEFFERSON COUNTY | | | ORI Number |
| Grand Jury No. 95779 | Lower Court Case # | ☒ JURY   ☐ NONJURY | 0010251 |

| PARTIES | ACTION | SHERIFF'S RETURN |
|---|---|---|
| State of Alabama | | |
| vs. | Indictment—Affidavit | 3/8/85 Jailed |
| Edward Fugene Penn @ Elwood Larry Moose @ Wimwood Penn @ Kenneth Williams @ Edward Kizzard @ Edward Penn | Charge<br>Rob 1 | |
| | | |
| | | |
| | | Originally Filmed On<br>Roll 6   Frame 61 |
| Date Filed: 3/12/85 | | |

| DEFENSE ATTORNEY | Date Set for Hearing: | | |
|---|---|---|---|
| Don Colee   1039<br>1692 | DISTRICT ATTORNEY | DEF. LOCATION<br>9M Mugs<br>Trial →<br>4-1-85<br>J. Lewis | OTHER CASES ON DEFENDANT<br>83-1782 & R<br>84-3537 |
| ☒ Male<br>☒ Black   ☐ Female   ☐ DOB 8-15-52<br>☐ White   ☐ Other | | SSAN | STATE ID NO. 31278/43763   COUNTY ID NO. |

| DATE | ACTIONS AND CASE NOTES |
|---|---|
| MAR 12 1985 | This case assigned to Judge Garrett |
| | Set for Pretrial Hearing before Judge Garrett<br>on 4/5 at 1:30 O'Clock |
| | Case set for Pretrial and<br>Department of Corrections and Institu-<br>tions ordered to have Def.<br>by 4/5/85 in court<br>Garrett (ID-)<br>Judge |
| 3-28-85 | Order back issued |

Court Record (White)

EXHIBIT
A

State of Alabama
Unified Judicial System
Form C-7 Rev. 2/79

**CASE ACTION SUMMARY**
**CONTINUATION**

Case Number
CC-85-00161
ID   YR   Number

Style:

DATE

Page Number 4 of Pages

ACTIONS, JUDGMENTS, CASE NOTES

~~it returned with the jury~~
The defendant is ADJUDGED GUILTY
~~as charged in the indictment.~~

_____ Circuit Judge

The defendant being called before the Court for sentence
and asked whether he has anything to say as to why
sentence should not be pronounced against him says
"NO SIR" it is the judgment
and sentence of the Court that the defendant be imprisoned
in the penitentiary for a term of _life without parole_
and it is hereby ordered that the defendant be credited
with all of his actual time spent incarcerated in the Jeffer-
son County Jail pending trial of this cause unless he was
serving time for another offense.

_____ Judge

*I am not guilty; it's better to get him*
*receive sentence will*
*be the same year broke —*
*Def. has this*
*or more prior*
*felony convictions*

Defendant gives notice of appeal. Defendant is
found to be indigent. A free transcript is hereby
ordered according to law and the Hon. _____
_____ is appointed to represent
defendant on appeal. Appeal bond is set in the
amount of _No Bond_

_____ Judge

9-11-85   Ten Days   Recorded

Minute Volume 209   259

10-7-85   Meats Notified   Page 260

1-5-85   Transcript mailed to Meats

1-16-86   Affirmed —

5/5/87   Petition for writ of Habeas Corpus hearing set
for 6-19-87 9 Am ind _____

A.I.S. 112 629 X

| State of Alabama<br>Unified Judicial System | CASE ACTION SUMMARY | Case Number |
| Form C-7      Rev 2/79 | CONTINUATION | cc 85 667 |

Style:

Al. vs. Edward Penn
        Eugene

| DATE | ACTIONS, JUDGMENTS, CASE NOTES    Page Number ____ of ____ Pages |

6/3/05    Sentence of 9/10/85 +
order of 3/3/05 amended
as follows: Subject is
Sentenced to a LIFE
Term, thus is eligible
for parole consideration at
the discretion of the Bd. of
Pardon + Parole

Clerk to file an amended T/C
with D.O.C.

                    J. Hard

c.c. Cynthia Dillard
        Pardons + Parole

10-7-05   Penfrom



ALABAMA JUDICIAL INFORMATION CENTER
CASE ACTION SUMMARY
CIRCUIT CRIMINAL
CASE CC 92 004283 00

IN THE CIRCUIT COURT OF JEFFERSON COUNTY

STATE OF ALABAMA                    VS        HENRY JAMES EDWARD        JUDGE JHH
CASE CC 92 004283 00                          1113 22ND AVE NO
                                              BHAM                     AL 352004-0000
DOB 02/01/55  RACE B  SEX M  HT 511  WT 155  HR BLK  EYE BRO
SSN 415755079  ALIAS NAMES HALL RONALD

CHARGE 1 ROBBERY 1ST DEGREE
CHARGE 2                              CODE1 ROB1   1T ROBBER 1        TYPE 1
CHARGE 3                              CODE2 0000                     TYPE 0
MORE?            OFFENSE DATE 05/16/92 CODE3 0000                     TYPE 0
                                      AGENCY/OFFICER BPD
DATE WAR/CAP ISS
DATE INDICTED 09/04/92               DATE ARRESTED 05/27/92
DATE RELEASED                        DATE FILED 09/11/92
BOND AMOUNT $10,000.00               DATE HEARING
                                     SURETIES PROPERTY
DATE         DESC 0000       TIME 0000
DATE         DESC 0000       TIME 0000
DEPUTY/TRIAL ATTY GEORGE             TYPE A
PROSECUTOR BARBER M DAVID                                             TYPE
DC CASE 92004142 00         CHK TICKET NO
COURT REPORTER              SID NO 10322                    GRAND JURY
DEFENDANT STATUS BOND                                       OPID DTC

DATE      ACTIONS, JUDGMENTS, CASE NOTES

Pre-trial hearing before
    Hard on 10-30-92 at 1:00

                                     Plea of not guilty and
                                     waiver of arraignment
                                     filed in open court

Set for Trial before Judge Hard
    on              at        O'Clock

EXHIBIT
B

State of Alabama
Unified Judicial System
Form C-74 Rev. 1/79

## CASE ACTION SUMMARY
### CONTINUATION

Case Number

Style:

Ct. Reporter   ENOCH            JURY VERDICT            Page Number        of       Page

DATE

ACTIONS, JUDGMENTS, CASE NOTES

Defendant heretofore having been arraigned upon an indictment on a charge

4-23-93   of ROBBERY FIRST DEGREE and heretofore having plead not guilty

thereto, issue joined on said plea. Thereupon comes a jury of good and

lawful men, to-wit, JOSE PERRY                  and eleven others who

being duly empanelled, sworn and charged by the Court according to law upon

whom the trial of this cause was entered upon and continued from day to day

and from time to time, said Defendant JAMES EDWARD HENRY being in

open court at each and every stage and during all the proceedings in this

cause, now on this the 23 day of APRIL                   19 93

said jurors upon their oaths do say:

We, the jury, find the defendant JAMES EDWARD HENRY of

ROBBERY FIRST DEGREE as charged in the indictment.

JOSE PERRY
Foreperson.

In accordance with the jury verdict the defendant is adjudged

GUILTY                  as charged in the indictment.

Circuit Judge.

SENTENCING SET FOR 4-29-93 @ 8:00 PM

**State of Alabama**
**Unified Judicial System**

**CASE ACTION SUMMARY**
**CONTINUATION**

Case Number

Page Number

ACTIONS, JUDGMENTS, CASE NOTES

The defendant being called before the Court for sentence
and asked whether he has anything to say as to why sentence
should not be pronounced against him says _____
_____ judgment and sentence of the Court that the
defendant be imprisoned in the penitentiary for a term of _____ _____
_____ and it is hereby ordered that the defendant
be credited with all of his actual time spent incarcerated in
the Jefferson County Jail pending trial of this cause unless
he was serving time for another offense.

_____, Judge

Defendant gives notice of appeal. Defendant is
found to be indigent. A free transcript is hereby
ordered according to law and the Hon. _____
_____ is appointed to represent
defendant on appeal. Appeal bond is set in the
amount _____

_____ Judge

A I S
110 278

ACRO369   A L A B A M A    J U D I C I A L    I N F O R M A T I O N    C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1992 004233.00
JUDGE ID: JHH

STATE OF ALABAMA                    VS    HENRY JAMES EDWARD

| DATE | ACTION, JUDGMENTS, CASE NOTES | Originally Filmed On |
|------|-------------------------------|---------------------|
| | | Roll 35 Frame 2 |

9-10-04   Motion For Reconsideration of Sentence

9/30/04   Pass to 1/7/05
          JHH

3/9/05    Motion for Reconsideration is
          Granted — Sentence of
          4/29/93 is amended as follows:
          It is the judgment & sentence of
          the Court that the def. be
          imprisoned in the penitentiary
          for a LIFE term,
          this Def is eligible for
          Parole consideration

          g. Hard

          Clerk to forward DOC
          an amended T/C

          J. Hard 3/9

EXHIBIT

STATE OF ALABAMA    JUDICIAL INFORMATION CENTER

CCH
3/11/96

CASE ACTION SUMMARY
CIRCUIT  CRIMINAL

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY                    CASE: CC 95 000670.00
STATE OF ALABAMA
                                    VS                BRATTON JOHN ALLEN
CASE: CC 95 000670.00                                 517 REDFERN STREET          JUDGE: JHE

COPY                                                  HOMEWOOD AL 38042-0007

DOB: 08/17/49  RACE: W  SEX: M      HT: 9-00   WT: 000   HR: BROWN   EYE: BROWN
SSN: 419640816    ALIAS NAMES:          5/04       220

CHARGE1: ROBBERY 1ST
CHARGE2:                                              CODE1: ROB1 LIT: ROBBERY 1     TYPE: F
CHARGE3:                                              CODE2:                         TYPE:
MORE?:        OFFENSE DATE: 02/03/95                  CODE3:                         TYPE:
                                          AGENCY/OFFICER: TCSO    LIPSEY
DATE WAR/CAP ISS:
DATE   INDICTED: 05/26/95               DATE ARRESTED: 03/03/95
DATE   RELEASED: 03/03/95               DATE  FILED: 05/26/95
       BOND AMOUNT:    $20,000.00       DATE  HEARING:
DATE 1:                                               SURETIES: PROPERTY
DATE 2:           DESC: 0000        TIME: 0000
          6/5/96  DESC: 0000        TIME: 0000
DEF/ATY:  CORNWELL MICHAEL CLARK  George Wassaman  TYPE: R
PROSECUTOR: FREEMAN CHARLES  Thomas Smith                                          TYPE:
OTH CSE: DC95020240    CHK/TICKET NO:
COURT REPORTER:                  SID NO: 000383280              GRAND JURY: 2225
DEF STATUS: BOND    DEMAND: Y                                   OPID: EMA

DATE           ACTION, JUDGMENTS, CASE NOTES

JUL 10 1995   SET ON JUDGE ENGLAND AUG 2 5 1995 ; ARRAIGNMENT
                                                            DOCKET

6/8/95        EXPLANATION OF RIGHTS AND/OR
              PLEA OF NOT GUILTY BY WAIVER
              OF ARRAIGNMENT FILED.  By Atty Michael Cornwell

SEP. 13 1995  SET ON JUDGE ENGLAND  OCT 2 3 1995   PRE TRIAL
                                                            DOCKET

9/27/95       State's Motion for Consolidation of Defendants for Trial filed by the
              DA's Office (Tommy Smith)

10/3/95       Motion to Consolidate with CC-95-698 is set for
              hearing on 11/8/95 at 10:00 AM  ENGLAND.

10/23/95      Pre-Trial Conference held. Case announced for TRIAL

              _____
                      Judge Presiding

NOV. 3 1995   SET ON JUDGE ENGLAND  DEC 1 1 1995

                                                  EXHIBIT
                                                     C

CC-95 ⬤ 70

| Date | ACTIONS, JUDGMENTS, CASE NOTES |
|------|--------------------------------|
| 2/4/96 | Defendant heretofore having been indicted and arraigned upon an indictment on a charge of _Robbery I_ |
| | _____, and heretofore having plead not guilty thereto, issue joined on said plea. Thereupon comes a jury of good and lawful men, to-wit, _Anderson Walker_, and eleven others, who being duly empanelled, sworn and charged by the Court according to law, before whom the trial of this cause was entered upon and continued from day to day and from time to time, said Defendant, _John Allen Bratton_ being in open Court at each and every stage and during all the proceedings in this cause, now on this the _4_ day of _March_ _____, 19_96_, said jurors upon their oaths do say: |
| 3/4/96 | "We, the jury, find the Defendant, John A. Bratton, guilty of Robbery in the First Degree, as charged in the indictment." |
| | /S/ Anderson Walker |
| | FOREPERSON |
| 3/4/96 | The Court heard the evidence and found that Defendant was an habitual offender with at least 3 prior qualifying felonies. |
| | JOHN H. ENGLAND, Circuit Judge |
| 3/4/96 | The Court therefore adjudges the Defendant guilty of _Robbery I as a habitual offender with at least 3 prior qualifying felonies._ The Defendant being in open Court and being asked by the Court if he has anything to say why the sentence of law should not be pronounced upon him says nothing. It is therefore considered by the Court and it is the judgment and sentence of the Court that this Defendant, be imprisoned in the penitentiary of the State of Alabama for period of _Life Without Parole_ _5000 VCA 332.00 Restitution is ordered._, as punishment for his crime in the manner and form provided by law. |
| | This the _4_ day of _March_ 19_96_ |
| | _John H. England_ |
| 96 | The defendant filed oral notice of appeal in open Court. This cause is appealed to Alabama Court of Criminal Appeals |

COPY

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY CONTINUATION | Case Number |
|---|---|---|
| Form C-7 Rev 2/79 | | CC 95 67 0 |

Style: State vs John Bratton                                Page Number ____ of ____ Page

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|

COPY

| 2/23/05 | This cause was before the Court on hearing on the motion to modify sentence filed by defendant. Defendant was present in Court with his attorney Mike Cornwell. The Court took the motion under advisement to consider whether the Court could require defendant to complete drug treatment as a condition to converting to straight life or could require drug treatment as a condition to parole. |
| 3/30/05 | Order on motion to reconsider sentence of life without parole in ordering sentence of life placed in file. |

I, Frances A. Brazeal, CLERK, CIRCUIT COURT, CRIMINAL DIVISION, DO HEREBY CERTIFY THAT THE FOREGOING IS A FULL, TRUE AND CORRECT COPY OF THE INSTRUMENT(S) HEREWITH SET OUT AS SAME APPEARS OF RECORD IN SAID COURT. WITNESS MY HAND THIS ____ DAY OF March 20 ___

Frances A. Brazeal
Acting Circuit Clerk



## INMATES THAT HAVE BEEN GRANTED RELIEF UNDER 13A-5-9.1
## WHOSE UNDERLYING CONVICTIONS ARE VIOLENT IN NATURE

| NAME NO. | CONVICTION | COUNTY | CASE |
|---|---|---|---|
| 1. Terry Mclester | Robbery 1 | Houston | CC81-881 |
| 2. Ronnie Wabbington | Robbery 1 | Jefferson | CC__-___ |
| 3. Johnny Holley, Jr. | Robbery 1 | Tuscaloosa | CC80-102 |
| 4. William Holt | Robbery 1 | Jackson | CC87-443 |
| 5. James Hopson | Robbery 1 | Jefferson | CC92-4936 |
| 6. Billy Helms | Robbery 1 | Houston | CC__-___ |
| 7. Dwain Daniel | Robbery 1 | Jefferson | CC94-3408 |
| 8. Alvin Daniels | Robbery 1 | Jefferson | CC91-1817 |
| 9. Samuel Thompson | Robbery 1 | Jefferson | CC84-1480 |
| 10. Larry Gardner | Robbery 1 | Autauga | CC82-132 |
| 11. William Gates | Robbery 1 | Montgomery | CC__-___ |
| 12. Willie Brewer | Robbery 1 | Houston | CC86-696 |
| 13. Darren Caudle | Robbery 1 | Madison | CC92-572 |
| 14. William Sanders | Robbery 1 | Jefferson | CC__-___ |
| 15. Jeff Bell/F.Marteen | Robbery 1 | Jefferson | CC__-___ |
| 16. Jimmy Childers | Burglary 1 | Jefferson | CC96-5183 |
| 17. Jerald Sanders | Burglary 1 | Mobile | CC94-3224 |
| 18. Raymond Smith | Robbery 1 | Houston | CC91-314 |
| 19. Mabra Wright, Jr. | Burg.1/ Sex Abuse | Covington | CC97-169 |

EXHIBIT
D



# CERTIFICATE
# OF
# RECOGNITION

### Rodney Burton   175034

As a component of participation in the Honor Community at William E. Donaldson Correctional Facility, the above named individual has participated in and completed the requirements of a 24 hour course focusing on maintaining healthy relationships with family members while serving a prison sentence.

The focus of the class discussions was on the areas of responsibility, effort and obligation each person has in order to maintain healthy relationships.  Particular attention was paid to the impact of criminal thinking on family relationships.

Using a variety of resources, the format of the class emphasized small group peer discussions, large group reporting and limited lecture.

Each student participated in a final exam which covered the areas discussed throughout the course.  In addition, each student was observed for active participation and open communication.

*Steve Longenecker*
Steve Longenecker
Instructor
We Care Program

*Bill Lindsey*
Bill Lindsey
Chaplain
William E. Donaldson CF

EXHIBIT
E

# CERTIFICATE
# OF
# RECOGNITION

## Rodney Burton 175034X

As a component of participation in the Honor Community at William E. Donaldson Correctional Facility, the above named individual has participated in and completed the requirements of a 24 hour course focusing on the skills needed in resolving interpersonal conflict.

In the classroom setting each participant was exposed to four steps in the process of resolving conflict. These steps included exploring the other persons point of view, maintaining a controlled, respectful atmosphere, developing an open, honest dialogue, and demonstrating an intent to resolve the conflict.

The person receiving this certificate of recognition was required to demonstrate to the instructor his understanding of the conflict resolution process.

Steve Longenecker
Instructor
We Care Program

Bill Lindsey
Chaplain
William E. Donaldson CF

EXHIBIT
F

# CERTIFICATE
# OF
# RECOGNITION

## Rodney Burton 175034

As a component of participation in the Honor Community at William E. Donaldson Correctional Facility, the above named individual has participated in and completed the requirements of a 24 hour course focusing on communication skills.

In the classroom setting each participant was exposed to the interpersonal dynamics of other-centered speaking and listening. Related to speaking, the participant was instructed on the importance of words, the impact of assumptions, the difference between fact and opinion, and the ability to communicate both thoughts and feelings. The essential ingredients of effective listening skills were discussed and taught with an emphasis on avoiding the barriers to listening. Other-centered listening moved the participants from a self-centered focus in communication.

The person receiving this certificate of recognition was required to demonstrate to the instructor his understanding of the communication skills through the development of a written emotional word picture which communicated clearly while considering the viewpoint of the listener.

Steve Longenecker
Instructor
We Care Program

Bill Lindsey
Chaplain
William E. Donaldson CF

EXHIBIT
G

# High School Equivalency Certificate

ALABAMA

RODNEY BURTON

This is to Certify that

having satisfactorily passed comprehensive examinations prescribed by the State of Alabama, Department of Education, thereby demonstrating satisfactory evidence of general educational development equivalent to high school graduation, is hereby awarded this

**HIGH SCHOOL EQUIVALENCY CERTIFICATE**, Number NS-0160055

In witness whereof our names and the seal of the State Board of Education, Montgomery, Alabama, are hereunto affixed. This the

20TH day of DECEMBER , 19 85

_Wayne Teague_
STATE SUPERINTENDENT OF EDUCATION

CHAIRMAN, STATE BOARD OF EDUCATION
ERNOR, STATE OF ALABAMA

EXHIBIT
H



# CERTIFICATE OF ACHIEVEMENT

**Awarded to**

Rodney Burton 175034

**at**

Donaldson Correctional Facility

for participation in the

**Emotional Awareness/Emotional Healing Course**

from ___3/10/98___ to ___5/21/98___

*Robin Casarjian*

Robin  Casarjian, author of
**Houses of Healing: A Prisoner's Guide
to Inner Power and Freedom**

*W. M. Morrow*

Coordinator for Alabama DOC



*EXHIBIT
I*



# Certificate
## of
## Scholastic Achievement

Completion of Course
"Beat The Streets"
Clean and Sober in the City

Rodney Barton # 175034

6/23/98

EXHIBIT

J



State of Alabama
Department of Corrections

# Certificate of Achievement

Rodney Burton 175034

(NAME)

**IS CITED FOR**
Successfully Attending
*12 Meetings of*
*Narcotics Anonymous*

Issued this    13    day of    July    19  98

6-4-80

EXHIBIT
K



# Certificate of Completion

This Certifies That

_Rodney Burton 125034_

has satisfactorily completed the requirements for

_Problem Solving Skills_

And is hereby awarded this certificate
by

_We Care Ministries_
Organization

_Atmore, Alabama_
City and State

on this _28th_ day of _July_ year _1998_

_Steve Longenecker_                    _Bill Leslie_

EXHIBIT
L



# Certificate
## of
## Graduation

"That The World May Know"
A 27 Week Bible Study Series

Presented To:   Rodney Burton 175034

Captain's Sig.    Joel Brumbach

April 1, 1998 To October 26, 1998

EXHIBIT M



# CERTIFICATE OF ACHIEVEMENT

*This certificate is awarded to*

*Rodney Burton – 175034X*

For successfully completing requirements for the course of

*"Building Better Relationships"*

Signature _____ Date _____

Signature _____ Date 12-7-2006



Un-lock Your Mind!

EXHIBIT

N

# Certificate of Achievement

## Is Awarded To

### Rodney Burton

175034 B-100

For attending a twelve week Men Of Valor Leadership Class.

the 26th day of May, 2003

Warriors of the Word Church of Birmingham, AL

Derrick E. Houston, Pastor

Pastor Michael Nash

"In him we have redemption through his blood, the forgiveness of sins, in accordance with the riches of God's grace" (Eph. 1:7, NIV).

EXHIBIT

# Certificate of Completion

*presented to*

## Rodney Burton

*in recognition of faithfully completing*

### The Twelve Principles for Transformation

"I beseech you, brethren, by the mercies of God, that ye present your bodies a living sacrifice, holy and acceptable unto God, which is your reasonable service. And be not conformed to this world, but be ye transformed by the renewing of your mind, that ye may prove what is that good, acceptable, and perfect will of God."   Romans 12:1-2

_David D. Burton_
Program Director

_Charles H. Mozley_
Rev. Charles H. Mozley, C.A.C.

*This the 22nd day of September, 2003.*

EXHIBIT

P

# Word of Life Christian Center

This certifies that

## Rodney Burton

Has satisfactorily completed
a Basic Bible Course
in Redemptive Studies
conducted at

## Donaldson Correctional Facility

and is awarded this

## Certificate of Completion

December, 2003

**WORD of LIFE**
CHRISTIAN CENTER

_Pastor_

_Outreach Minister_

_Chaplain_

_Teacher_

_Teacher_

_Teacher_

EXHIBIT
Q



WILLIAM E. DONALDSON
HONOR COMMUNITY

CHOICE / LIVING IS

This Certificate Of Recognition Is Presented To

RODNEY BURTON

As the January 2004 Crewmember-of-the-Month for the Library
in recognition of his outstanding job performance, positive
attitude, and overall contribution to the program.

_____
COMMUNITY REPRESENTATIVE

_____
COMMUNITY REPRESENTATIVE

_____
COMMUNITY REPRESENTATIVE

_____
SENIOR COORDINATOR

_____
SENIOR COORDINATOR

_____
CHAPLAIN BILL LINDSEY

EXHIBIT
R

# Certificate Of Achievement

## Is presented to

## Rodney Burton 175034X B-100

In recognition of outstanding accomplishments and contributions to Men of Valor leadership class.

Given by Warriors of the Word Church... this 22nd... day of March... 2004

Daniel E. Hunter, Pastor
Michael Nash, Sr. Asst. Pastor

"In him we have redemption through his blood, the forgiveness of sins, in accordance with the riches of God's grace." (Eph. 1:7, NLT)

EXHIBIT
S



# Certificate Of Achievement

Is presented to

## Rodney Burton 175034X<sub>B-100</sub>

In recognition of outstanding accomplishments and contributions to Men of Valor leadership class.

Given by Warriors of the Word Church   this  7th   day of  June,   2004

*Jeremiah E. Hunter, Pastor*
*Michael Hicks, Sr. Asst. Pastor*

"So then we have exemption through his blood the forgiveness of sins, in accordance with the riches of God's grace." (Eph. 1:7, NWT)



EXHIBIT
T



**WILLIAM E. DONALDSON HONOR COMMUNITY**

A CHOICE FOR CHANGE

This Certificate Of Recognition Is Presented To

**RODNEY BURTON**

For recognition of his successful completion of a course titled, "Overcoming Addictions."

6/23/04
DATE

INSTRUCTORS— VICTOR SMITH

EXHIBIT
U



# Certificate of Completion

## Abundant Life School of Theology

Presents to

### Rodney Burton

who has successfully completed the course of study,

in compliance with the academic requirements of

## Understanding God and His Covenants.

### Abundant Life School of Theology.

"Study to show thyself approved unto God, a workman who needeth not to be ashamed, rightly dividing the word of truth." II Timothy 2:15

Given this 7th day of June 2004 at William Donaldson Correctional Facilities.

Jessie Williams, Pastor-Teacher



Abundant Life School of Theology is a ministry of Living Praise Worship Center, Inc  1015 Lurleen Wallace Blvd. Northport, Alabama 35476

EXHIBIT
V

# Word of Life Christian Center

This certifies that

## Rodney Burton

Has satisfactorily completed

### Basic Bible Skills

by communicating and acknowledging
his faith in the Word of God
according to Philemon 1:6

**Donaldson Correctional Facility**

and is awarded this

## Certificate of Completion

June, 2004

WORD of LIFE
CHRISTIAN CENTER

_Teacher_

_Teacher_

_Teacher_

_Supervising Minister_

_Chaplain_

EXHIBIT
W

# Certificate of Completion

## Abundant Life School of Theology

Presents to

### Rodney Burton

who has successfully completed this course of study,

## Understanding God and His Covenants.

"Study to show thyself approved unto God, a workman who needeth not to be ashamed, rightly dividing the word of truth." II Timothy 2:15

Given this 6th day of June 2005.



Jessie Williams, Pastor-Teacher

Abundant Life School of Theology is a ministry of Living Praise Worship Center, Inc. 1015 Lurleen Wallace Blvd, Northport, Alabama 35476

EXHIBIT

X

Rodney O. Burton
175034 - B-31
100-Warrior Lane
Bessemer, Al. 35023

6-28-06

Honorable Judge Charles Price
Montg. Co. Courthouse

IN RE: Case No. CC96-1047, 1048 (13A-5-9.1 "Kirby" Motion)

DEAR SIR,

I, Rodney Burton, filed a Kirby motion in your Honorable Court on or about January 18, 2006 Along with some of the certificates of some thing that I has accomplish while incarcerate. At this very moment I have a sentence of life without parole. I'm asking you by the grace of God to let me find favor in your sight to reduce my sentence so I will have a chance to make parole. I thank you very much for your time regarding this matter.

Respectfully submitted
Rodney O. Burton
6-28-06

note: As of this date you sir, has not made a ruling concern this matter, my motion is still pending in your Honorable Court.

Rodney Otis BurtoN
#175034/B-31
100 Warrior LaNe
Bessemer, AL 35023-7299

September 26, 2006

IN RE: Case No. CC 96-1047, CC 96-1048

Dear Melissa A. RitteNour:

I am iN receipt of a copy of Judge Hobbs ruliNg oN my motioN to supplemeNt my 13A-5-9.1 motioN for seNteNce reductioN that is iN Judge Price's courtroom. I'm a bit coNfused. Judge Hobbs should Not have ruled oN my motioN to supplemeNt because it is a 13A-5-9.1 "Kirby" proceediNg, aNd oNly the seNteNciNg judge or presidiNg judge may rule oN those matters. Judge Hobbs is Neither. My motioN to supplemeNt should have beeN traNsferred to Judge Price's courtroom to accompaNy the iNitial 13A-5-9.1 motioN which was filed arouNd JaNuary 18, 2006.

IN your letter to me dated May 10, 2006, you iNformed me that judge Price had Not yet ruled oN my 13A-5-9.1 motioN for recoNsideration. Is this motioN still peNdiNg dispostioN by Judge Price? If so, please traNsfer my motioN to supplemeNt which Judge Hobbs iNcorrectly ruled upoN oN September 19, 2006, to Judge Price's courtroom.

I would appreciate you reply iN this matter to let me know the status of this proceediNg.

Respectfully Submitted,

*Rodney O. Burton*

RodNey Otis Burtoi                    September 26, 2006

CC: HoNorable Judge Charles Price, PresidiNg Judge

RODNEY OTIS BURTON
#175034/B-DORM
100 WARRIOR LANE
BESSEMER, AL 35023-7299

NOVEMBER 22, 2006

IN RE: CASE NO. CC 96-1047; CC 96-1048

DEAR MELISSA A. RITTENOUR:

ON OR ABOUT JANUARY 18, 2006, I SUBMITTED A §13A-5-9.1 MOTION FOR RECONSIDERATION OF SENTENCE. ON OR ABOUT MAY 10, 2006, YOUR OFFICE INFORMED ME BY LETTER THAT THE MOTION WAS STILL PENDING. IT WAS MY UNDERSTANDING THAT THE MOTION WAS IN FRONT OF JUDGE CHARLES PRICE, THE PRESIDING JUDGE, DUE TO THE FACT THAT MY SENTENCING JUDGE IS NO LONGER ON THE BENCH.

ON OR ABOUT SEPTEMBER 8, 2006, I SUBMITTED A MOTION TO SUPPLE-MENT MY §13A-5-9.1 MOTION WITH ADDITIONAL ARGUMENT. ON SEPTEMBER 19, 2006, JUDGE TRUMAN M. HOBBS, JR., DENIED THE MOTION TO SUP-PLEMENT.

THIS LETTER IS INQUIRING AS TO THE STATUS OF MY INITIAL §13A-5-9.1 MOTION FILED ABOUT JANUARY 18, 2006. I HAVE NOT BEEN NOTI-FIED OF ANY ACTIONS IN THAT CASE. IS THE MOTION STILL PENDING? IF ANY ORDERS HAVE BEEN ENTERED IN THAT CASE PLEASE SEND ME A COPY. OTHERWISE, INFORM ME AS TO THE STATUS OF THIS CASE. THANK YOU.

SINCERELY,

RODNEY OTIS BURTON

CC: HON. JUDGE CHARLES PRICE
    MELISSA A. RITTENOUR, CIRCUIT CLERK
    ELLEN BROOKS, D.A.



IN THE MONTGOMERY COUNTY CIRCUIT COURT

Rodney Otis Burton,                    *

Petitioner,                            *    Case No. CC 96-1047

VS.                                    *              CC 96-1048

State of Alabama,                      *

Respondent.                            *

**MOTION FOR HEARING IN §13A-5-9.1 MOTION FOR RECONSIDERATION OF
SENTENCE ON ISSUANCE OF WRIT OF MANDAMUS FROM CRIMINAL COURT
OF APPEALS**

COMES NOW your petitioner Rodney Otis Burton ("Burton"), in

the above-styled cause and moves this Court for a formal hearing

for the disposition of his §13A-5-9.1, Code of Ala., motion

upon the issuance of a writ of mandamus by the Court of Criminal

Appeals. In support thereof the following is shown:

1. On January 5, 2007, the Court of Criminal Appeals issued

a writ if mandamus directing the Judge Hobbs set aside his order

summarily dismissing Burton's §13A-5-9.1 motion. The Court furth-

er ordered that the cause be transferred to the Honorable Judge

Charles Price, the Presiding Judge, for disposition.

2. Burton's underlying convictions of first degree kidnapping

and first degree rape are defined as "violent offenses" by

§13-11-70 and §12-25-32 of the Code of Ala. However in Holt

v. State, 2006 Ala.Crim.App. LEXIS 39, March 3, 2006 (Ala.Crim.

App. 2006) it was held:

> " ...merely because an inmate has been convicted of a 'vio-
> lent offense' as defined in §13A-11-70 and/or §12-25-32
> does not mean that the inmate is a 'violent offender' for
> purposes of §13A-5-9.1; committing a 'violent offense'
> as defined in §13A-11-70 and/or §12-25-32 is not the equiv-
> alent of being a 'violent offender' under §13A-5-9.1.

> "...it is clear that §13A-5-9.1 allows for consideration
> of factors other than the fact that the inmate's underlying
> conviction is statutorily defined as a 'violent offense'
> in determining whether the inmate is a 'nonviolent convicted

offender'; it allows the Department of Corrections to evalu-
ate an inmate and to submit that evaluation to the circuit
court for consideration in ruling on a motion filed under
§13A-5-9.1.

"...

"...the fact that the inmate's underlying conviction was
for an offense statutorily defined as a 'violent offense'
does not preclude a circuit court from considering other
factors presented to it, such as the facts and circum-
stances surrounding the inmate's prior convictions, the
inmate's prison record, and any 'other factors' brought
before the judge in the record of the case.'...whether
an inmate is a 'nonviolent convicted offender' is based on the
totality of the circumstances.(of information before the
court)."

3. Later cases have been remanded for hearings when the circuit

courts failed to make a determination according to Holt. See

Vinson v. State, 2006 Ala.Crim.App. LEXIS 172, August 25, 2006

(Ala.Crim.App. 2006)("The record reflects on its face that Vinson

satisfied the first two eligibility requirements set forth in

Holt; however, the trial court must also determine whether Vinson

is a nonviolent offender, and the trial court failed to make

that determination." (emphasis added)); White v. State, 2006

Ala.Crim.App. LEXIS 113, June 30, 2006 (Ala.Crim.App. 2006)(..the

judgment of the circuit court is reversed and this cause remanded

for the circuit court to reconsider White's §13A-5-9.1 motion

in light of this Court's opinion in Holt."); and Ferrell v.

State, 2006 Ala.Crim.App. LEXIS 86, May 26, 2006 (Ala.Crim.App.

2006)("...it did not determine whether he was a nonviolent of-

fender.").

4. It is especially noteworthy that none of Burton's prior

convictions are of a violent or sexual offender nature. Moreover,

Burton has never received a prison disciplinary for a violent

or sexual nature violation.

5. In Burton's original §13A-5-9.1 motion and subsequent fi-

lings Burton has presented factors to be reviewed under <u>Holt</u>.
"In determining whether an inmate is a 'nonviolent convicted
offender' within the meaning of §13A-5-9.1, a circuit court
is not precluded from considering, **nor may it refuse to consider,
all the factors presented to it by either party.**" <u>Holt</u>. (emphasis
added).

6. Since this is a case in which the underlying convictions
are defined as "violent offenses", Burton argues a formal hearing
is needed so that he can present evidence in mitigation. Burton
plans to present testimony from the victim of his crimes as
well. Burton cannot adequately plead his case without a formal
hearing. As shown above, Burton is eligible, and a hearing is
needed so that this Court can comply with the procedure set
forth in <u>Holt</u>.[1]

7. Burton further requests that this Court order the DOC to
submit an inmate evaluation to be submitted before any forthcom-
ing hearing. Consideration of Burton's behavior while incarcerat-
ed is within the purview of <u>Holt</u>.

**WHEREFORE,** the premises considered, Burton prays this Court
will set the matter down for a formal hearing to make a determin-
ation of his eligibilty for relief under <u>Holt</u>.

---

1- Burton is clearly eligible under the first two requirements
of <u>Holt</u>: (1) Burton was sentenced before May 25, 2000; and (2)
he was sentenced to life without parole under former §13A-5-
9(c)(3).

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of this motion has been served

by placing same in the prison mailbox, first class postage pre-

paid and thusly addressed:

Ellen Brooks, D.A.
P.O. Box 1667
Montgomery, AL 36102-1667

Respectfully Submitted,

Rodney Otis Burton                              January 16, 2007
#175034/B-31
100 Warrior Lane
Bessemer, AL 35023-7299

IN THE CIRCUIT CRIMINAL COURT OF MONTGOMERY COUNTY, ALABAMA

Rodney Otis Burton,              *

Petitioner,                *   Case No. CC 96-1047

vs.                     *       CC 96-1048

State of Alabama,         *

Respondent.             *

### MOTION FOR APPOINTMENT OF COUNSEL IN §13A-5-9.1 PROCEEDING

COMES NOW your petitioner in the above-styled cause and pursuant to Rule 6.1(a), A.R.Crim.P., and moves this Court to appoint him able counsel to represent him in his §13A-5-9.1 reconsideration of sentence proceeding pending before this Court. In support thereof the following is shown:

1. Rule 6.1(a) reads in pertinent part:

> " A defendant shall be entitled to be represented by counsel in any criminal proceedings held pursuant to these rules and, if indigent, shall be entitled to have an attorney appointed to represent the defendant in all criminal proceedings in which representation by counsel is constitutionally required."

2. A §13A-5-9.1 proceeding is a reopening of a case at the critical stage of sentencing. See Kirby v. State, 899 So.2d 968, 971 (Ala. 2004)("...the Legislature vested jurisdiction in the sentencing judge or the presiding judge to reopen a case more than 30 days after a defendant has been sentenced."); Prestwood v. State, 915 So.2d 580, ___ (Ala.Crim.App. 2005)("..a §13A-5-9.1 motion involves reopening an existing case, in which there has been a conviction and sentence, for possible resentencing.")(emphasis added in both).

3. A defendant has a right to counsel at sentencing. King v. State, 613 So.2d 888, 891 (Ala.Crim.App. 1991); Mempa v. Rhay, 389 U.S. 128 (1967).

4. Burton is indigent. An affidavit of hardship is filed here-

with.

   **ABOVE CONSIDERED,** Burton prays this Court will grant this

request.

### CERTIFICATE OF SERVICE

   I do hereby certify that a copy of this motion has been served

by placing same in the prison mailbox, first class postage pre-

paid and thusly addressed:

Ellen Brooks, D.A.
#175034/B-31
100 Warrior Lane
Bessemer, AL 35023-7299

Respectfully Submitted,

*Rodney O. Burton*                              January 16, 2007
Rodney Otis Burton
#175034/B-31
100 Warrior LAne
Bessemer, AL 35023-7299

IN THE CRIMINAL CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| Rodney Otis Burton, | * |
| Petitioner, | *   Case No. CC 96-1047 |
| VS. | *              CC 96-1048 |
| State of Alabama, | * |
| Respondent. | * |

### MOTION TO TRANSPORT FOR HEARING ON §13A-5-9.1 MOTION FOR RECONSIDERATION OF SENTENCE

COMES NOW your petitioner in the above-style cause and moves this Court to enter an order directing the Montgomery County Sheriff's Office or other agency to transport him from the Custody of the Alabama Department of Corrections, Donaldson Correctional Facility, to appear before this Court at any forthcoming hearings in this matter. In support thereof the following is shown:

1. Petitioner filed a motion for a formal hearing in his §13A-5-9.1 proceeding at the same time as the filing of this motion.

2. if and when this Court sets a date for a formal hearing in this matter, petitioner also requests a transport order so that he may personally appear before the Court at said hearing.

WHEREFORE, the above considered, petitioner prays the Court will grant the foregoing request.

### CERTIFICATE OF SERVICE

I do hereby state that a copy of this motion has been served by placing same in the prison mailbox, first class postage pre-paid and thusly addressed:

Ellen Brooks, D.A.
P.O. Box 1667
Montgomery, AL 36102-1667

Respectfully Submitted,

Rodney Otis Burton
#175034/B-31
100 Warrior Lane
Bessemer, AL 35023-7299

January 16, 2007

State of Alabama
Unified Judicial System

Form C-10    Rev 6/85

**●FIDAVIT of SUBSTAN●AL HARDSHIP and ORDER**

Case Number

CC 96 - 1047
CC 96 - 1048

IN THE ___CIRCUIT___ COURT OF ___MONTGOMERY___ COUNTY

Plaintiff/State ___ALABAMA___    v. Defendant ___RODNEY BURTON___

IN THE MATTER OF:

TYPE OF PROCEEDING: ___13A-5-9.1 MOTION___    CHARGE: ~~ROBE~~ RAPE I / KIDNAPPING I

☐ CIVIL CASE--I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.

☐ CIVIL CASE (such as paternity, support, termination of parental rights) — I request an attorney be appointed for me.

☒ CRIMINAL CASE--I am financially unable to hire an attorney and request that the Court appoint one for me

## AFFIDAVIT

**INCOME / EMPLOYMENT**

A. Do you have a job or work for yourself? _____ Yes __✓__ No

Employer's name and address _____

How much money do you take home each week?    • $ ___0___

B. If unemployed, give month and year of last employment and amount earned per month _____    $ ___0___

C. Does your husband or wife have a job?    _____ Yes __✓__ No

Employer's name and address _____

How much money does he/she take home each week?    • $ ___0___

D. Do you receive money or benefits from any other source?    _____ Yes __✓__ No

(Example: retirement pay, social security, workmen's compensation, unemployment compensation, food stamps, rent payments, interest, dividends, etc.)

How much do you receive each month?    + $ ___0___

**ASSETS**

A. Do you have any money in any bank, savings and loan, credit union, or any other place, including cash on hand?    _____ Yes __✓__ No

Where? _____ How much? - $ ___0___

B. Do you own anything else of value? (Land, house, boat, television, stereo, jewelry, car, truck, van, stocks, bonds, etc.)    _____ Yes __✓__ No

What? _____

_____ Total Value - $ ___0___

**DEPENDENTS**

A. Are you __✓__ Single _____ Married _____ Widowed _____ Divorced _____ Separated?

B. Do you have any dependents?    _____ Yes _____ No

Who and what relationship? _____

_____

_____

What does it cost you to live each month?                                    $ _____

**D** | Creditor | Total Debt | Monthly Payment
**E**
**B** Loans _____
**T** Charge Accounts _____
**S** House or rent payments _____
Alimony _____
Support _____
Car payment _____
Groceries _____
Utilities _____

In support of this request, I have answered the above questions relating to my ability to pay. I swear that these answers are true and reflect my present financial status. I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury.

I further understand and acknowledge that if the Court appoints an attorney to represent me, the Court may require me to pay the fees and expenses of my court-appointed counsel.

Sworn to and subscribed before me this

_____ day of _____ 19 ___

X _Rodney O. Bradford_

JANUARY 16, 2007

Affiant Signature

AFFIRMATION IN LIEU OF
OATH. RULE 43(d), A.R.CIV.P.

## ORDER

IT IS ORDERED THAT THE FOREGOING REQUEST BE:

☐ GRANTED                    ☐ DENIED

APPOINTMENT OF ATTORNEY:

IT IS THEREFORE, ORDERED AND ADJUDGED BY THE COURT THAT _____

_____ Attorney at Law, be and is hereby appointed as counsel
to represent, assist and defend in this (these) case(s).

It is further ordered that the Court reserves the right and may order reimbursement of attorney's fees and expenses, approved by the Court and paid to the appointed counsel.

DONE this _____ day of _____ 19 ___

_____
Judge

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA   *
         *
   Petitioner,   *
         *
v.         *  CASE NO. CC-96-1047-TMH
         *        CC-96-1048-TMH
RODNEY OTIS BURTON  *
         *
   Respondent.   *

## ORDER

This cause is before the Court on a Motion for Sentence Modification filed by the

Petitioner, and the Court having considered the same, finds that pursuant to Section

13A-5-9.1, only the sentencing judge or the presiding judge of the circuit of original

conviction has jurisdiction to review a Motion to Reconsider. Therefore, pursuant to

Bulger v. State of Alabama, (2004 WL 2676560 (Ala.Crim.App.), the above-styled case

is transferred to the Honorable Charles Price, Presiding Judge of the Fifteenth Judicial

Circuit.

DONE this the 19th day of January, 2007.

TRUMAN M. HOBBS, JR.
CIRCUIT JUDGE

Copies:
Judge Charles Price
District Attorney

Rodney Otis Burton
AIS #175034 / B-31
100 Warrior Lane
Bessemer, AL  35023-7299

RECEIVED
1-19-07
CIRCUIT COURT CLERK

61

IN THE __15 $^{TH}$__ JUDICIAL CIRCUIT COURT OF ALABAMA

__MONTGOMERY__ COUNTY CIRCUIT COURT

RODNEY OTIS BURTON ,                    *
                                        *
     Movant,                            *
                                        *        CC 96-1047
                                        *
     vs.                                *     Case No. CC 96-1048
                                        *
STATE OF ALABAMA,                       *
                                        *
     Respondent.                        *

## MOTION FOR APPOINTMENT OF COUNSEL

Pursuant to § 15-12-23 of the Alabama Code and Rule 6.1(a) of the Alabama Rules

of Criminal Procedure, I respectfully request that counsel be appointed in this case.

    1.    I am an indigent prisoner confined at Donaldson Correctional Facility in

Bessemer, Alabama.

                  KIDNAPPING I ,

    2.    I was convicted of RAPE I and sentenced to life imprisonment

without the possibility of parole.

    3.    I am without counsel who can represent me in these resentencing proceedings.

    4.    The Alabama Code provides that this Court may appoint an attorney to

represent persons

              charged or convicted if it appears to the court that the person
              charged or convicted is unable financially or otherwise to obtain
              the assistance of counsel and it further appears that counsel is
              necessary in the opinion of such judge to assert or protect the

right of such person.

ALA. CODE § 15-12-23 (1975).

5.    Similarly, the Alabama Rules of Criminal Procedure provide that indigent

defendants shall be appointed counsel in sentencing proceedings:

> A defendant shall be entitled to be represented by counsel in
> any criminal proceedings held pursuant to these rules and, if
> indigent, shall be entitled to have an attorney appointed to
> represent the defendant in all criminal proceedings in which
> representation by counsel is constitutionally required.

ALA. R. CRIM. P. 32.7(c).

7.    Representation by counsel is constitutionally required at sentencing

proceedings:

> The Sixth Amendment to the United States Constitution
> guarantees defendants the right to counsel in all criminal
> prosecutions. U.S. Const. Amend. VI. See also Ala. Const. art.
> I, 6. Appointment of counsel for an indigent defendant is
> required at every stage of a criminal proceeding where the
> substantial rights of the accused may be affected. Hamilton v.
> Alabama, 368 U.S. 52 (1961). Sentencing is regarded as a
> critical stage, and an indigent defendant is entitled to the
> assistance of appointed counsel unless he waives that right.

Hill v. Bradford, 565 So. 2d 208, 210 (Ala. 1990). See also Mempa v. Rhay, 389 U.S. 128

(1967) (right to counsel attaches to deferred sentencing proceedings).

8.    I am indigent and am proceeding in forma pauperis in this matter. (See Exhibit A)

9.    My rights cannot be adequately protected without counsel who can assist me

in these proceedings.

2

10.   I am requesting that counsel be appointed who will protect my rights in proceedings before this Court and will protect my rights to appeal should this Court rule against me.

FOR THESE REASONS, I respectfully request that this Court appoint counsel.

JANUARY 18, 2006                    Respectfully submitted,

                                    X _Rodney O. Burton_
                                    RODNEY OTIS BURTON
                                    AIS 175034X / B-DORM
                                    Donaldson Correctional Facility
                                    100 Warrior Lane
                                    Bessemer, AL 35023

| State of Alabama<br>Unified Judicial System<br><br>Form C-10    Rev 8/88 | **AFFIDAVIT of SUBSTANTIAL<br>HARDSHIP and ORDER** | Case Number<br>CC 96- 1047<br>CC 96- 1048 |

IN THE _____ _CIRCUIT_ _____ COURT OF _MONTGOMERY_ _____ COUNTY

Plaintiff/State OF ALABAMA v. Defendant RODNEY OTIS BURTON

IN THE MATTER OF:

TYPE OF PROCEEDING:          CHARGE:  KIDNAPPING I,
                                      RAPE I

☐ CIVIL CASE--I. because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.

☐ CIVIL CASE (such as paternity, support, termination of parental rights) — I request an attorney be appointed for me.

☒ CRIMINAL CASE--I am financially unable to hire an attorney and request that the Court appoint one for me.

### AFFIDAVIT

**I N C O M E / E M P L O Y M E N T**

A. Do you have a job or work for yourself? _____Yes ✓No

Employer's name and address _____

How much money do you take home each week? + $ _____0_____

B. If unemployed, give month and year of last employment and amount earned per month _____ $_____

C. Does your husband or wife have a job? _____Yes ✓No

Employer's name and address _____

How much money does he/she take home each week? - $ _____0_____

D. Do you receive money or benefits from any other source? _____Yes ✓No

(Example: retirement pay, social security, workmen's compensation, unemployment compensation, food stamps, rent payments, interest, dividends, etc.)

How much do you receive each month? + $ _____0_____

**A S S E T S**

A. Do you have any money in any bank, savings and loan, credit union, or any other place, including cash on hand? _____Yes ✓No

Where? _____ How much? - $ _____0_____

B. Do you own anything else of value? (Land, house, boat, television, stereo, jewelry, car, truck, van, stocks, bonds, etc.) _____Yes ✓No

What? _____

_____ Total Value - $ _____0_____

**D E P E N D E N T S**

A. Are you: ✓ Single _____ Married _____Widowed _____ Divorced
_____ Separated?

B. Do you have any dependents? _____Yes ✓No

Who and what relationship? _____

_____

_____

What does it cost you to live each month?                                                          $ _____ 0 _____

|   | Creditor | Total Debt | Monthly Payment |
|---|----------|-----------|-----------------|
| **D** | Loans | O | O |
| **E** | Charge Accounts | | |
| **B** | House or rent payments | | |
| **T** | Alimony | | |
| **S** | Support | | |
| | Car payment | | |
| | Groceries | | |
| | Utilities | | |
| | | | |
| | | | |

In support of this request, I have answered the above questions relating to my ability to pay. I swear that these answers are true and reflect my present financial status. I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury.

I further understand and acknowledge that if the Court appoints an attorney to represent me, the Court may require me to pay the fees and expenses of my court-appointed counsel.

Sworn to and subscribed before me this

_____19TH_____ day of __JANUARY__ ___2006    X _Rodney O. Burton_
                                                        Affiant Signature

_James A Beachem_                    My Commission Expires
Judge/Notary                         8-25-2008

## ORDER

IT IS ORDERED THAT THE FOREGOING REQUEST BE:

☐ GRANTED                          ☐ DENIED

APPOINTMENT OF ATTORNEY:

IT IS THEREFORE, ORDERED AND ADJUDGED BY THE COURT THAT _____

_____ Attorney at Law, be and is hereby appointed as counsel to represent, assist and defend in this (these) case(s).

It is further ordered that the Court reserves the right and may order reimbursement of attorney's fees and expenses, approved by the Court and paid to the appointed counsel.

DONE this _____ day of _____, 19 _____

_____
Judge

## IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CC 1996-1047, 1048 |
| | ) | |
| RODNEY BURTON | ) | |
| Defendant. | ) | |

### MOTION FOR DEFENDANT'S PRISON RECORDS
### & MOTION FOR ENLARGEMENT OF TIME

**COMES NOW** the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and offers the following:

The Defendant has filed a motion requesting that his sentence be reconsidered pursuant to Ala. Code §13A-5-9.1 and Kirby v. State, 899 So. 2d 968 (Ala. 2004). In order to file an adequate response, the State requests the opportunity to review the Defendant's prison records during the time he has been incarcerated. Therefore, the State moves this Honorable Court for an order directing the Department of Corrections to provide the Defendant's prison records while incarcerated and for an order granting an enlargement of time so that the State may review these records before filing its response. As grounds therefore, the State offers the following:

The Defendant was sentenced under the Habitual Felony Offender Act on March 19, 1997 to life imprisonment without parole for the offenses of Rape I (96-1048), and Kidnapping I (96-1047). It appears that the Defendant meets the criteria for reconsideration of his sentence as he was sentenced to life imprisonment without parole under the Habitual Felony Offender Act on convictions of Class A Felonies where he had not been previously convicted of a Class A Felony.

However, before the Court holds a hearing State on the Defendant's motion, the State requests that both the Court and the State have an opportunity to review the Department of Corrections' records pertaining to the Defendant's conduct while incarcerated. See Kirby, 899 So. 2d at 974. Accordingly, the State moves this Honorable Court for an order directing the Department of Corrections to provide both this Court and the State with its records concerning 'the Defendant's conduct while incarcerated, pursuant to Kirby. Once these records have been reviewed, the State will file its response to the Defendant's motion.

The State further moves for an enlargement of time for the filing of its response in this case until it has had an opportunity to review the Defendant's records from the Department of Corrections.

Respectfully submitted, this the 12 day of February , 2007.

ELEANOR I. BROOKS
DISTRICT ATTORNEY


Michael Dean
Deputy District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was served upon the Department of Corrections, by placing a copy of the same in the U.S. mail, first-class postage prepaid, and addressed to the Alabama Department of Corrections, Central Records, 301 South Ripley Street, Montgomery, AL 36104. A copy has also been served upon the Defendant, first-class postage prepaid and addressed to the Defendant at AIS# 175034, Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35073.

Done, this the _12_ day of _February_, 2007.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

Michael Dean
Deputy District Attorney



IN THE CRIMINAL CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

Rodney Otis Burton,                    *

Petitioner,                            *    Case No. CC 96-1047

VS.                                    *            CC 96-1048

State of Alabama,                      *

Respondent.                            *

### MOTION TO SUPPLEMENT §13A-5-9.1 MOTION FOR RECONSIDERATION OF SENTENCE WITH AFFIDAVIT FROM VICTIM IN FAVOR OF A REDUCED SENTENCE

COMES NOW your petitioner, Rodney Otis Burton ("Burton"),
in the above-styled cause and moves this Court to allow him
to supplement his §13A-5-9.1, Code of Ala., motion for reconsid-
eration of sentence which is pending disposition before this
Court. Attached hereto is an affidavit from the victim in these
two cases, Katrina L. Smith, which Burton presents in support
of his §13A-5-9.1 motion. In support thereof the following is
shown:

1. As argued in Burton's previous filings in this matter,
the mere fact that Burton's underlying convictions are for
violent crimes "does not mean that [Burton] is a 'violent offend-
er' for purposes of §13A-5-9.1". Holt v. State, 2006 Ala.Crim.
App. LEXIS 39, March 3, 2006 (Ala.Crim.App. 2006) at ___. This
Court may consider "other factors brought before the judge in
the record of the case". Kirby v. State, 899 So.2d 968, 974
(Ala. 2004). "[W]hether an inmate is a 'nonviolent convicted
offender' is based upon the **totality of the circumstances.**"
(of information before the court) Holt, supra (emphasis added).

2. In the affidavit, the victim, Katrina L. Smith, asks this
Court to reduce Burton's sentences thereby making him eligible
for parole at the discretion of the Parole Board. The victim

further asks this Court to make a recommendation to the Parole

Board for it to consider Burton for parole at the earliest pos-

sible time, should it see fit to reduce Burton's sentences.

These requests are made based upon her convictions that Burton

has made substantial changes in his life and deserves a second

chance.[1]

3. Moreover, it is noted that none of Burton's prior convict-

ions are of a violent or sexual nature, and Burton's prison

record does not contain any evidence that Burton has a propensity

to commit crimes of a violent or sexual nature.

**WHEREFORE,** the above being considered, Burton prays that this

Court will supplement the attached affidavit to this proceeding

and consider it in conjunction with all other filings in this

matter.

### CERTIFICATE OF SERVICE

I do hereby certify that a copy of this motion has been served

on the respondent by placing same in the prison mailbox, first

class postage prepaid, and thusly addressed:

Ellen Brooks, D.A.
P.O. Box 1667
Montgomery, AL 36102-1667

Respectfully Submitted,

*Rodney O. Burton*                                March 19, 2007

Rodney Otis Burton
#175034/01-Dorm
100 Warrior Lane
Bessemer, AL 35023-7299

---

1- The Victim states in the affidavit that she is willing to
testify to these facts at any forthcoming hearing(s) in this
matter.

## AFFIDAVIT OF KATRINA LASHONDA SMITH

My name is Katrina LaShonda Smith. I am over the age of twenty-one years. I am the victim in the case of State versus Rodney Otis Burton. (Montgomery County Circuit Court, Case No. CC 96-1047; CC 96-1048). It is my understanding that Rodney Otis Burton has filed a motion for reconsideration of his sentence of life without parole imposed in these cases. I hereby state on the record that I do not have any objection, and in fact I would ask the Court to reduce Mr. Burton's sentence in this case. I would further ask the Court that if it decides to reduce Mr. Burton's sentence, thereby making him eligible for parole consideration, that the Court would recommend to the Parole Board that Mr. Burton be paroled at the earliest possible time.

I would further like to express to the Court that I believe people make mistakes, and I fully believe in giving someone like Mr. Burton a second chance. I have spoken with Mr. Burton on several occasions, and I fully believe that he has repented of his past actions and have found him to be a very sincere young man.

I would be willing to come to any forthcoming hearing or hearings in this matter to speak on behalf of Mr. Burton.

**AFFIANT'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY**

I swear under the penalty for perjury that the foregoing is true and correct. Executed on ___March 15,___ , 2007.

_Katrina L. Smith_
Katrina LaShonda Smith, Affiant

SWORN TO AND SUBSCRIBED before me this the ___15th___ day of ___March___ , 2007

_Dere W Beavey_
Notary Public

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

RODNEY OTIS BURTON          *
                           *
        Petitioner,        *
                           *
v.                         *          CASE NO. CC-96-1047
                           *                  CC-96-1048
STATE OF ALABAMA           *
                           *
        Respondent.        *

## ORDER

This cause is before the Court on a Motion for Sentence Modification filed by the

Petitioner, and the Court having considered the same, finds that pursuant to Section

13A-5-9.1, only the sentencing judge or the presiding judge of the circuit of original

conviction has jurisdiction to review a Motion to Reconsider. Therefore, pursuant to

Bulger v. State of Alabama, (2004 WL 2676560 (Ala.Crim.App.), the above-styled case

is transferred to the Honorable Charles Price, Presiding Judge of the Fifteenth Judicial

Circuit.

DONE this the 21st day of March, 2007.


TRUMAN M. HOBBS, JR.
CIRCUIT JUDGE

Copies:
Judge Charles Price
District Attorney
Rodney Otis Burton


RECEIVED
3-21-07
CIRCUIT COURT CLERK

IN THE CIRCUIT COURT FOR
THE FIFTEENTH JUDICAL CIRCUIT
MONTGOMERY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1996 |
| v. | ) | CASE NO. CC-1985-1047, 1048 |
| | ) | |
| BURTON, RODNEY, AIS #175034 | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE TO ORDER

Comes now Alabama Department of Corrections, by and thru the undersigned Counsel, and in response to the Order of the Court entered on the 21ST day of February 2007, submits the following attached certified documents regarding the inmate's conduct while incarcerated. These documents are submitted in accordance with the Alabama Supreme Court's holding in *Ex Parte State (In Re: Junior Mack Kirby v. State), 2004 WL 1909345 (Ala. 2004).*

1. Documents certified by Kathy Holt, Director of Records.

Respectfully submitted,

KIM THOMAS
GENERAL COUNSEL
DEPUTY ATTORNEY GENERAL

1

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
Post Office Box 301501
301 South Ripley Street
Montgomery, Alabama 36130-1501
(334) 353-3885

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon:

Hon. Michael Dean
Office of District Attorney
251 South Lawrence Street
Post Office Box 1667
Montgomery, AL 36102-1667

Hon. Greg Griffin
Board of Pardons and Paroles
Post Office Box 302405
Montgomery, Alabama 36130-2405

Inmate Rodney Burton, AIS #175034
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 36104

by placing same in the United States Mail, first class postage prepaid, and properly addressed March 28, 2007.

KIM T. THOMAS
GENERAL COUNSEL

2





### State of Alabama
# Alabama Department of Corrections
301 South Ripley Street
P. O. Box 301501
Montgomery, AL 36130

BOB RILEY
GOVERNOR

RICHARD F. ALLEN
COMMISSIONER

March 28, 2007

Honorable Charles Price
P. O. Box 1667
Montgomery, AL 36102-1667

Dear Judge Price:

This is to certify that I (Kathy Holt) am Director, Central Records Office, and that I am the legal custodian of inmate central records on file with the Alabama Department of Corrections and the enclosed or attached documents are true and correct copies taken directly from the records on file with the Department of Corrections and pertain to none other than the person whose name appears hereon:

| Rodney Otis Burton | 175034X | B/M | Montgomery |
|---|---|---|---|
| NAME | NUMBER | R&S | COUNTY |

### DOCUMENTS ENCLOSED/ATTACHED
(A) Inmate Summary
(B) Transcripts – CC96-1047; CC96-1048; CC93-351; CC93-1512
(C) Major Institutions-Behavior Citation of 3/28/96 for rule #64
(D) Honor Community Resident's Datasheet of 2/20/07
(E) Honor Community Resident's Datasheet of 6/28/04
(F) Honor Community Resident's Datasheet of 6/21/03
(G) Honor Community Resident's Datasheet of 6/20/00
(H) Certificate of Achievement for living & participating in W.E. Donaldson Honor Community for 6 months
(I) Honor Community Resident's Datasheet of 7/1999
(J) Certificate of Achievement participation in Emotional Awareness/Emotional Healing course from 3/10/98 to 5/21/98

KATHY HOLT
Director of Records

SWORN TO AND SUBSCRIBED BEFORE ME
THIS THE 28th DAY OF MARCH 2007

Kimberly Whitney, Notary Public
State of Alabama at Large
MY COMMISSION EXPIRES October 27, 2009

Telephone (334) 353-9739          Fax (334) 353-9735

ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 03/16/2007

CBR716-2                                                        CODE: CRSUM

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

AIS: 00175034X   INMATE: BURTON, RODNEY OTIS              RACE: B  SEX: M

INST: 040 = WILLIAM E. DONALDSON CORR. FAC  DORM:  HD  JAIL CR: 002Y 11M 06D

DOB: 01/10/1967  SSN: 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

ALIAS: BURTON, OTIS

ADM DT: 10/07/1993 DEAD TIME: 000Y 00M 00D   *INMATE SERVING LIFE W/OUT PAROLE*

ADM TYP: NEW COMMITMENT - SPLIT SENTENC   STAT: REMOVED FROM SEGREGATION

CURRENT CUST: MED-9   CURRENT CUST DT: 07/18/1997  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (5) FIVE

SERVING UNDER ACT446 LAW IN CLASS IV      CURRENT CLASS DATE:   08/03/1999
INMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

| COUNTY | SENT DT | CASE NO | CRIME | JL-CR | TERM |
|---|---|---|---|---|---|
| MONTGOMERY | 08/22/95 | N93000351 | ATT TO COMMIT CONT SUU/INV COCAINE | * 0138D 005Y 00M 00D CS | |

        ATTORNEY FEES : $000150      HABITUAL OFFENDER : N
        COURT COSTS   : $000292      FINES : $0000000   RESTITUTION : $0000050
MONTGOMERY 08/22/95 N93001512 ESCAPE III                  * 0430D 010Y 00M 00D CS
        ATTORNEY FEES : $000150      HABITUAL OFFENDER : N
        COURT COSTS   : $000163      FINES : $0000000   RESTITUTION : $0000025
MONTGOMERY 03/19/97 N96001047 KIDNAPPING I                  0636D  LWOP    CS
        ATTORNEY FEES : $000150      HABITUAL OFFENDER : Y
        COURT COSTS   : $000568      FINES : $0000000   RESTITUTION : $0000050
MONTGOMERY 03/19/97 N96001048 RAPE I                        0636D  LWOP    CS
        ATTORNEY FEES : $000150      HABITUAL OFFENDER : Y
        COURT COSTS   : $000240      FINES : $0000000   RESTITUTION : $0000050

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | GOOD TIME REV | LONG DATE |
|---|---|---|---|---|
| LWOP | 00/00/0000 | | | 99/99/9999 |

INMATE LITERAL:
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DETAINER WARRANTS SUMMARY

>DET WRT 07/11/1995 TYPE PAROLE VIOLATION WARRANT CENTRAL RCD OFF/DEPT OF CORR
    LITERAL: 0000000000000000000000000000000    SEQ #: 02    CASE #: 0000000000
    OFFENSE: 916 - PAROLE VIOLATION

>DET WRT 01/13/1994 TYPE TEMPORARY DETAINER       MONTGOMERY MUNICIPAL COURT
    LITERAL: 2 CASES & TRESPASSING III            SEQ #: 01    CASE #:
    OFFENSE: 023M - ASSAULT III

CONTINUED ON NEXT PAGE

ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 03/16/2007

CBR716-2                                                              CODE: CRSUM

※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※    CONTINUATION    ※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※

AIS: 00175034X    INMATE: BURTON, RODNEY OTIS                RACE: B    SEX: M

※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※

ESCAPEE-PAROLE SUMMARY

    INMATE CONVICTED ON 08/22/1995 FOR ESCAPE III

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE IS CURRENTLY BARRED FROM PAROLE

    INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B
※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※※

DISCIPLINARY/CITATION SUMMARY

   >> CITATION: 03/28/1996                          CUST FROM MED2 TO MED2
     CITATION TYPE: BEHAVIOR CITATION        AT INST: 017    RULE NUMBER: 64
    RETAINED DAYS: 0000    SEQ #: 01    RULE LIT: POSSESSION OF CONTRABAND

SCANNED BY HDI
QCd by MR

ACS859

ALABAMA JUDICIAL DATA CENTER
MONTGOMERY COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 96 001047.00
SARAH M. GREENHAW

| CIRCUIT COURT OF MONTGOMERY COUNTY | COURT ORI: 003045 J |
|---|---|

STATE OF ALABAMA    VS.                          DC NO: 9500238000

BURTON RODNEY OTIS          ALIAS: BURTON OTIS        G J:   196
460 YOUGENE CURVE           ALIAS:                    SSN:   416985682
MONTGOMERY  AL  36104                                 SID:
                                                      AIS:

DOB:  01/10/67   SEX: M   HT: 5 10   WT: 180   HAIR:       EYE:

RACE: ( ) W ( X ) B ( ) O   COMPLEXION: _____ AGE: _____ FEATURES:

DATE OFFENSE: 06/20/95   ARREST DATE: 04/21/95   ARREST ORI: MMPD

CHARGES @ CONV              CITES            OFF CLASS: ( X ) A ( ) B ( ) C
KIDNAPPING 1ST DEGREE       13A-006-043

JUDGE: SARAH M. GREENHAW           PROSECUTOR: HARVEY, HUBBARD HENRY, J

PROBATION APPLIED   GRANTED  DATE    REARRESTED DATE   REVOKED   DATE

( ) Y ( ) N          ( ) Y ( ) N _____   ( ) Y ( ) N _____   ( ) Y ( ) N _____

ACT 754-76                     IMPOSED    SUSPENDED    TOTAL    JAIL CREDIT
( ) Y ( X ) N  CONFINEMENT:   00 00 000   00 00 000   00 00 000   00 00 636
               PROBATION  :   00 00 000                00 00 000

DATE SENTENCED: 03/19/97   SENTENCE BEGINS:      03/19/97

| PROVISIONS | COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|---|
| COURT COSTS | RESTITUTION | $0.00 | $0.00 |
| RESTITUTION | ATTORNEY FEE | $150.00 | $150.00 |
| CRIME VICTIM | CRIME VICTIMS | $50.00 | $50.00 |
| RECOUPMENT | COST | $568.00 | $568.00 |
| PENITENTIARY | FINE | $0.00 | $0.00 |
| LIFE WO PAROL | MUNICIPAL FEES | $0.00 | $0.00 |
| HABITUAL OFDR | DRUG FEES | $0.00 | $0.00 |
| | ADDTL DEFENDANT | $0.00 | $0.00 |
| | DA FEES | $0.00 | $0.00 |
| | COLLECTION ACCT | $0.00 | $0.00 |
| | TOTAL | $768.00 | $768.00 |

APPEAL DATE      SUSPENDED        AFFIRMED        REARREST

( X ) Y ( ) N 03/19/97  ( ) Y ( ) N _____  ( ) Y ( ) N _____  ( ) Y ( ) N _____

REMARKS:  AC 175034X Kilby CF   THIS IS TO CERTIFY THAT THE
                                ABOVE INFORMATION WAS EXTRACTED
                                FROM OFFICIAL COURT RECORDS AND
                                AND IS TRUE AND CORRECT.

ENTERED TERMINAL
DATE 3-19 BY

Debra P. Hackett

CIRCUIT CLERK

03/28/97

OPERATOR:  REW
PREPARED:  03/28/97

SCANNED BY HDI          QC'd by MR

ACS359                    ALABAMA JUDICIAL DATA CENTER
                            MONTGOMERY COUNTY
                          TRANSCRIPT OF RECORD
                          CONVICTION REPORT

                                      CC 96 001048.00
                                      SARAH M. GREENHAW

| CIRCUIT COURT OF MONTGOMERY COUNTY | COURT ORI: 003045 J |
|---|---|

| STATE OF ALABAMA     VS. | DC NO: 9500237900 |
|---|---|

| BURTON RODNEY OTIS    ALIAS: BURTON OTIS | G J: 197 |
| 460 YOUGENE CURVE     ALIAS: | SSN: 416985682 |
| MONTGOMERY  AL  36104 | SID: |
| | AIS: |

DOB: 01/10/67   SEX: M   HT: 5 10   WT: 180   HAIR:      EYE:

RACE: ( )W (X)B ( )O   COMPLEXION: _____   AGE: _____   FEATURES:

DATE OFFENSE: 06/20/95   ARREST DATE: 06/21/95   ARREST ORI: MMPD

CHARGES @ CONV          CITES          OFF CLASS: (X)A ( )B ( )C
RAPE 1ST DEGREE         13A-006-061

JUDGE: SARAH M. GREENHAW          PROSECUTOR: HARVEY, HUBBARD HENRY, J

PROBATION APPLIED   GRANTED   DATE   REARRESTED DATE   REVOKED   DATE
( )Y( )N _____   ( )Y( )N _____   ( )Y( )N _____   ( )Y( )N _____

ACT 254-76          IMPOSED      SUSPENDED     TOTAL       JAIL CREDIT
( )Y (X)N  CONFINEMENT:  00 00 000  00 00 000  00 00 000   00 00 636
           PROBATION :   00 00 000             00 00 000

DATE SENTENCED: 03/19/97   SENTENCE BEGINS:   03/19/97

| PROVISIONS | COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|---|
| COURT COSTS | RESTITUTION | $0.00 | $0.00 |
| RESTITUTION | ATTORNEY FEE | $150.00 | $150.00 |
| CRIME VICTIM | CRIME VICTIMS | $50.00 | $50.00 |
| RECOUPMENT | COST | $240.00 | $240.00 |
| PENITENTIARY | FINE | $0.00 | $0.00 |
| LIFE WO PAROL | MUNICIPAL FEES | $0.00 | $0.00 |
| HABITUAL OFDR | DRUG FEES | $0.00 | $0.00 |
| | ADDTL DEFENDANT | $0.00 | $0.00 |
| | DA FEES | $0.00 | $0.00 |
| | COLLECTION ACCT | $0.00 | $0.00 |
| | TOTAL | $440.00 | $440.00 |

APPEAL DATE       SUSPENDED       AFFIRMED          REARREST

(X)Y( )N 03/19/97 ( )Y( )N _____   ( )Y( )N _____   ( )Y( )N _____

REMARKS:

                          THIS IS TO CERTIFY THAT THE
                          ABOVE INFORMATION WAS EXTRACTED
                          FROM OFFICIAL COURT RECORDS AND
                          AND IS TRUE AND CORRECT.

50% OF MONIES TO COURT

                          Debra P. Hackett
                          CIRCUIT CLERK

                          03/28/97

ENTERED TERMINAL
DATE 3 31 97 BY

OPERATOR: REW
PREPARED: 03/28/97

SCANNED BY HM

ALABAMA JUDICIAL DATA CENTER
MONTGOMERY COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 93 000351 00
JOSEPH D PHELPS

CIRCUIT COURT OF MONTGOMERY COUNTY                  COURT GRI  000045 J

STATE OF ALABAMA          VS                         SID  9200722100

BURTON RODNEY OTIS           ALIAS                    DL    20
900 NATIONAL AVENUE          ALIAS                    SSN   416485682
MONTGOMERY  AL  36100                                FBI   11036453
                                                     AIS

DOB  01/10/62    SEX  M    HT  5 07    WT  160  HAIR  BLK    EYE

RACE ( )W (X)B ( )O   COMPLEXION:          AGE        FEATURES:

DATE OFFENSE  12/03/92   ARREST DATE  12/25/92  HARDEL DAI  ALCOHOL

CHARGES @ CONV              CITE         OFF CLASS    ( )A ( )B (X)C
POSS COCAINE-ATTEMPTED     13A-004-02

JUDGE: JOSEPH D PHELPS              PROSECUTOR: HITSON, KENNETH ALLEN, J

PROBATION APPLIED   GRANTED  DATE     REARRESTED DATE  REVOKED  DATE
( )Y( )N _____  (Y)Y( )N _____    ( )Y( )N _____  (X)Y( )N 08/22/95

ACT 254-76            IMPOSED    SUSPENDED    TOTAL     JAIL CREDIT
( )Y (X)N  CONFINEMENT:  05 00 00L  00 00 000  05 00 000  00 00 000
           PROBATION  :  00 00 00L             00 00 000

DATE SENTENCED: 10/07/93   SENTENCE BEGINS:      08/22/95

PROVISIONS              COSTS/RESTITUTION          DUE        ORDERED
COURT COSTS            RESTITUTION             $0 00         $0 00
CRIME VICTIMS          ATTORNEY FEE          $150 00       $150 00
RECOUPMENT            CRIME VICTIMS           $50 00        $50 00
PENITENTIARY          COST                   $272 00       $422 00
                      FINE                     $0 00         $0 00
                      MUNICIPAL FEES           $0 00         $0 00
                      DRUG FEE                 $0 00         $0 00
                      COURT DEFENDANT          $0 00         $0 00
                      DA FEES                  $0 00         $0 00

                      TOTAL                  $472 00       $622 00

APPEAL DATE     AFFIRMED             REARREST
( )Y( )N _____  ( )Y( )N _____    ( )Y( )N _____  ( )Y( )N

REMARKS:    175034 (44)        THIS IS TO CERTIFY THAT THE
                               ABOVE INFORMATION WAS EXTRACTED
                               FROM OFFICIAL COURT RECORDS AND
                               ARE TRUE AND CORRECT
JAIL CREDIT INCLUDES ALL TIME IN COUNTY JAIL

                               _Debra P. Hackett_
                               CIRCUIT CLERK

OPERATOR: DOB
PREPARED: 09/26/95

AC8359

ALABAMA JUDICIAL DATA CENTER
MONTGOMERY COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 93 001012 00
JOSEPH D PHELPS

CIRCUIT COURT OF MONTGOMERY COUNTY                    COURT ORI: 003045 J

STATE OF ALABAMA                                      AR NO: 000000000

BURTON RODNEY OTIS              ALIAS:                 CJ: 168
730 NATIONAL AVE                ALIAS:                 SSN: 416985682
MONTGOMERY AL 36108                                   SID: 000000000
                                                      ALI

DOB: 01/10/__    SEX: M    HT: 5 08    WT: 177    HAIR: BLK    EYE:

RACE: ( )W (X)B ( )O    COMPLEXION:          AGE:          FEATURES:

DATE OFFENSE: 00/00/00    ARREST DATE: 00/00/00    ARREST ORI:

        CHARGES & CONV              CITES          OFF CLASS ( )A ( )B (X)C
ESCAPE 3RD DEGREE                 13A-010-033

JUDGE: JOSEPH D PHELPS                      PROSECUTOR: MCCOOEY, TRACY STEWART

PROBATION APPLIED    GRANTED DATE    REARRESTED DATE    REVOKED    DATE

( )Y( )N              (Y)Y( )N         Y( )N           (X)Y( )N 08/22/95

ACT 754-76                    IMPOSED    SUSPENDED    TOTAL    JAIL CREDIT
( )Y (X)N    CONFINEMENT:    10 00 000   00 00 000   10 00 000   00 00 075
             PROBATION:      00 00 000               00 00 000

DATE SENTENCED: 11/09/92    SENTENCE BEGINS:    08/22/95

PROVISIONS                  COSTS/RESTITUTION            DUE        ORDERED

COURT COSTS               RESTITUTION               $0.00        $0.00
CRIME VICTIM              ATTORNEY FEE             $150.00      $150.00
RECOUPMENT               CRIME VICTIMS             $25.00       $25.00
PENITENTIARY             COST                     $163.00      $163.00
HABITUAL OFDR            FINE                       $0.00        $0.00
                         MUNICIPAL FEES             $0.00        $0.00
                         DRUG FEES                  $0.00        $0.00
                         ADDL PUNISHMENT            $0.00        $0.00
                         DA FEES                    $0.00        $0.00

                         TOTAL                    $338.00      $338.00

APPEAL DATE          SUSPENDED              AFFIRMED          REARREST

( )Y( )N _____    ( )Y( )N _____    ( )Y( )N _____    ( )Y( )N

REMARKS:                                  THIS IS TO CERTIFY THAT THE
                                          ABOVE INFORMATION WAS EXTRACTED
                                          FROM OFFICIAL COURT RECORDS AND
                                          AND IS TRUE AND CORRECT
JAIL CREDIT INCLUDES ALL TIME IN COUNTY JAIL CC NO 93-301

                                          *Debra P. Hackett*
                                          CIRCUIT CLERK

                                          09/26/95

OPERATOR: DOD
PREPARED: 09/26/95

SCANNED BY HDI

QC'd by MK

ALABAMA DEPARTMENT OF CORRECTIONS
MAJOR INSTITUTIONS – BEHAVIOR CITATION

INMATE: _Burton, Rodney_    AIS: _175034_    CELL/DORM/BED #: _83_

FACILITY: _Bibby_    JOB ASSIGNMENT: _Kitchen_    CUSTODY: _____

The above named inmate is cited by _Fred Bye_ for the following
violation(s) of institutional/departmental rule(s) 63 as described:
_64 Possession of Contraband – approximately 3 to 4 pounds_
_of fresh hamburger meat._

Date of Infraction: _3-25-96_  Time of Infraction: _5:00_  (a.m. or p.m

Location of Infraction: _RcB bed 83_

_Fred Bye    3/25/96_
Citing Employee's Signature/Date

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
I have investigated the circumstances surrounding this citation and recommend that
the following sanction(s) be taken against this inmate:

( ) Counseling/Warning
(✓) Loss of Canteen Privileges for _30_ days
( ) Loss of Visiting Privileges for _30_ days
( ) Loss of Telephone Privileges for ____ days
( ) Extra Duty for ____ days at ____ hours per day under supervision of ____ Shift.
( ) Wear PINK inmate clothing for ____ days (Indecent Exposure/Exhibitionism)**
( ) Removal from Incentive Program
( ) Removal from Hobby Crafts Program

_Rodney O. Burton_  175034  _Lt. C. Browning_  3/25/96
Inmate's Signature–AIS–Date  3/27/96  Shift Supervisor's Signature–Title–Date

**Wearing of PINK clothing must be approved by the Warden
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
After having reviewed this citation and the recommended sanctions presented, the
following action is approved:

(✗) Citation and sanctions are approved
( ) Citation and sanctions are approved as modified below:

_____

( ) Citation and sanctions are disapproved and formal disciplinary action is to b
    immediately initiated under the provisions of AODC AR 403.
( ) Citation and sanctions are disapproved. Expunge action from inmate's file

_3/25/96_    _E. Mason  3/28/96_
Effective Date of Sanctions    Warden–Designee's Signature–Date
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Inmate's receipt of completed action:    X _Rodney O. Burton_ 175034
                                          Inmate's Signature/AIS/Date
Serving Officer's Initials: _OPS_                    3/27/96

Distribution: ( ) Shift Cmdr ____ Shift ( ) Adm. Lt.s File ( ) Visitation Offic
              ( ) Inmate's File ( ) Central Records ( ) Inmate ( ) Cantee

Entered Issued: _3/28_ By: ____
Date: _3/28_ By: ____

03/15/07  THU 10:04 FAX 205 436 3399    WM. E. DONALDSON    ☒ 0023

# HONOR COMMUNITY
## RESIDENT'S DATASHEET
### TUESDAY, FEBRUARY 20, 2007

**Burton, Rodney  175034X**

**Bed#** O-001B      **GED:** Yes

**Entry Date:** 2/24/1998    **Hours Worked:** 428

**Points:** 50\50

**Hours Required:** 596

---

**Current Classes**
Free Men
Overcoming Addictions
Understanding Covenant Principles
Warriors of the Word Bible Study

**Job(s)**
Class Fascilitator
Community Representative
Laundry

**Classes Graduated/Accomplishments**
Twelve Principles for Transformation I
Understanding Covenant Principles One
Men of Valor
Word of Life Bible Study I
Word of Life Bible Study II
Crew Member of the Month-Jan. 2004
Overcoming Addictions One
Problem Solving

**Comments:**

Mr. Burton has been a member of the Honor Community since it began in 1998. As a long time resident in the program he is very supportive of the program, participates well and serves as a positive role model to other residents. He is currently serving as a community representative, the highest level of inmate leadership in the program. He is very involved in classes offered in the program. He is the facilitator of one of the classes. He has obtained many certificates in the past classes he has taken, too numerous to list here. He continues to work in the institutional laundry. He strives to walk with God and overall, he is an asset to this program. He has grown alot in the past years.

David P. Hucher
Program Coordinator
2-21-07

# HONOR COMMUNITY
## RESIDENT'S DATASHEET
### MONDAY, JUNE 28, 2004

| | | |
|---|---|---|
| **Burton, Rodney 175034X** | **Bed#** B-100 | **GED:** Yes |
| | **Entry Date:** 2/24/98 | **Hours Worked:** 160 |
| | **Points:** 49\50 | **Hours Required:** 232 |

| Current Classes | Job(s) | Classes Graduated/Accomplishments |
|---|---|---|
| Overcoming Addictions | Library Crew | Twelve Principles for Transformation I |
| Warriors of the Word Bible Study | Laundry | Understanding Covenant Principles One |
| Word of Life Bible Study | | Men of Valor |
| | | Word of Life Bible Study I |
| | | Word of Life Bible Study II |
| | | Overcoming Addictions One |
| | | Crew Member of the Month-Jan. 2004 |
| | | Problem Solving |

**Comments:**

Rodney has been a member of the Honor Community since its beginning in 2/98. He has always shown good involvement in classes offered in the dorm and continues to do so. He has completed many, many classes, too many to list on this sheet. He is more supportive of the program now, than a year ago. He was encouraged to be even more of an asset to the dorm, given his long stay there. He is a faithful worker in the institutional laundry.

Chaplain

Bill Henry
2-28-04

David P. Bucker
Assistant Chaplain
6-28-04

# Honor Community

## Resident's Datasheet

### Saturday, June 21, 2003

✓ Active/Inactive

**Bed#** B-100                           GED: Yes

**Burton    Rodney    175034X    EntryDate:** 2/24/98    **Hours/worked** 32

**Points:** 50/50                        **HoursRequired** 4

| Current Classes | Job(s) | Classes Graduated/ Accomplishments |
|---|---|---|
| Word of Life Bible Study | Laundry | Problem Solving 7/98 |
| Warriors of the Word Bible Study | Library | Beat the Street 6/98 |
| Overcoming Addictions | | That the World may Know 10/98 |
| Twelve Principles for Transformation | | Resolving Conflict |
| | | Building Better Relationship 7/00 |
| | | Combating Criminal Thinking |
| | | Keys to loving Relationships |
| | | Warrior of the Word 6/03 |
| | | Word of Life |

Comments:

Rodney is a longtime member of the honor dorm. He seems very supportive of the program. I would like to see a little more leadership expression because of being in there for such a long time. But otherwise, it is good to have him there, and he is very involved in the classes that are offered in B-dorm.

O/C
Chaplin
Bell Judy
1-23-03

David Bucher
assistant Chaplain
6/21/03

# HONOR COMMUNITY
## RESIDENT'S DATASHEET
### TUESDAY, JUNE 20, 2000

| | |
|---|---|
| **Burton, Rodney 175034X** | **Bed#** 3-95-B   **GED:** Yes |
| | **Entry Date:** 2/24/98   **Hours Worked:** 244 |
| | **Points:** 50\50   **Hours Required:** 244 |

**Current Classes**
Building Better Relationships

**Job(s)**
Laundry
Library Crew

**Classes Graduated/Accomplishments**
Beat the Streets
Cognitive Thinking
Effective Communications
Free As An Eagle
Resolving Conflict
So The World May Know
Keys To Loving Relationships
Effects of Crime on Humanity

**Comments:**

Rodney is an excellent example of positive behavior and attitude in the Honor Community. Rodney seems eager to learn and willing to work.

Steve Longnecker
Honor Community Coordinator

# CERTIFICATE OF ACHIEVEMENT

**W. E. DONALDSON CORRECTIONAL FACILITY**

## HONOR COMMUNITY

*This certifies that*

**Rodney Otis Burton AIS # 175034X**

*has lived
and participated in
the programs offered in the W. E. Donaldson Honor Community
for the past six months.*

Signature _____

Signature _____

Date  11-6-58

# Honor Community
## Resident's Datasheet
### July 1999

| | | |
|---|---|---|
| **Burton, Rodney  175034** | **Bed#** 3-95-B | **GED:** Yes |
| | **Entry Date:** 2/24/98 | **Hours Worked:** 44 |
| | **Points:** 48/50 | **Hours Required:** 44 |

**Current Classes**
Keys To Loving Relationships

**Job(s)**
Laundry
Audio/Visual Crew

**Classes Graduated/Accomplishments**
Beat the Streets
Cognitive Thinking
Effective Communications
Free As An Eagle
Resolving Conflict
So The World May Know

**Comments:**

Rodney is an asset to the Honor Community. His participation as a worker and learner is better than average. As a long term resident of the Honor Community, Rodney continues to demonstrate a positive role model for incoming and newer residents.

Steve Longenecker
Honor Community Coordinator

03/15/07  THU 10:05 FAX 205 436 3399      WM. E. DONALDSON                      ☒008

# CERTIFICATE OF ACHIEVEMENT

Awarded to

Rodney Burton 175034

at

Donaldson Correctional Facility

for participation in the

Emotional Awareness/Emotional Healing Course

from  3/10/98  to  5/21/98

Robin  Casarjian, author of
Houses of Healing: A Prisoner's Guide
to Inner Power and Freedom

Coordinator for Alabama DOC

*State of Alabama*
*Department of Corrections*

# Certificate of Achievement

**Rodney Burton 175034**

(NAME)

**IS CITED FOR**

Successfully Attending
*12 Meetings of*
*Narcotics Anonymous*

Issued this    13    day of    July    19   98



**IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY, ALABAMA**

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CC 1996-1047, 1048 |
| | ) | |
| RODNEY BURTON | ) | |
| Defendant. | ) | |

**STATE'S RESPONSE TO MOTION FOR
RECONSIDERATION OF SENTENCE & MOTION TO DISMISS**

COMES NOW the State of Alabama, by and through its District Attorney for the

Fifteenth Judicial Circuit, Eleanor I. Brooks, and submits the following response to the

Defendant's motion seeking reconsideration of his sentence filed pursuant to Ala. Code

§13A-5-9.1 and Kirby v. State, 899 So. 2d 968 (Ala. 2004). In support of this motion, the

State of Alabama offers the following:

**Procedural Background**

1. The Defendant was convicted of Rape I and Kidnapping I in these cases, which arose out of the same facts.

2. The Defendant has made a motion seeking reconsideration of his sentence pursuant to Ala. Code §13A-5-9.1 and Kirby.

3. According to the State's records, the Defendant had been previously convicted of multiple offenses, including, POM, Forgery II, Trespassing I, Resisting an Officer, Attempt to Commit a Controlled Substance Crime, Criminal Mischief III, Criminal Trespassing I, Escape III, and Assault III. The Defendant had also been arrested for Rape I, but was not indicted.

4. While incarcerated, the Defendant has been disciplined for Possession of Contraband.

5. Of the offenders whose sentences are eligible for reconsideration under Kirby, "the judge can resentence only those who are *nonviolent offenders*." Id. (emphasis added). Kirby, 899 So. 2d at 974.

1

6. Since the Defendant was convicted of a Class A Felony without having been convicted of a prior Class A Felony, he is eligible for reconsideration of his sentence under Kirby, unless the Court finds him to be a violent offender.

7. In this case, the Defendant forced the Victim into a car at knifepoint, drove her to another location, where he forcibly raped her. He then claimed the intercourse was consensual.

8. This is a violent offense, and the Defendant should not be granted relief.

Wherefore, the premises considered, the State asks the Court to deny the

Defendant's motion seeking reconsideration of his sentence.

Respectfully submitted, this the ___ day of ___ March ___, 2007.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

Michael Dean
Deputy District Attorney

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served upon the Defendant by hand-delivery or by placing a copy of the same in the U.S. Mail, first-class postage pre-paid, and addressed to the Defendant at AIS#175034, 100 Warrior Lane, Bessemer, AL 36104.

Done, this the 2ª day of _March_ , 2007.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

Michael Dean
Deputy District Attorney

3



IN THE CIRCUIT CRIMINAL COURT OF MONTGOMERY COUNTY, ALABAMA

Rodney Otis Burton,

Petitioner,

vs.

State of Alabama,

Respondent.

MAR 2007
Filed
Melissa Rittenour
Circuit Clerk

Case No. CC 96-1047, 1048

## MOTION TO MOVE FORWARD WITH §13A-5-9.1 PROCEEDING BASED ON FAILURE TO TIMELY PROVIDE EVALUATION BY THE DEPARTMENT OF CORRECTIONS

COMES NOW your petitioner Rodney Otis Burton ("Burton"), in the above-styled cause and moves this Court to move forward with his request for resentencing pursuant to §13A-5-9.1, Code of Ala., based upon the failure of the Department of Corrections to timely submit an inmate evaluation in this cause. In support thereof the following is shown:

1. On February 21, 2007, this Court entered an order continuing its March 30, 2007, hearing date, and ordered the DOC to submit an inmate evaluation in this cause. This Court gave the DOC 30 days to submit its information. This Court further gave the State an extension of time within which to file their response. Lastly, this Court stated it would review the DOC evaluation and the State's response before resetting a hearing date.

2. The DOC evaluation was due on or before March 23, 2007. Burton has not received a copy thereof, as this Court instructed. It is presumed that the DOC failed to submit its evaluation by the March 23, 2007, due date.

3. Kirby v. State, 899 So.2d 968, 974 (Ala. 2004), states:

"While the information available to the court in the DOC's evaluation will be helpful in making its determination, we conclude that the administration of §13A-5-9.1 requires that if the DOC does not provide the evaluation in a timely fashion, the State will have waived any input as to the inmate's conduct while incarcerated that the sentencing

judge or the presiding judge might have otherwise considered in determining whether the inmate is a nonviolent offender."

(emphasis added).

WHEREFORE, the premises considered, Burton prays this Court will move forward in this proceeding and reset the hearing date and reissue the transport orders at the earliest possible time.

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of this motion has been served by placing same in the prison mailbox, first class postage pre-paid and thusly addressed:

Ellen Brooks, D.A.
Montgomery County Circuit Court
P.O. Box 1667
Montgomery, AL 36102-1667

Respectfully Submitted,

*Rodney O. Burton*

Rodney Otis Burton
#175034/O1-Dorm
100 Warrior Lane
Bessemer, AL 35023-7299

March 28, 2007

Rodney Burton
#175034/01-Dorm-16
100 Warrior Lane
Bessemer, AL 35023-7299

LEGAL MAIL

Filed
Melissa Rittenour
Circuit Clerk

Melissa A. Rittenour, Circuit
Clerk
251 South Lawrence Street
Montgomery, AL 36104



E. BIRMINGHAM AL 352

28 MAR 2007 PM 5 L

4-31-07

From: Rodney otis Burton

Case No. CC 96-1047, 1048

RE: A 13A-5-9.1: Reconsideration of sentence.

I'm asking that you take this letter into consideration before you make your final judgments concerning the motion I filed for reconsideration of sentence.

RECEIVED
4-12-07
CIRCUIT COURT CLERK

Sir,,

I came before you on 4-30-07 on the above motion. I didn't have a cansel nor did I represent myself as good as I could have. A lot of things that I wanted to say for some reason just wouldn't come out. I was anxious and afraid. I stood there and let the D.A. eat me alive and I didn't defend myself. This is what I would like for you to know: I only have (3) prior conviction which are: Forgery II, Escape III, and poss. of a controlled substance. My current conviction is Rape I + Kidnapping I. These (5) are the only felony that I have. My prison record have no Disciplinary I only had one(1) citation I recieve back on 3-28-96. The D.A. tried to make thing worse by saying that I have a Trespassing I, POM, resisting an officer, criminal

Mischief III, Criminal Trespassing I, And Assault III. All of these thing happen over 15 year ago over at the Montg. Municipal Court And they have nothing to do with this Reconsideration Motion. I know that Rape I And Kidnapping I are consider violent. On 3-19-07 I file a supplement 13A-5-9-1 motion for reconsideration of sentence with an affidavit from victim in favor of a reduceed sentence. I don't know if you ever did see this affidavit so I'm attching a copy of it to this letter, the original I filed with this court on 3-19-07. None of my priors are violent or of a sexual nature. I have been in prison going on 12 years All I'm asking this court to is grant this motion so that I can have a chance to make parole. I'm requesting that you turn my without the possibility of parole into a life sentence. Back in 1996 the D.A. office did offer me a life sentence but I didn't take it. These last 12 years I have only been doing the things in prison to change my life, I have over 30 different certificate, many work reports. I Just ask that you will take this letter into consideration in making your Judgment

Thank you very much for your time. Sincerely:

Rodney O. Burton

## AFFIDAVIT OF KATRINA LASHONDA SMITH

My name is Katrina LaShonda Smith. I am over the age of twenty-one years. I am the victim in the case of State versus Rodney Otis Burton. (Montgomery County Circuit Court, Case No. CC 96-1047; CC 96-1048). It is my understanding that Rodney Otis Burton has filed a motion for reconsideration of his sentence of life without parole imposed in these cases. I hereby state on the record that I do not have any objection, and in fact I would ask the Court to reduce Mr. Burton's sentence in this case. I would further ask the Court that if it decides to reduce Mr. Burton's sentence, thereby making him eligible for parole consideration, that the Court would recommend to the Parole Board that Mr. Burton be paroled at the earliest possible time.

I would further like to express to the Court that I believe people make mistakes, and I fully believe in giving someone like Mr. Burton a second chance. I have spoken with Mr. Burton on several occasions, and I fully believe that he has repented of his past actions and have found him to be a very sincere young man.

I would be willing to come to any forthcoming hearing or hearings in this matter to speak on behalf of Mr. Burton.

### AFFIANT'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear under the penalty for perjury that the foregoing is true and correct. Executed on ___March 15,___ , 2007.

_Katrina L. Smith_
Katrina LaShonda Smith, Affiant

SWORN TO AND SUBSCRIBED before me this the __15 TH__ day of __March__ , 2007

_____
Notary Public

MONTGOMERY AL 361

02 APR 2007 PM 1 T

Rodney Burton
#21042-MCDF
P.O. Box-4599
Montg, AL 36103

Hon. Judge Chris S. Price
P.O. Box 1667
Montg, AL 36100-1667

361024 1667

INMATE MAIL

### IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
### MONTGOMERY, ALABAMA

| | | |
|---|---|---|
| **STATE OF ALABAMA** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CC 1996-1047, 1048** |
| | ) | |
| **RODNEY BURTON** | ) | |
| **Defendant.** | ) | |

### ORDER

This cause is before the Court on the State's Motion for Defendant's Prison Records. Based on the Alabama Supreme Court's ruling in <u>Kirby v. State</u>, 899 So. 2d 968 (Ala. 2004), the State's motion is hereby **GRANTED.** The Department of Corrections is **ORDERED** to provide this Court with all records it has in its possession pertaining to the conduct of the above-named Defendant, Rodney Burton, AIS #175034, while he has been incarcerated. The Department of Corrections is also to provide this information to the State so it may properly address the Defendant's motion, as well as to the Defendant.

The Department of Corrections is to provide this information within thirty **(30)** days of the date of this order, except for good cause shown.

Done, this the 21st day of Feb , 2007.

_Charles Price_
Hon. Charles N. Price
Circuit Judge

cc:   Hon. Michael Dean, DDA

Alabama Department of Corrections, Central Records,
301 South Ripley Street, Montgomery, AL 36104

RODNEY BURTON AIS#175034
DONALDSON C F

RECEIVED
4-12-07
CIRCUIT COURT CLERK

## IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CC 1996-1047, 1048 |
| | ) | |
| RODNEY BURTON | ) | |
| Defendant. | ) | |

### ORDER

This cause is before the Court on the Defendant's motion requesting that his sentence be reconsidered pursuant to Ala. Code §13A-5-9.1 and Kirby v. State, 899 So. 2d 968 (Ala. 2004) and the State's Motion for Defendant's Prison Records and Motion for Enlargement of Time. Upon consideration thereof, this Court hereby finds as follows:

As to the Defendant's request for reconsideration, the Court will review the Department of Corrections' records pertaining to the Defendant's conduct while incarcerated and the State's answer before setting a hearing. Therefore, the State's Motion for Enlargement of Time is due to be, and is hereby, **GRANTED.** The State will have an opportunity to review the Department of Corrections' records before filing its answer.

Done, this the 21st day of ___Feb___, 2007.

RECEIVED
4-19-07
CIRCUIT COURT CLERK

_Charles Price_
Hon. Charles N. Price
Circuit Judge

cc:    Hon. Michael Dean, Deputy District Attorney

Rodney Burton, AIS# 175034
Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL 35073

## IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY, ALABAMA

STATE OF ALABAMA        )
          Plaintiff,       )
                        )
v.                       )     **Case Nos. CC 1996-1047, 1048**
                        )
                        )
**RODNEY BURTON**         )
          **Defendant.**     )

### ORDER

This cause is before the Court on the Petitioner's motion seeking reconsideration of sentence pursuant to Ala. Code §13A-5-9.1 and Kirby v. State, 899 So. 2d 968 (Ala. 2004). The Court previously issued an order denying the Petition on October 24, 2005. However, the Court held a hearing on March 30, 2007, and upon consideration thereof, this Court hereby finds as follows:

In these cases, the Defendant was convicted of Kidnapping I and Rape I. In this case, the evidence against the Defendant was that he forced the 14-year-old Victim into a car at knifepoint, drove her to another location, where he raped her. Prior to this offense, the Defendant had been convicted of at least three prior felonies. Included in his record was a conviction for Assault III and a prior arrest for Rape I. More significant are the crimes for which the Defendant was convicted. This Defendant kidnapped and raped a child. This Defendant is without doubt a violent offender, and the Court does not believe his sentence should be altered.

Therefore, for the above-stated reasons, the Defendant's motion seeking reconsideration of his sentence is hereby **DENIED.**

RECEIVED
4-12-07
CIRCUIT COURT CLERK

1

Done, this _10_ day of _April_, 2007.

Hon. Charles Price
Circuit Judge

cc:    Michael Dean, DDA

Rodney Burton, AIS# 175034
100 Warrior Lane
Bessemer, AL 36104

2

## IN THE CRIMINAL CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| Rodney Otis Burton, | * | |
| Petitioner, | * | Case No. CC 96-1047, 1048 |
| VS. | * | |
| State of Alabama, | * | |
| Respondent. | * | |

### WRITTEN NOTICE OF APPEAL

COMES NOW your petitioner in the above-styled cause and submits this his notice of appeal to the Court of Criminal Appeals of Alabama from the DENIAL of a motion for reconsideration of sentence pursuant to 13A-5-9.1, Code of Ala., entered on or about April 10, 2007.

Respectfully Submitted,

Rodney Otis Burton
A.I.S No. 175034
100 Warrior Lane O1-1B
Bessemer, AL 35023-7299

May 17, 2007





USPS FIRST CLASS FOREVER

BIRMINGHAM AL 352

28 MAY 2007 PM 1 L

RODNEY BURTON
#175034 / 01-01B
100 WARRIOR LANE
BESSEMER, AL 35023-7299

MONTGOMERY COUNTY CIRCUIT COURT
ATT: MELISSA A. RITTENOUR,
    CIRCUIT CLERK
251 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

3610434218

20

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C    8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br>_____ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒ CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF _____ **MONTGOMERY** _____ COUNTY

_____ **RODNEY OTIS BURTON** _____, Appellant

V. ☒ STATE OF ALABAMA ☐ MUNICIPALITY OF _____

| Case Number<br>**CC 96-1047, 1048** | Date of Judgment/Sentence/Order<br>**4-10-07** |
| Date of Notice of Appeal<br>Oral:          Written: **5-17-07** | Indigent Status Granted:<br>☒ Yes    ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*).

Signature _____    Date _____    Print or Type Name _____

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:                                                                  COURT REPORTER(S)

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence    _____
proceedings, a transcript of the organization of the jury and arguments of counsel must    _____
be designated separately.                                                                  _____

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and    _____
challenges for cause. Note that in noncapital cases the voir dire of the jury will not be    _____
recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)                         _____

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will    _____
not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)                  _____

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. **HEARING ON "KIRBY" MOTION** | **3-30-07** | _____ |
| E. _____ | _____ | _____ |
| F. _____ | _____ | _____ |
| G. _____ | _____ | _____ |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.).

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

Signature *Rodney O. Burton*    Date **5-17-07**    Print or Type Name **RODNEY OTIS BURTON**

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

| State of Alabama<br>Unified Judicial System<br>Form ARAP-26 (front)    8/91 | **COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT** | Criminal Appeal Number |
|---|---|---|

**GENERAL INFORMATION:**

☒ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF _MONTGOMERY_ COUNTY

_RODNEY OTIS BURTON_ , Appellant

V.  ☒ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____

| Case Number<br>CC 96-1047, 1048 | Date of Complaint or Indictment<br>- 1996 | Date of Judgment/Sentence/Order<br>4-10-07 |
|---|---|---|
| Number of Days of Trial/Hearing<br>                    Days | Date of Notice of Appeal<br>Oral:                Written: 5-17-07 | |

Indigent Status Requested: ☒ Yes  ☐ No          Indigent Status Granted: ☒ Yes  ☐ No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?  ☐ Appointed  ☐ Retained.  ....If no attorney, will appellant represent self?  ☒ Yes  ☐ No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)<br>RODNEY OTIS BURTON #175034 | Telephone Number<br>N/A |
|---|---|
| Address<br>100 WARRIOR LANE | City<br>BESSEMER | State<br>AL | Zip Code<br>35023-7299 |

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant<br>N/A | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

**D. TYPE OF APPEAL:** Please check the applicable block.

1 ☐ State Conviction
2 ☐ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☐ Habeas Corpus Petition
10 ☒ Other (Specify) 13A-5-9.1 MOTION FOR RECONSIDER-ATION OF SENTENCE

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____
2 ☐ Homicide - § _____
3 ☐ Assault - § _____
4 ☐ Kidnapping/Unlawful Imprisonment - § _____
5 ☐ Drug Possession - § _____
6 ☐ Trafficking in Drugs - § _____
7 ☐ Theft - § _____
8 ☐ Damage or Intrusion to Property - § _____
9 ☐ Escape - § _____
10 ☐ Weapons/Firearms - § _____
11 ☐ Fraudulent Practices - § _____
12 ☐ Offense Against Family - § _____
13 ☐ Traffic - DUI - § _____
14 ☐ Traffic - Other - § _____
15 ☐ Miscellaneous (Specify) _____

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?  ☐ Yes  ☒ No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?  ☐ Yes  ☒ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  ☐ Yes  ☒ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  ☐ Yes  ☒ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP-26 (back)   8/91              COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 4 | 17 | 07 | MOTION FOR REHEARING | 5 | 15 | 07 |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

THIS IS AN APPEAL FROM THE DENIAL OF A MOTION FOR RECONSIDERATION OF SENTENCE PURSUANT TO 13A-5-9.1.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

WHETHER THE CIRCUIT COURT ERRED IN DENYING BURTON'S MOTION FOR RECONSIDERATION OF SENTENCE?

**K SIGNATURE:**

5-17-07
Date

X _Rodney O. Burton_
Signature of Attorney/Party Filing this Form

```
ACR371                  ALABAMA JUDICIAL DATA CENTER
          NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                        BY THE TRIAL COURT CLERK
                 IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
STATE OF ALABAMA VS BURTON RODNEY OTIS          JUDGE: SARAH M. GREENHAW
```

APPEAL DATE: 05/17/2007

INDIGENCY STATUS:
GRANTED INDIGENCY STATUS AT TRIAL COURT:           X   YES        NO
APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:         YES     X  NO   N/A
INDIGENT STATUS REVOKED ON APPEAL:                     YES     X  NO
INDIGENT STATUS GRANTED ON APPEAL:                 X   YES        NO

DEATH PENALTY: NO

APPEAL TYPE: OTHER(SPECIFY) 01/18/07 Kirby motion

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E. RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 03/CC 1996 001047.00

ORDER ENTERED(DATE): 04/10/07 PETITION: __DISMISSED ✓DENIED __GRANTED

THIS IS AN APPEAL FROM A CONVICTION.

DATE OF CONVICTION: 03/19/1997          DATE OF SENTENCE: 03/19/1997

YOUTHFUL OFFENDER STATUS: DENIED

CO/CASE NUMBER: 03/CC 1996 001047.00
CODE: KID1   CONVICTION: KIDNAPPING 1ST D   ACTION: CONVICTED
                                            STATUTE: 13A-006-043
SENTENCE:  CONF: 00 YRS 00 MOS 000 DAYS
SENTENCE:  PROB: 00 YRS 00 MOS 000 DAYS     LIFE: NO   LIFEWO: YES

POST-JUDGMENT MOTIONS FILED:    DT FILED      DT DENIED     CON BY AGREE
___ MOTION FOR NEW TRIAL
___ MOTION FOR JUDG. OF ACQUIT
___ MOTION TO W/D GUILTY PLEA
___ MOTION FOR ATTY TO W/DRAW
___ OTHER

COURT REPORTER(S):                     GORDON, DENISE
ADDRESS:                               C/O JUDGE PRICE-MONTG/CTY
                                       MONTGOMERY    , AL  36102

APPELLATE COUNSEL #1:                  PRO SE
ADDRESS:

                                                    00000
PHONE NUMBER:                          000-000-0000   ,
EMAIL ADDRESS:

APPELLATE COUNSEL #2:
ADDRESS:

PHONE NUMBER:
EMAIL ADDRESS:

APPELLANT (PRO SE):                    BURTON RODNEY OTIS
ADDRESS:                               100-WARRIOR LANE
                                       BESSEMER      , AL  350237299
AIS #:                                 000175034

APPELLEE (IF CITY APPEAL):
ADDRESS:

I CERTIFY THAT THE INFORMATION PROVIDED                    OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY            PREPARED: 05/30/2007
KNOWLEDGE AND I HAVE SERVED A COPY OF

ACR371                         ALABAMA JUDICIAL DATA CENTER
             NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                              BY THE TRIAL COURT CLERK
                    IN THE CIRCUIT COURT  OF MONTGOMERY COUNTY
STATE OF ALABAMA VS BURTON RODNEY OTIS            JUDGE, SARAH M. GREENHAW
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 30th DAY OF May , 2007          CIRCUIT COURT CLERK

ACR371                    ALABAMA JUDICIAL DATA CENTER
         NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                         BY THE TRIAL COURT CLERK
               IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
STATE OF ALABAMA VS BURTON RODNEY OTIS          JUDGE: SARAH M. GREENHAW

---

APPEAL DATE: 05/17/2007

---

INDIGENCY STATUS:
   GRANTED INDIGENCY STATUS AT TRIAL COURT:         __X__ YES      ____ NO
   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:   ____ YES    __X__ NO   N/A
   INDIGENT STATUS REVOKED ON APPEAL:               ____ YES    __X__ NO
   INDIGENT STATUS GRANTED ON APPEAL:               __X__ YES    ____ NO

DEATH PENALTY: NO

APPEAL TYPE: OTHER(SPECIFY) 01|18|07 KIRby Motion

---

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 03/CC 1996 001048.00

ORDER ENTERED(DATE): 04|10|07 PETITION: ___DISMISSED ✓DENIED ___GRANTED

---

THIS IS AN APPEAL FROM A CONVICTION.

DATE OF CONVICTION: 03/19/1997          DATE OF SENTENCE: 03/19/1997

YOUTHFUL OFFENDER STATUS: DENIED

CO/CASE NUMBER: 03/CC 1996 001048.00
CODE: RAP1   CONVICTION: RAPE 1ST DEGREE      ACTION: CONVICTED
                                              STATUTE: 13A-006-061
SENTENCE:   CONF: 00 YRS 00 MOS 000 DAYS
SENTENCE:   PROB: 00 YRS 00 MOS 000 DAYS      LIFE: NO   LIFEWO: YES

---

POST-JUDGMENT MOTIONS FILED:   DT FILED     DT DENIED     CON BY AGREE
___ MOTION FOR NEW TRIAL
___ MOTION FOR JUDG. OF ACQUIT
___ MOTION TO W/D GUILTY PLEA
___ MOTION FOR ATTY TO W/DRAW
___ OTHER

---

COURT REPORTER(S):
ADDRESS:                             GORDON, DENISE
                                     C/O JUDGE PRICE-MONTG/CTY
                                     MONTGOMERY    , AL  36102

APPELLATE COUNSEL #1:
ADDRESS:                             PRO SE

                                                    00000
PHONE NUMBER:                        000-000-0000   ,
EMAIL ADDRESS:

APPELLATE COUNSEL #2:
ADDRESS:

PHONE NUMBER:
EMAIL ADDRESS:

APPELLANT (PRO SE):
ADDRESS:                             BURTON RODNEY OTIS
                                     100-WARRIOR LANE
                                     BESSEMER    , AL  350230000
AIS #:                               000175034

APPELLEE (IF CITY APPEAL):
ADDRESS:

---

I CERTIFY THAT THE INFORMATION PROVIDED                OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY           PREPARED: 05/30/2007
KNOWLEDGE AND I HAVE SERVED A COPY OF

ACR371                      ALABAMA JUDICIAL DATA CENTER
        NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                           BY THE TRIAL COURT CLERK
                  IN THE CIRCUIT COURT  OF MONTGOMERY COUNTY
STATE OF ALABAMA VS BURTON RODNEY OTIS          JUDGE: SARAH M. GREENHAW
-------------------------------------------------------------------------
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 30th DAY OF May , 2007            CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System<br><br>From ARAP - 14  Rev. 11 / 91 | **CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK** | Appellate Case Number .<br><br>_____ |

| TO: THE CLERK OF<br>THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:   05-17-07 |
|---|---|

APPELLANT

RODNEY O. BURTON

v. STATE OF ALABAMA

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of __114__ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ___7 TH___ day of ___AUGUST___ , ___2007___ .

*Melissa Bittencus*

Circuit Clerk

IN THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR MONTGOMERY COUNTY
MONTGOMERY, ALABAMA


STATE OF ALABAMA　　　　　　　　)
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)　　CC-1996-1047
　　　　　　　　　　　　　　　　)　　CC-1996-1048
RODNEY O. BURTON　　　　　　　　)
AIS NUMBER 175034,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　)


TRANSCRIPT OF PROCEEDINGS
FRIDAY, MARCH 30, 2007
COURTROOM 4-C
BEFORE THE HONORABLE CHARLES PRICE
PRESIDING CIRCUIT COURT JUDGE



APPEARANCES:

For the State:　　　　　　MICHAEL DEAN
　　　　　　　　　　　　　Deputy District Attorney
　　　　　　　　　　　　　Fifteenth Judicial Circuit
　　　　　　　　　　　　　Montgomery, Alabama


For the Defendant:　　　　RODNEY O. BURTON
　　　　　　　　　　　　　Pro Se Defendant


Denise L. Gordon
Official Court Reporter
(334) 832-1330

```
 1              (The following proceedings occurred
 2              before the Honorable Charles Price,
 3              Presiding Circuit Court Judge, in regard
 4              to the above-styled cause, commencing on
 5              Friday, March 30, 2007:)
 6         THE COURT:  Rodney Burton.
 7              (The defendant was brought into the
 8              courtroom.)
 9         THE COURT:  All right.  You're Robert Burton?
10         THE DEFENDANT:  Rodney Burton.
11         THE COURT:  Rodney Burton.  And you're in the
12    penitentiary serving a life without parole
13    sentence?
14         THE DEFENDANT:  Yes, sir.
15         THE COURT:  And what is your AIS number?
16         THE DEFENDANT:  175034.
17         THE COURT:  175034?
18         THE DEFENDANT:  Yes, sir.
19         THE COURT:  You're sentenced now to life
20    without parole for Kidnapping, First Degree and
21    Rape in the First Degree; is that correct?
22         THE DEFENDANT:  Yes, sir.
23         THE COURT:  And you were sentenced under the
24    Habitual Offenders Act; is that correct?
25         THE DEFENDANT:  Yes, sir.
```

1      THE COURT:  And you have filed what is

2   commonly called a Kirby motion to have your

3   sentence looked at and try to have it reduced from

4   life -- life without parole to some other

5   sentence; is that correct?

6      THE DEFENDANT:  Yes, sir.

7      THE COURT:  Why do you feel based on these

8   charges that under the Habitual Offenders Act your

9   sentence should be reduced?

10      THE DEFENDANT:  Well, sir, the Criminal Court

11   of Appeals did rule under Kirby and under Holt

12   that just because my current conviction is a

13   violent offense doesn't prohibit me from being

14   reviewed under this statute.

15      THE COURT:  Oh, sure, you're being reviewed.

16      THE DEFENDANT:  Right.

17      THE COURT:  You've got a right -- Well, you

18   don't have a right to be reviewed, but I'm giving

19   you a review.

20      THE DEFENDANT:  Right.  It doesn't mean that

21   I am a violent offender just because I was

22   convicted of a violent offense.

23      THE COURT:  No, that's not what the court

24   said.  Certain cases are designated as violent

25   cases and puts you in the category of a violent

```
 1    offender.
 2         Kidnapping in the First Degree and Rape in
 3    the First Degree I will tell you --
 4         THE DEFENDANT:  -- is a violent offense.
 5         THE COURT:  Right.  All right.  Now, what
 6    were your priors that you were sentenced under the
 7    Habitual Offenders Act?
 8         THE DEFENDANT: I had three priors; one was
 9    Second Degree Forgery; Third Degree Escape, and a
10    Possession charge.
11         THE COURT:  Okay.  So you had the three
12    priors.
13         THE DEFENDANT:  Right.
14         THE COURT:  And then you were convicted of
15    Rape and Kidnapping.
16         THE DEFENDANT:  Right.
17         THE COURT:  So your sentence was the only
18    sentence that could be imposed at the time, was
19    life without parole.
20         THE DEFENDANT:  According to the law, right.
21         THE COURT:  Yeah, sure.  And the only thing
22    the Kirby case, Section 13A-5-9.1 would give you
23    is an opportunity for a review.
24         THE DEFENDANT:  Right.
25         THE COURT:  What says the State?
```

5

```
 1          MR. DEAN:  Your Honor, first I would say that
 2     as far as the defendant's prior record, he's right
 3     about the felonies.  He's also been -- he has a
 4     conviction of Possession of Marijuana; Forgery
 5     Second; Trespassing First; Resisting an Officer;
 6     Attempting to Commit a Controlled Substance Crime;
 7     Criminal Mischief Third; Criminal Trespassing
 8     First; Escape Third; Assault Third.
 9          He also has been arrested in the past for
10     Rape First.  He was never indicted for that.  And
11     while under Kirby the Court can't say this is a
12     rape, and just because it's a rape, I won't look
13     at it.
14          THE COURT: Oh, I understand.
15          MR. DEAN:  The Court can look at it, and
16     say -- the Court still has to have -- It still has
17     to be a nonviolent offense for the Court to have
18     authority to look at it.
19          In this case the defendant took a 14-year-old
20     girl at knifepoint; threw her in a car; drove her
21     away where he raped her.  After that, he put it
22     off on her and said it was consensual.  I think
23     that is a violent offense, and he shouldn't be
24     granted any relief on his claim.
25          THE COURT:  Well, I have the institutional
```

1       record -- his institutional record and all of the

2       citations you have since you've been in the

3       penitentiary, Mr. Burton, the different

4       convictions and different charges.

5           THE DEFENDANT:  You're talking about my

6       penitentiary record?

7           THE COURT:  Sure.

8           THE DEFENDANT:  I only have one citation,

9       behavior citation.

10          THE COURT:  Well, what are the other

11      citations?

12          MR. DEAN:  He's got two new cases;

13      Trespassing and Assault.

14          THE DEFENDANT:  Oh, he's talking about that's

15      what I have pending with Montgomery in court.

16      That's not -- that's not anything I picked up

17      while I was in the penitentiary.

18          MR. DEAN:  Your Honor, I think that's true.

19          THE DEFENDANT:  Okay.  When I got out the

20      last time, I --

21          THE COURT:  Oh, you've been out before?

22          THE DEFENDANT:  Right.  I got out in '95.

23          THE COURT:  Okay.

24          THE DEFENDANT:  And the Court had ordered me

25      to pay that money on the Criminal Trespass and the

1     other thing, right?  But in the process of me

2     paying that there, I got re-arrested.  And what

3     they did was, they put a delinquency on me.

4     That's all that is.  That didn't have anything to

5     do with my prior convictions.

6          MR. DEAN:  Your Honor, I would say as far as

7     that, he got out in '95.  This happened in June of

8     '95.  He couldn't have been out too long before

9     he --

10          THE DEFENDANT:  Right.  I only stayed out

11    about six months.

12          THE COURT:  All right.  Well, I must admit

13    that these are very serious charges.  I'll just

14    have to look at them and look at the record, and

15    I'll get you an Order out.  Okay?

16          Thank you.

17          Deputy, you can take him.

18              (The proceedings in the above-referenced

19              case were concluded.)

20

21

22

23

24

25

## CERTIFICATE OF COMPLETION

### REPORTER'S TRANSCRIPT

TO: The Clerk of the Court of Criminal Appeals
    P.O. Box 301555
    Montgomery, AL  36130-1555

Criminal Appeals Case Number  CR-06-1499

Rodney O. Burton v. State of Alabama
On appeal from the Circuit Court of Montgomery County
CC-1996-1047, CC-1996-1048

Notice of Appeal Date:  5/17/07

---

    I, Denise L. Gordon, certify that I have this date completed and filed with the clerk of this trial court via electronic copy, an original and three copies of a true and correct transcript of all proceedings in the above-referenced case and were reported by me and were specifically designated by the appellant for inclusion on the Reporter's Transcript Order.  The page number appearing in the upper right-hand corner of this certificate is the last page of my portion of the transcript in this case.

DONE THIS THE 18TH DAY OF JULY, 2007.

                        /s/Denise L. Gordon
                        Official Court Reporter

Rel 10/26/2007 Burton
Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

**P. O. Box 301555**

**Montgomery, AL 36130-1555**

PAMELA W. BASCHAB
Presiding Judge
H.W."BUCKY" McMILLAN
GREG SHAW
A. KELLI WISE
SAMUEL HENRY WELCH
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

## MEMORANDUM

CR-06-1499

Montgomery Circuit Court
CC-96-1047; CC-96-1048

Rodney Burton   v. State of Alabama

WELCH, Judge.

In 1997, Rodney Burton was convicted of rape in the first degree and kidnapping in the first degree and was sentenced as a habitual offender to life imprisonment without the possibility of parole. In January 2006, Burton filed a renewed motion for reconsideration of his sentence pursuant to § 13A-5-9.1, Ala. Code 1975, and a motion for appointment of counsel.[1] In his motion, Burton claimed that the prior

---

[1]This case was originally assigned to a judge who was neither the trial judge nor the presiding judge. That judge denied the motion; however, it was later transferred to the

1

convictions used to enhance his sentence were second-degree forgery, second-degree escape, and possession of cocaine. Burton also attached an affidavit from his rape and kidnapping victim in which she stated that she had no objection to Burton's sentence being reduced. The Department of Corrections (DOC) also submitted records that reflected that Burton had completed several programs while incarcerated. The State filed a response arguing that Burton was a violent offender and should not be considered for a sentence reduction.

On March 30, 2007, the presiding judge held a hearing on Burton's motion. At the hearing, Burton stated that just because his convictions were considered to be violent offenses by statute did not preclude the circuit court from considering all factors and finding him to be a nonviolent offender. The State claimed that Burton was a violent offender and informed the court that Burton's defense to the rape charge was that the victim had consented. The circuit court stated that it had received Burton's records from the DOC and would review them before making a decision. On April 12, 2007, the circuit court issued the following order:

> "This cause is before the Court on the Petitioner's motion seeking reconsideration of sentence pursuant to Ala. Code § 13A-5-9.1 and Kirby v. State, 899 So. 2d 968 (Ala. 2004). The Court previously issued an order denying the Petition on October 24, 2005. However, the Court held a hearing on March 30, 2007, and upon consideration thereof, this Court hereby finds as follows:

> "In these cases, the Defendant was convicted of Kidnapping I and Rape I. In this case, the evidence against the Defendant was that he forced the 14-year-old Victim into a car at knifepoint, drove her to another location, where he raped her. Prior to this offense, the Defendant had been convicted of at

---

presiding judge for proper review. Section 13A-5-9.1, Ala. Code 1975, has since been amended to eliminate the requirement that the sentencing judge or presiding judge rule on a motion to reconsider. See Act. 2007-457 Ala. Acts 2007.

least three prior felonies. Included in his record
was a conviction for Assault III and a prior arrest
for Rape I. More significant are the crimes for
which the Defendant was convicted. This Defendant
kidnapped and raped a child. This Defendant is
without a doubt a violent offender, and the Court
does not believe his sentence should be altered.

"Therefore, for the above-stated reasons, the
Defendant's motion seeking reconsideration of his
sentence is hereby DENIED."

(C. 103-104.) This appeal followed.

I.

Burton contends that the trial court erred when it denied
his motion for reconsideration. Burton claims that the trial
court erroneously concluded that because the underlying
convictions were considered violent offenses he was a violent
offender and, therefore, did not base its decision upon the
totality of the circumstances. In support of his argument,
Burton points to the transcript of the hearing in which the
following occurred:

"THE COURT: Why do you feel based on these
charges that under the Habitual Offenders Act your
sentence should be reduced?

"THE DEFENDANT: Well, sir, the Criminal Court
of Appeals did rule under Kirby[ v. State, 899 So.
2d 968 (Ala. 2004)] and under Holt[v. State, 960 So.
2d 726 (Ala. Crim. App. 2006)] that just because my
current conviction is a violent offense doesn't
prohibit me from being reviewed under this statute.

"THE COURT: Oh, sure, you're being reviewed.

"THE DEFENDANT: Right.

"THE COURT: You've got a right -- Well, you
don't have a right to be reviewed, but I'm giving
you a review.

3

"THE DEFENDANT: Right. It doesn't mean that I am a violent offender just because I was convicted of a violent offense.

"THE COURT: No, that's not what the court said. Certain cases are designated as violent cases and puts you in the category of a violent offender.

"Kidnapping in the First Degree and Rape in the First Degree I will tell you --

"DEFENDANT: -- is a violent offense.

"THE COURT: Right. All right. Now, what were your priors that you were sentenced under the Habitual Offenders Act?

(R. 3-4.)

The question for resolution by the trial court was whether the court considered Burton to be a nonviolent offender and thus eligible for resentencing.[2]  "'Whether an inmate is a violent offender is for the circuit court to determine and, in the absence of an abuse of its discretion in so determining, we will not disturb its finding on appeal." Holt v. State, 960 So. 2d 726, 734 (Ala. Crim. App. 2006)(quoting Sanders v. State, 934 So. 2d 432, 434 (Ala. Crim. App. 2005)). Whether an appellant is a violent offender is based on "the totality of the information before the circuit court at the time it rules on the § 13A-5-9.1 motion." Holt, 960 So. 2d at ___. This Court in Holt stated that when

---

[2]"There are three requirements for eligibility to have a sentence reconsidered under § 13A-5-9.1: (1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2) ...; and (3) the inmate is a 'nonviolent convicted offender.'" Holt v. State, 960 So. 2d 726, 734-735 (Ala. Crim. App. 2006). The face of the record reflects that Burton met requirements (1) and (2).

4

determining whether a defendant was a nonviolent offender, the trial court could consider factors other than the statutory designation of an inmate's underlying offense as a "violent offense" and was not required to deny the motion simply because a code section defined the offense as a violent offense. However, this Court went on to state that the trial court could consider the present conviction and deny the motion on that basis alone.

In addition, this Court stated in <u>Holt</u> that "[w]e would certainly find no abuse of discretion in a circuit court's determining, after considering all the factors presented to it, that an inmate who had been convicted of robbery in the first degree was a violent offender and thus ineligible for reconsideration of sentence under 13A-5-9.1." <u>Holt</u>, 960 So. 2d at 739. Furthermore, a "circuit court is not required to resentence an inmate merely because it determines that the inmate is eligible for reconsideration of his or her sentence." <u>Holt</u>, 960 So. 2d at 735, n.3.

In this case, the circuit court found Burton to be a violent offender based on the fact that Burton kidnapped and raped a child by forcing her into a car at knifepoint; the fact that Burton had three prior felonies, including an assault conviction; and the fact that Burton had previously been arrested for another rape. In denying Burton's motion, it appears that the circuit court properly considered the totality of the circumstances in finding Burton a violent offender. Even considering the dialogue at the hearing on the motion, nothing in the record suggests that the circuit court refused to consider all of the information presented to it. Thus, we presume that the circuit court properly considered all of the information before it. See <u>Holt</u>, supra. Contrary to Burton's assertions on appeal, we find no abuse of discretion with the circuit court's determination that Burton is a violent offender and ineligible for resentencing under § 13A-5-9.1, Ala. Code 1975.

II.

Burton also contends that the circuit court erred when it refused to appoint him counsel. This Court has held:

"Because a motion for reconsideration of

sentence pursuant to § 13A-5-9.1, Ala. Code 1975, is not a proceeding in which a substantial right of the petitioner may be affected, it is not a critical state of the proceedings."

Hastings v. State, 938 So. 2d 974, 975 (Ala. Crim. App. 2005). Therefore, Burton did not have a right to counsel in this proceeding, and the circuit court did not err when it did not appoint counsel to represent him.

Based on the above, the circuit court's ruling is affirmed.

AFFIRMED.

McMillan, Shaw, and Wise, JJ., concur. Baschab, P.J. concurs in the result.

6

# IN THE SUPREME COURT OF ALABAMA

Ex parte Rodney Otis Burton

IN RE: Rodney Otis Burton,

Petitioner,

VS.

State of Alabama,

Respondent.

### SC No. _____

(Montgomery County Circuit Court No. CC 96-1047, CC 96-1048)


## PETITION FOR A WRIT OF CERTIORARI

TO THE SUPREME COURT OF ALABAMA:

**COMES NOW** your petitioner, Rodney Otis Burton ("Burton"), in

the above-styled cause and petitions this Court for a writ of

certiorari to issue to the Court of Criminal Appeals under Rule

39, A.R.A.P., and shows the following:

1. Burton was convicted of Rape in the First Degree and

Kidnapping in the First Degree in the Montgomery County Circuit

Court, and he was sentenced to life without parole as a habitual

offender. He subsequently filed a motion for reconsideration of

sentence pursuant to 13A-5-9.1, Code of Ala. That motion was

denied by the circuit court. The judgment was affirmed by the

Court of Criminal Appeals on October 26, 2007. An application for

rehearing was filed on November 8, 2007, and overruled on November

30, 2007.

2. A copy of the opinion of the appellate court is attached to this petition which shows the Court of Criminal Appeals case to be no. CR-06-1499.

3. Burton alleges as grounds for the issuance of the writ the following:

(1) The basis of this petition for the writ is that the decision of the appellate court is in conflict with its own prior decision on the same point of law. In its present decision the appellate court held:

> Burton claims that the trial court erroneously concluded that because the underlying convictions were considered violent offenses he was a violent offender and, therefore, did not base its decision upon the totality of the circumstances. In support of his argument, Burton points to the transcript of the hearing in which the following occurred:
>
> "...
>
> "THE COURT: You've got a right -- Well, *you don't have a right to be reviewed*, but I'm giving you a review.
>
> "DEFENDANT: Right. It doesn't mean that I am a violent offender just because I was convicted of a violent offense.
>
> "THE COURT: No, *that's not what the court said* [in Holt v. State]. Certain cases are designated as violent cases *and puts you in the category of a violent offender*.
>
> "Kidnapping in the First Degree and Rape in the First Degree I will tell you --
>
> "DEFENDANT: -- is a violent offense.
>
> "THE COURT: Right..."

(Decision, p. 3-4, emphasis added). Because no wording in the

present decision clearly shows the conflict, the following is shown. See Rule 39(d)(3)(B), A.R.A.P.

The circuit court's conclusion that Burton's underlying convictions were the equivalent of Burton being a violent offender under 13A-5-9.1 is in conflict with Holt v. State, 2006 Ala.Crim.App. LEXIS 39, March 3, 2006, at ___ (Ala.Crim.App. 2006). Therefore, the appellate court's affirmation of the circuit court's judgment is in conflict with its own prior decision in Holt. In Holt the appellate court held:

> In other words, merely because an inmate has been convicted of a "violent offense" as defined in § 13A-11-70 and/or § 12-25-32 does not mean that that inmate is a "violent offender" for purposes of § 13A-5-9.1 ; committing a "violent offense" as defined in § 13A-11-70 and/or § 12-25-32 is not the equivalent of being a "violent offender" under § 13A-5-9.1. Had the legislature intended to preclude any inmate convicted of a "violent offense" as defined in § 13A-11-70 and/or § 12-25-32 from receiving the benefits of § 13A-5-9.1 , it could have easily said that § 13A-5-9 would apply retroactively only to those offenders who had not been convicted of an offense defined by statute as a "violent offense." Instead, the legislature chose to state that § 13A-5-9 would apply retroactively to any "nonviolent convicted offender."

Burton's underlying convictions of kidnapping and rape are listed as violent offenses under both 13A-11-70 and 12-25-32. However, under Holt that fact did not mean that Burton was a violent offender.

(2) The basis of this petition for the writ is that the decision of the appellate court is in conflict with its own prior decision on the same point of law. In its present decision the appellate court held:

> In this case, the circuit court found that Burton was a
> violent offender based upon the fact that Burton kidnapped
> and raped a child by forcing her into a car at knifepoint;
> the fact that Burton had three prior felonies, including
> an assault conviction; and the fact that Burton had
> previously been arrested for another rape. In denying
> Burton's motion, it *appears* that the circuit court
> properly considered the totality of the circumstances in
> finding Burton a violent offender. Even considering the
> the dialogue at the hearing on the motion, nothing in the
> record suggests that the circuit court refused to consider
> all of the information presented to it.

(Decision, p.5)(emphasis added). Because no wording in the

present opinion clearly shows the conflict, the following is

shown. See Rule 39(d)(3)(B), A.R.A.P.

All of the factors listed in the above quoted portion from the

present decision were submitted by the State. However, Burton

submitted information for consideration as well. He submitted

information regarding his excellent behavior in prison, including

extensive rehabilitational programs and classes and support

letters from persons involved with him in leadership and in

supervisory capacities; a listing of his prior felony

convictions, all of which were nonviolent offenses; copies of

court documents showing that other circuit courts had granted

relief to inmates convicted of violent offenses; and last but not

least, a notarized affidavit from the victim of his crimes asking

the court to reduce his sentences. The court refused to consider

any of Burton's information, and nothing in the record shows that

it did so. In Holt v. State, 2006 Ala.Crim.App. LEXIS 39, March

3, 2006, at ___ (Ala.Crim.App. 2006), the appellate court held:

> [T]he statutory designation of an offense is not the only

factor a circuit court may consider, and the fact that the
inmate's underlying conviction was for an offense
statutorily defined as a "violent offense" does not preclude
a circuit court from considering other factors presented to
it, such as *the facts and circumstances surrounding the
underlying offense, the facts and circumstances surrounding
the inmate's prior convictions, the inmate's prison record,
and any "other factors brought before the judge in the
record of the case.*" Kirby, 899 So. 2d at 974. In
determining whether an inmate is a "nonviolent convicted
offender" within the meaning of § 13A-5-9.1 , a circuit
court is not precluded from considering, *nor may it refuse
to consider*, all of the factors presented to it by either
party. As Holt argued to the circuit court, and argues to
this Court, and as the Alabama Supreme Court made clear in
Kirby , whether an inmate is a "nonviolent convicted
offender" is based on the totality of the circumstances.

(emphasis added).

Because the record does not show that the circuit court

considered all of the information submitted by Burton, but made

its determination that he was a violent offender based solely

upon the information supplied by the State, the present decision

of the appellate court is in conflict with its prior decision in

Holt, i.e., "a circuit court is not precluded from considering,

*nor may it refuse to consider*, all of the factors presented to it

*by either party*." (emphasis added).

(3) The basis of this petition for the writ is that the present

decision is in conflict with prior decisions of this Court on the

same point of law. In the present decision, the appellate court

held:

Because a motion for reconsideration of sentence pursuant to
13A-5-9.1, Ala. Code 1975, is not a proceeding in which a
substantial right of the petitioner may be affected, it is
not a critical stage of the proceedings.

Hastings v. State, 938 So.2d 974, 975 (Ala.Crim.App. 2005).

> Therefore, Burton did not have a right to counsel in this
> proceeding...

(Decision, p. 5-6). Because no wording in the present opinion

clearly shows the conflict, the following is shown. See Rule 39

(d)(3)(B), A.R.A.P.

The true nature of a 13A-5-9.1 proceeding was shown in Kirby v.

State, 899 So.2d 968, 971 (Ala. 2004):

> Normally, a trial court loses jurisdiction to modify a
> sentence in a criminal case if a request for modification is
> not filed within 30 days of sentencing. Massey v. State, 587
> So. 2d 448 (Ala. Crim. App. 1991) . By requiring in § 13A-5-
> 9.1 that the provisions of § 13A-5-9 are to be applied
> retroactively, however, the Legislature vested jurisdiction
> in the sentencing judge or the presiding judge to *reopen a
> case more than 30 days after a defendant has been sentenced.*

(emphasis added). In Hill v. Bradford, 565 So.2d 208, 210 (Ala.

1990), in a somewhat similar situation, this Court held:

> We do not agree that the trial court lost jurisdiction to
> enter this restitution judgment 30 days after Hill was
> sentenced to a term of imprisonment, because the restitution
> statute makes it clear that restitution hearings are to be
> held as a matter of course and that restitution may be
> ordered in addition to any other sentence imposed and does
> not require that a restitution hearing be held within 30
> days of the imposition of a sentence of imprisonment or
> other criminal sanctions...
>
> The Sixth Amendment to the United States Constitution
> guarantees defendants the right to counsel in all criminal
> prosecutions. U.S. Const. amend. VI. See also Ala. Const.
> art. I, § 6. Appointment of counsel for an indigent
> defendant is required at every stage of a criminal
> proceeding where substantial rights of the accused may be
> affected. Hamilton v. Alabama, 368 U.S. 52, 7 L. Ed. 2d 114,
> 82 S. Ct. 157 (1961). *Sentencing is regarded as a critical
> stage, and an indigent defendant is entitled to the
> assistance of appointed counsel unless he waives that right.*
> See Mempa v. Rhay, 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct.
> 254 (1967); Shellnut v. State, 280 Ala. 28, 189 So.2d 590
> (1966).

Restitution hearings held pursuant to Ala. Code 1975, § 15-18-67 , *are a component of the criminal sentencing proceeding; therefore, defendants have the right to the presence of counsel at these hearings.*

(some citations omitted, emphasis added).

If restitution orders are a part of the sentence proceeding, even though held more than 30 days after sentencing, under the same reasoning, surely a 13A-5-9.1 hearing held more than 30 days after sentencing, which under Kirby reopened the case at the sentencing stage for reconsideration of a previously imposed sentence, is "a component of the criminal *sentencing proceeding;* therefore, defendants have the right to the presence of counsel at these hearings." Hill, *supra.* (emphasis added).

Because a 13A-5-9.1 proceeding "reopens" a case at the sentencing stage, the present decision of the appellate court is in conflict with Hill, *supra,* which held that sentencing is a critical stage where the right to counsel attaches.

(4) The basis of this petition for the writ is that the present decision of the appellate court is in conflict with its own prior decision on the same point of law. In its present decision the appellate court held:

Because a motion for reconsideration of sentence pursuant to 13A-5-9.1, Ala. Code 1975, is not a proceeding in which a substantial right of the petitioner may be affected, it is not a critical stage of the proceedings.

Hastings v. State, 938 So.2d 974, 975 (Ala.Crim.App. 2005). Therefore, Burton did not have a right to counsel in this proceeding...

(Decision, p.5-6). In the case of Smith v. State, 895 So.2d 392,

394 (Ala. Crim.App. 2004), the appellate court held:

> Because the circuit court had *discretion in determining the appellant's sentences*, a sentencing hearing was required. Rule 26.6(b)(1), Ala. R. Crim. P.; Cf. Holley v. State, 651 So. 2d 50 (Ala. Crim. App. 1994) (court's error in sentencing defendant without a sentence hearing was harmless because Holley received the minimum sentence). The appellant also had *the right to be present at the sentence hearing with his counsel*. Gibby v. State, 753 So. 2d 1206 (Ala. Crim. App. 1999) . Because a proper hearing was not conducted, this case must be remanded to the circuit court.

(emphasis added). In this case, the circuit court had discretion under 13A-5-9.1 to leave Burton's sentence of life without parole intact or to reduce those terms to life. Moreover, the court had discretion to order that the imposed terms run concurrent or consecutive to one another. Thus, under <u>Smith</u>, Burton had a right to counsel at said hearing.

### APPLICANT'S CORRECTED STATEMENT OF FACTS

Burton submitted with his motion for reconsideration of sentence the following factors: (1) facts surrounding his underlying convictions (C 12-13), (2) a listing of his prior felony convictions, all of which were nonviolent (C 14), (3) copies of court documents showing that other circuit courts had granted relief to inmates convicted of violent offenses (C 14-26), (4) numerous documents showing evidence of his continuing rehabilitational efforts while incarcerated (C 27-46), and  a notarized affidavit from the victim of his crimes asking the court to reduce his sentences (C 69-71). The "evaluation" provided by the Department of Corrections showed that Burton had

not received any prison disciplinaries during his 11 year period
of imprisonment. (C 75-90). Included in the DOC information was a
statement from David Bucher, the Program Coordinator for the
Honor Community where Burton was housed in prison, and Steve
Longnecker, an Honor Community Coordinator. Bucher states in
pertinent part that Burton "serves as a positive role model." (C
83). Longnecker stated that "Rodney [Burton] is an excellent
example of positive behavior." (C 86, 88). The circuit court did
not consider any of the foregoing factors in making its
determination that Burton was a violent offender. (C 103). Burton
further submitted a personal letter and another copy of the
victim's affidavit post-judgment. (C 97-98).

### VERIFICATION OF STATEMENT OF FACTS

I do hereby verify that the foregoing is a verbatim copy of the
corrected statement of facts as they appeared in the application
for rehearing filed in the appellate court.

### ARGUMENT IN SUPPORT OF PETITION

### I. The present decision of the appellate court is in conflict with its own prior decision in Holt v. State.

### A. Conviction for violent offense not the same as being a violent offender for 13A-5-9.1's purposes.

The Court of Criminal Appeals gave little attention to the fact
that the circuit court clearly displayed an incorrect
understanding of 13A-5-9.1's eligibility requirements at the
hearing on Burton's motion. The pertinent portion from said

hearing reads:

> THE COURT: You've got a right -- Well, *you don't have a right to be reviewed*, but I'm giving you a review.
>
> DEFENDANT: Right. It doesn't mean that I am a violent offender just because I was convicted of a violent offense.
>
> THE COURT: No, *that's not what the court said* [in Holt v. State]. Certain cases are designated as violent cases *and puts you in the category of a violent offender*.
>
> Kidnapping in the First Degree and Rape in the First Degree I will tell you --
>
> DEFENDANT: -- is a violent offense.
>
> THE COURT: Right...

(R 3-4). However, contrary to the circuit court's reasoning in this case, the appellate court held in Holt v. State, 2006 Ala.Crim.App. LEXIS 39, March 3, 2006 (Ala.Crim.App. 2006), that a conviction for a violent offense was not the same as being a violent offender under 13A-5-9.1. Rather, the underlying conviction was just one factor to consider in conjuction with other factors and that the final determination was to be based on the "totality of the circumstances" of all the factors submitted for review.

Because the circuit court's mistaken belief that Burton was a violent offender under 13A-5-9.1 on the sole basis of the nature of his underlying convictions conflicts with Holt, the appellate court's affirmation of that court's judgment also conflicts with its own prior decision in Holt.

**B. Refusing to consider all of the factors submitted by Burton.**

The appellate court's conclusion that the circuit court "appears" to have considered all of the factors submitted by Burton is in conflict with <u>Holt</u> as well. In <u>Holt</u>, the appellate court held that a circuit court "may not refuse to consider all of the factors presented to it *by either party*." (emphasis added).

In this case, Burton submitted numerous factors, documentation, etc., including an affidavit from the victim of his crime asking the court to grant him relief, but the court did not consider any of it. The court was under the mistaken belief that he was a violent offender because his underlying convictions were violent offenses and appears to have held a hearing on Burton's motion as a mere formality. Moreover, the record clearly shows that the circuit court only considered the information submitted by the State in making its determination that Burton was a violent offender. Therefore, the court did not base its decision on the "totality of the circumstances" standard of review in <u>Holt</u>.

Because the circuit court's judgment is in conflict with <u>Holt</u>, the appellate court's affirmation of that judgment conflicts with its own prior decision in <u>Holt</u>.

**II. The present decision of the appellate court is in conflict with the prior decision of this court in <u>Kirby v. State</u> and <u>Hill v. Bradford</u> and its own prior decision in <u>Smith v. State</u>.**

The appellate court in the present decision concluded that Burton was not denied his right to counsel because, they say, the

right to counsel does not attach in a 13A-5-9.1 proceeding. However, in Kirby v. State, 899 So.2d 968 (Ala. 2004), this Court explained the true nature of a 13A-5-9.1 proceeding as a "reopen [ing of] a case more than 30 days after a defendant has been sentenced." Id. at 971. Thus, under Kirby, Burton's case was reopened at the sentencing stage.

In  Hill v. Bradford, 565 So.2d 208, 210 (Ala. 1990), this Court reviewed a similar case in which it held that the right to counsel attached in a deferred restitution order which was held more than 30 days after initial sentencing. This Court reasoned that "sentencing is regarded as a critical stage, and an indigent defendant is entitled to the assistance of appointed counsel unless he waives that right." (citing Mempa v. Rhay, 389 U.S. 128 (1967); and Shellnut v. State, 280 Ala. 28 (1966)). Moreover, that "Restitution hearings held pursuant to Ala. Code 1975, § 15-18-67 , are a component of the criminal sentencing proceeding; therefore, defendants have the right to the presence of counsel at these hearings." Hill, Id. at 210. Surely if a restitution hearing under 15-18-67 held more than 30 days after sentencing requires the assistance of counsel, then an actual sentence hearing pursuant to 13A-5-9.1, held more than 30 days after initial sentencing, where the court considers the actual term of imprisonment, requires the assistance of counsel.

Moreover, when Burton was originally sentenced for these offenses, the court had no discretion. Life without parole was a

mandatory sentence. Counsel's assistance was then moot. When his case was reopened during the hearing on his 13A-5-9.1 motion, the court had discretion in sentencing him to life or life without parole. Counsel's assistance could have arguably changed the outcome of that proceeding.

Further, Because the circuit court did have discretion in sentencing, Burton was entitled to appointment of counsel under the prior decision of the appellate court on the same point of law. In Smith v. State, 895 So.2d 392, 394 (Ala. Crim.App. 2004), that court held:

> Because the circuit court had *discretion in determining the appellant's sentences*, a sentencing hearing was required. Rule 26.6(b)(1), Ala. R. Crim. P.; Cf. Holley v. State, 651 So. 2d 50 (Ala. Crim. App. 1994) (court's error in sentencing defendant without a sentence hearing was harmless because Holley received the minimum sentence). The appellant also had *the right to be present at the sentence hearing with his counsel*. Gibby v. State, 753 So. 2d 1206 (Ala. Crim. App. 1999) . Because a proper hearing was not conducted, this case must be remanded to the circuit court.

(emphasis added). Therefore, the present decision also conflicts with Smith.

### CONCLUSION

For the reasons set forth above, Burton prays that this Court will issue the writ and proceed under its rules to reverse the decision of the appellate court or for such other relief as he may be entitled.

### CERTIFICATE OF SERVICE

I do hereby certify that a copy of this petition (excluding

attachment) has been served by placing same in the prison

mailbox, first-class postage prepaid and thusly addressed:

Lane W. Mann, Clerk
Alabama Court of Criminal Appeals
P.O. Box 301555
300 Dexter Avenue
Montgomery, AL 36130-1555

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130

Respectfully Submitted,

Rodney Otis Burton #175034                    December 10,2007
100 Warrior Lane
Bessemer, AL 35023-7299

# IN THE SUPREME COURT OF ALABAMA



February 15, 2008

**1070401**

Ex parte Rodney Burton.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Rodney Burton v. State of Alabama) (Montgomery Circuit Court: CC96-1047; CC96-1048; Criminal Appeals : CR-06-1499).

## <u>CERTIFICATE OF JUDGMENT</u>

### <u>Writ Denied</u>

The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

COBB, C.J. -  Lyons, Stuart, Bolin, and Murdock, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 15th day of February, 2008

*Robert D Esdale Sr*

Clerk, Supreme Court of Alabama