IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY OTIS BURTON, <br> # 175034, <br><br>     Petitioner, <br><br> v <br><br> GARY HETZEL, WARDEN, *et al.*, <br><br>     Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 2:08cv203-MHT <br> ) <br> ) <br> ) <br> ) |

**O R D E R**

Pursuant to the orders of this court, Respondents have filed an answer (Doc. No. 8) addressing the claims for relief presented in the instant habeas corpus petition. In their answer, Respondents assert that the petition is due to be denied because Petitioner is entitled to no relief on the claims presented therein. Specifically, Respondents argue that the state courts correctly ruled that Respondent was not constitutionally entitled to counsel to pursue his motion to reconsider his sentence pursuant to Ala. Code § 13A-5-9.

Title 28 U.S.C. § 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated on the merits in state court. The statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor*, 529

U.S. at 404-05. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002). Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim ... resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Accordingly, it is

ORDERED that on or before May 14, 2008, Petitioner may file a response to Respondents' answer. Any documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. At any time after May 14, 2008, the court

will determine whether an evidentiary hearing is necessary. If it appears that an evidentiary hearing is not required, the court will dispose of the petition as justice requires. *Cf.* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts.*

Petitioner is instructed that when responding to Respondents' answer he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that Petitioner is entitled to relief on the grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Petitioner attacks Respondents' answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *Cf.* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is specifically cautioned that if he fails to file a response to Respondents' answer within the time allowed by the court, the court thereafter will proceed to consider the merits of the petition.

Done this 22nd day of April, 2008.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE