IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

Rodney Otis Burton,

2008 MAY 14  A  3 03

Petitioner,                                    * _Civil Action No. 2:08-cv-203-MHT

DEBRA P. HAC____
U.S. DISTRICT C
MIDDLE DISTRICT  *

VS.

Gary Hetzel, Warden, *et. al.*,                *

Respondents.                                   *

## PETITIONER'S RESPONSE

**COMES NOW** your petitioner, Rodney Otis Burton ("Burton"), in the above-styled cause and pursuant to this Court's order dated April 22, 2008, hereby submits his response to the answer filed by the respondents on or about April 22, 2008. In support thereof the following is shown:

1. The respondents assert that a motion for reconsideration of a sentence pursuant to § 13A-5-9.1, Code of Ala., is a post-conviction proceeding and therefore is not a "critical stage" of the criminal proceedings where the right to counsel attaches. (Answer, p. 3, paragraph 6). However, the respondents have failed to address the Alabama cases cited by Burton in his petition to this Court in which both the Alabama Supreme Court and the Court of Criminal Appeals of Alabama interpret § 13A-5-9.1 to be a "reopening" of a case between conviction and appeal, i.e., at the sentencing stage.

2. Because the Alabama courts have determined that a § 13A-5-9.1 motion reopens a case at the sentencing stage, Pennsylvania v. Finney, 481 U.S. 551 (1987), *et. al.*, cited by the respondents does not apply because a § 13A-5-9.1 motion is not a post-conviction proceeding.

3. The respondents further argue that a § 13A-5-9.1 proceeding is a "discretionary" proceeding and that "the state trial court judge is not required to lower a defendant's sentence even if the defendant meets all of the state law requirements." (Answer, p. 3, paragraph 6). However, a §

13A-5-9.1 proceeding is no more discretionary than an original sentencing. At original

sentencing, a defendant is not entitled to be sentenced to any particular sentence. Rather, a trial

judge has disrection to sentence a convicted defendant to any sentence that is within the legal

sentencing range. A judge could impose the minimum sentence, the maximum sentence, or any

sentence in between, in his discretion. It should be noted that when Burton was originally

sentenced, the trial court had no discretion. Life without parole was a mandatory sentence under

the AHFOA. 1  Moreover, as will be explained more fully below, counsel is required when the

trial court has discretion in sentencing.

  Similar to original sentencing, a § 13A-5-9.1 proceeding gives the sentencing judge jurisdiction

to consider resentencing an inmate under the amended guidelines of the AHFOA. 2  Therefore,

when reviewing a § 13A-5-9.1 motion, a trial court has two sentencing ranges available. The

trial court can leave the original sentence intact, thus choosing to sentence the inmate under the

AHFOA as it existed at original sentencing, or the trial court can resentence the inmate to a lower

sentence by choosing to do so under the amended AHFOA. This review is based on a number of

factors as will be more fully set forth below.

  4. Moreover, the state argues that a § 13A-5-9.1 proceeding has none of the attributes of an

original sentencing where the right to counsel attaches. (Answer, p. 3-4, paragraph 6). However,

the Alabama Supreme Court stated in Kirby v. State, 899 So.2d 968, 974 (Ala. 2004), "[O]f those

habitual offenders, the judge can resentence only those who are nonviolent offenders ... It is

axiomatic that only the sentencing judge or the presiding judge should evaluate the inmate's

crime and his or her conduct associated with that crime in deciding whether the inmate is a

nonviolent offender, *just as the judge evaluated those factors at the time the inmate was*

*originally sentenced.*" (emphasis added). Therefore, the Alabama Supreme Court compared a §

13A-5-9.1 proceeding to an original sentencing.

It is noteworthy that the Alabama Supreme Court has not addressed whether the right to counsel attaches in a § 13A-5-9.1 proceeding. However, the Court of Criminal Appeals has held that a § 13A-5-9.1 proceeding is not a critical stage where the right to counsel attaches. Hastings v. State, 938 So.2d 974, 974-75 (Ala.Crim.App. 2005). That decision, however, appears to be in conflict with other decisions of that court. For example, in Prestwood v. State, 915 So.2d 580 (Ala.Crim.App. 2005), that court held: "Once a conviction has been obtained and a corresponding sentence has been imposed, the convicted defendant may appeal the conviction and sentence to this court...a § 13A-5-9.1 motion involves *reopening an existing case, in which there has been a conviction and sentence, for possible resentencing*. Logically, then, any order either granting or denying a request for reconsideration of a sentence would be appealable." Id. at 583. (emphasis added). Thus, the Prestwood Court reasoned that the denial of a § 13A-5-9.1 motion would be appealable because the case is actually reopened between conviction and appeal. In King v. State, 613 So.2d 888, 891 (Ala.Crim.App. 1991), the same court stated: "It would appear that if an indigent defendant is constitutionally entitled to the assistance of counsel at sentencing and in the first appeal as a matter or right, that defendant *would be entitled to the assistance of counsel in the interim period*, absent a waiver.")(emphasis added). In King, the Court of Criminal Appeals of Alabama held not only is a convicted defendant entitled to counsel at sentencing, but a convicted defendant is also entitled to counsel between sentencing and appeal. Examples of this period include a motion for new trial and a motion to withdraw a guilty plea. Casteel v. State, 2007 Ala.Crim.App. LEXIS 101 (Ala. Crim. App. 2007).

In one case the Court of Criminal Appeals states that a § 13A-5-9.1 proceeding is not a critical stage where the right to counsel attaches. In yet another case, the same court held that a § 13A-5-

9.1 proceeding reopens the case between conviction and appeal, i.e., at sentencing. In yet another case, the same court held that the right to counsel attaches at sentencing and in the interim period between sentencing and appeal. Clearly, there is a conflict in this area under Alabama law. As stated above, the Alabama Supreme Court has not addressed this issue.

5. Notwithstanding the fact that the Alabama Courts have held that a § 13A-5-9.1 proceeding is a reopening of a case at the sentencing stage, the respondents further argue, as part of their contention that the right to counsel does not attach in a § 13A-5-9.1 proceeding, "no hearing is required at which the defendant has a right to be present as he does at an original sentencing hearing; the review can be based solely on documents submitted by the parties..." (Answer, p. 4, paragraph 6). Although the Alabama Supreme Court has not addressed the issue of whether or not a § 13A-5-9.1 motion requires a hearing, the guidelines established by that court infer that a hearing is needed. The Alabama Supreme Court held:

> We conclude that the state's trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination *based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the DOC and the Parole Board concerning the inmate's behavior while incarcerated.* It is axiomatic that only the sentencing judge or the presiding judge should evaluate the inmate's crime and his or her conduct associated with that crime in deciding whether the inmate is a nonviolent offender, *just as the judge evaluated those factors at the time the inmate was originally sentenced.*

Kirby v. State, 899 So.2d at 974 (emphasis added).

Moreover, the Criminal Court of Appeals further complicated the procedure for disposing of § 13A-5-9.1 motions. In Holt v. State, 2006 Ala.Crim.App. LEXIS 39, March 3, 2006, at * ___ (Ala.Crim.App. 2006), the court held:

> [I]n evaluating motions filed under § 13A-5-9.1 , circuit courts must go through a three-step process. First, the court must determine whether the motion was filed in the appropriate court and whether it has been assigned to the appropriate judge. Only the presiding judge or the sentencing judge in the court of conviction have jurisdiction to consider a § 13A-5-9.1 motion. See Ex parte Sandifer. [Ms. CR-04-1391. December 16,

2005]925 So. 2d 290, 2005 Ala. Crim. App. LEXIS 256 (Ala. Crim. App. 2006) ; Bulger
v. State, 904 So. 2d 219 (Ala. Crim. App. 2004) ; Malloy v. State, 908 So. 2d 1048 (Ala.
Crim. App. 2004) ; Burns v. State, 908 So. 2d 1045 (Ala. Crim. App. 2004) ; Burl v.
State, 908 So. 2d 314 (Ala. Crim. App. 2004) ; and Dailey v. Alabama Bd. of Pardons &
Paroles, 908 So. 2d 311 (Ala. Crim. App. 2004) . Second, once the motion has been filed
in the correct court and assigned to the appropriate judge, the circuit court must determine
whether the motion is the inmate's first motion or is a successive motion. A circuit court
has no jurisdiction to grant a second or successive § 13A-5-9.1 motion. See Wells, supra .
Third, if the motion is filed in the correct court, assigned to the appropriate judge, and is
the inmate's first motion, the circuit court must then determine whether the inmate is
eligible for reconsideration of his or her sentence pursuant to § 13A-5-9.1 .

There are three requirements for eligibility to have a sentence reconsidered under § 13A-
5-9.1 : (1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment
to the HFOA became effective; (2) the inmate was sentenced to life imprisonment
without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A
felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2) ,
see Prestwood, supra ; and (3) the inmate is a "nonviolent convicted offender." An inmate
must satisfy all three requirements before he or she is eligible for reconsideration of
sentence under § 13A-5-9.1 . If a circuit court determines that an inmate is eligible for
reconsideration of his or her sentence, the court then has the authority pursuant to § 13A-
5-9.1 to resentence the inmate, within the bounds of § 13A-5-9(c)(2) or § 13A-5-9(c)(3) ,
as amended, if it so chooses. If, on the other hand, the circuit court determines that the
inmate fails to meet any or all of the eligibility requirements, then the circuit court must
deny the inmate's § 13A-5-9.1 motion because a circuit court has jurisdiction to
resentence only those inmates who meet the eligibility requirements of § 13A-5-9.1 . See
Sanders, supra.

It should be noted that in Holt the court also held "a circuit court may summarily deny a § 13A-5-

9.1 motion without holding an evidentiary hearing or otherwise requiring the submission of

additional evidence not before it as part of the pleadings, if it so chooses. Nothing in § 13A-5-9.1

or Kirby requires otherwise." Id. However, this interpretation of the Alabama Supreme Court's

holding in Kirby has not been addressed by the Alabama Supreme Court. The portion of Kirby

quoted above infers that a hearing should be held to adequately review an inmate's motion.

  With the above procedures in mind, it would be impossible for a trial judge to evaluate all of

these factors "just as the judge evaluated those factors at the time the inmate was originally

sentenced," without a hearing. Kirby, supra.

6. The respondents contention that the Alabama Court of Criminal Appeals decision in <u>Hastings</u> <u>v. State</u>, 938 So.2d 974, 975 (Ala.Crim.App. 2005) is binding upon this Court is misplaced. (Answer, p. 4, paragraph 7). "[I]t is not the province of a federal habeas court to reexamine state-court determinations *on state-law questions*. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the *Constitution, laws, or treaties of the United States*." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991)(emphasis added). The right to counsel is a guarantee of the United States Constitution under the 6th Amendment. Because the present case involves Alabama's interpretation of "Constitution, laws, or treaties of the United States," this Court is not bound by Alabama's interpretation thereof. Id.

7. The respondents argue "[b]ased on the fact that the United States Supreme Court has not extended the right to counsel beyond first appeal, the Court of Criminal Appeals decision is not 'contrary to' or an 'unreasonable' application of law as determined by the Supreme Court." (Answer, p. 7, paragraph 8). However, here, the respondents once again mistake a § 13A-5-9.1 proceeding to be a postconviction action, rather than a "reopening" of a case between conviction and appeal, as interpreted by the courts of Alabama. <u>Prestwood</u>, *supra*; <u>Kirby</u>, *supra*.

8. The respondents argue that Burton's reliance on <u>Mempa v. Rhay</u>, 389 U.S. 128 (1967) is misplaced because <u>Mempa</u> involved a deferred sentence hearing. (Answer, p. 7, paragraph 9). However, a § 13A-5-9.1 proceeding is, in effect, a deferred sentence hearing because a trial court has discretion in sentencing when the case is reopened. In Burton's case, the relevant sentencing guidelines available during the hearing on his § 13A-5-9.1 motion provided:

> (c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he or she must be punished as follows:
>
> ...
> (3) On conviction of a Class A felony, where the defendant has no prior convictions for any Class A felony, he or she must be punished by imprisonment for life or life without

the possibility of parole, *in the discretion of the trial court.*

§ 13A-5-9, Code of Ala. (emphasis added).

The Alabama courts have held that the right to counsel attaches when a sentencing court has discretion in sentencing. See Smith v. State, 895 So.2d 392, 394 (Ala. Crim.App. 2004) ("Because the circuit court had *discretion in determining the appellant's sentences,* a sentencing hearing was required ...The appellant also had *the right to be present at the sentence hearing with his counsel.*")(emphasis added)(citations omitted). Moreover, the Eleventh Circuit has held the same. In Hall v. Moore, 253 F.3d 624 (11th Cir. 2001) cited by Burton in his initial petition to this Court, that court addressed the issue of whether a petitioner was entitled to counsel at a resentencing, when the original sentence had been vacated. The Hall court held that "[o]bviously, where the precise sentence for a particular offense is mandatorily fixed by law such that its imposition is merely a ministerial ceremony, with no discretion to be exercised by the sentencing judge, the absence of counsel at such a proceeding could not possibly be prejudicial." Id. at 627. The Hall court went on to hold that "[I]f the sentencing proceeding is more than ministerial, the presence of counsel is essential to guide the sentencing court in the exercise of its discretion. The absence of counsel is therefore legally presumed to be prejudicial *if the sentencing court had the legal authority to impose a more lenient sentence than it actually did.*" Id. at 628 (emphasis added).   The Hall court concluded "when a sentence is vacated and remanded for re-sentencing, the district court has the discretion to 'reconstruct the sentence.' ... counsel's presence were a necessity, not a 'luxury." Id. at 628.

Similarly, here, the trial court had the discretion to "reconstruct" Burton's sentence under the amended guidelines. Moreover, it should be noted that when Burton was originally sentenced, the trial court had no discretion under the version of the AHFOA then in effect. A sentence of life

without parole was mandatory. Therefore, counsel's presence at original sentencing was, in effect, moot. There was nothing counsel could have done to persuade the court to impose a lower sentence. A lower sentence was just not possible under the law then in effect. However, when the trial court held the hearing on Burton's § 13A-5-9.1 motion, it had discretion to resentence Burton to life *with* the possibility of parole.

It is also important to note that § 13A-5-9.1 is unique in that it applies only to "nonviolent convicted offenders." <u>Kirby</u>, 899 So.2d at 974. However, the definition of "nonviolent convicted offender" has not been clearly defined by the Alabama courts. The determination of whether or not an inmate is nonviolent and thus eligible for resentencing is left to the *discretion* of the trial court and the particular judge presiding over that court. <u>Kirby</u>, 899 So.2d at 974. In fact, even inmates convicted of violent crimes, such as robbery and rape *can* be considered nonviolent *if* the trial court is persuaded under a "totality of the circumstances" review. In <u>Holt v. State</u>, 2006 Ala.Crim.App. LEXIS 39, March 3, 2006(Ala.Crim.App. 2006), is was held:

> Therefore, the fact that a crime is defined as a "violent offense" under § 13A-11-70 and/or § 12-25-32 , although certainly a relevant and appropriate consideration, is not binding on a circuit court in determining whether an inmate is a "nonviolent convicted offender" within the meaning of § 13A-5-9.1 . In other words, merely because an inmate has been convicted of a "violent offense" as defined in § 13A-11-70 and/or § 12-25-32 does not mean that that inmate is a "violent offender" for purposes of § 13A-5-9.1 ; committing a "violent offense" as defined in § 13A-11-70 and/or § 12-25-32 is not the equivalent of being a "violent offender" under § 13A-5-9.1 . Had the legislature intended to preclude any inmate convicted of a "violent offense" as defined in § 13A-11-70 or § 12-25-32 from receiving the benefits of § 13A-5-9.1 , it could have easily said that § 13A-5-9 would apply retroactively only to those offenders who had not been convicted of an offense defined by statute as a "violent offense." Instead, the legislature chose to state that § 13A-5-9 would apply retroactively to any "nonviolent convicted offender."
>
> ... whether an inmate is a "nonviolent convicted offender" is based on the totality of the circumstances.

Id. at * ____ . 3

Based on the above, it is clear that, not only does the trial court have discretion in sentencing,

but the trial court also has discretion in determining whether or not an inmate is eligible for resentencing as a "nonviolent convicted offender." Thus, a § 13A-5-9.1 proceeding is clearly "more than ministerial, [and] the presence of counsel is essential to guide the sentencing court in the *exercise of its discretion.* The absence of counsel is therefore legally presumed to be prejudicial [because] the sentencing court had the legal authority *to impose a more lenient sentence than it actually did.*" Hall v. Moore, 253 F.3d at 627-28. (emphasis added). It would be a grave miscarriage of justice to hold that Burton had a right to counsel at his original sentencing, when counsel could do nothing to reduce the sentence because the sentence was mandatory, and the court had no discretion, and to hold the Burton had no right to counsel at his sentence hearing pursuant to § 13A-5-9.1, when the court had discretion, and there was a reasonable probability that counsel's presence could have changed the outcome.

## CONCLUSION

Because a § 13A-5-9.1 proceeding is not a postconviction action, but is a reopening of a case at the sentencing stage, the right to counsel attaches. Moreover, because the trial court has discretion in determining whether an inmate is eligible for resentencing and discretion in imposing a more lenient sentence, the right to counsel attaches.

## CERTIFICATE/DECLARATION OF SERVICE/MAILING

I do hereby declare and certify that a copy of this document has been served by turning over same to prison officials for mailing, along with the original addressed to this Court, on the date below and thusly addressed:

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130

## DECLARATION UNDER THE PENALTY FOR PERJURY

I do hereby verify under the penalty for perjury that the foregoing is true and correct to the best

of my knowledge and belief.

Respectfully Submitted,

*Rodney O. Burton*

Rodney Otis Burton #175034
100 Warrior Lane O1-Dorm
Bessemer, AL 35023-7299

May 8, 2008

---

1- Both First Degree Kidnapping, and First Degree Rape are Class A felonies. § 13A-6-43(c) and § 13A-6-61(b), Code of Ala. Burton had three prior nonviolent felony convictions. Prior to the 2000 amendment, § 13A-5-9(c)(3) required the trial judge to sentence a defendant so situated to a mandatory term of life without parole. § 13A-5-9(c)(3) was amended in 2000 to provide for "[o]n conviction of a Class A felony, where the defendant has no prior convictions for any Class A felony, he or she must be punished by imprisonment for *life or life without the possibility of parole, in the discretion of the trial court.*" (emphasis added).

2- In Kirby v. State, 899 So.2d 968 (Ala. 2004), the Alabama Supreme Court held: "Section 13A-5-9.1 clearly confers jurisdiction on the sentencing judge or the presiding judge by giving that judge the power to apply the provisions of § 13A-5-9 retroactively to 'nonviolent convicted offenders' and by providing the procedure by which the provisions of the statute are to be applied. Normally, a trial court loses jurisdiction to modify a sentence in a criminal case if a request for modification is not filed within 30 days of sentencing. By requiring in § 13A-5-9.1 that the provisions of § 13A-5-9 are to be applied retroactively, however, the Legislature vested jurisdiction in the sentencing judge or the presiding judge to reopen a case more than 30 days after a defendant has been sentenced." Id. at 971.

3- § 13A-11-70, Code of Ala., includes the following crimes: murder, manslaughter, (except manslaughter arising out of the operation of a vehicle), rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary, kidnapping and larceny. § 12-25-32, Code of Ala., includes the following crimes: Capital murder, Murder, Manslaughter, Criminally negligent homicide, Assault I, Assault II, Compelling street gang membership, Kidnapping I, Kidnapping II, Rape I, Rape II, Sodomy I, Sodomy II, Sexual torture, Sexual abuse I, Enticing a child to enter a vehicle for immoral purposes, Stalking, Aggravated stalking, Soliciting a child by computer, Domestic violence I, Domestic violence II, Burglary I, unless the offender enters the dwelling without a weapon or other dangerous instrument and does not use or threaten to use a weapon or dangerous instrument against another person during the commission of the offense; Burglary II, Burglary III, if the intent is to commit a violent offense; Arson I, Criminal possession of explosives, Extortion I, Robbery I, Robbery II, Robbery III, Pharmacy robbery, Terrorist threats, Escape I, Promoting prison contraband I, involving a deadly weapon or dangerous instrument; Intimidating a witness, Intimidating a juror, Treason, Discharging a weapon into an occupied building, dwelling, automobile, etc., Promoting prostitution I, Production of obscene matter involving a minor, Trafficking, Child abuse, Elder abuse, Terrorism, Hindering prosecution for terrorism.

Rodney Otis Burton #175034
100 Warrior Lane O1-Door
Bessemer, AL 35023-7299

LEGAL MAIL



USA First-Class

Clerk of the United States Court
Middle District of Alabama
P.O. Box 711
Montgomery, AL 36101-0711

36101+0711 8007