THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY OTIS BURTON, <br> AIS #175034, | ) <br> ) <br> ) | |
| Petitioner, | ) <br> ) <br> ) | |
| vs. | ) <br> ) <br> ) | CIVIL ACTION NO. <br> 2:08-cv-203-MHT |
| GARY HETZEL, WARDEN, *et al.*, | ) <br> ) <br> ) | |
| Respondents. | ) | |

**SUPPLEMENTAL ANSWER**

Come now the Respondents and file their supplemental answer as ordered by this Court on May 16, 2008.

1. Although this case was initiated under 28 USC § 2241, it is governed by the provisions of § 2254 because Burton is in state custody pursuant to his 1994 conviction for first degree rape and kidnapping. *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003), *cert. denied*, 541 U.S. 1032 (2004). Therefore, the successive petition provisions of § 2244(b)(3)(A,) and limitation period provisions of § 2244(d)(1), are applicable to this case because Burton was not resentenced pursuant to his motion for reconsideration and, thus, he is in custody pursuant to his 1994 conviction and sentence. *Ferreira v. Sec'y, Dept. of Corrections*, 494

F.3d 1286, 1293 (11th Cir. 2007), *citing Burton v. Stewart,* 127 S. Ct. 793 (2007). Because Burton was not resentenced and thus was not in custody pursuant to his 1994 conviction and a subsequent resentencing, see *Ferreira*, at 1293, this petition is a second or successive one for which Burton has not received authorization to file and ,therefore, this Court does not have jurisdiction to consider this petition. *Burton*, 127 S. Ct. at 799. Even if this Court had jurisdiction, review of the claim raised would be barred by § 2244(d)(1) because it was filed more than one year after Burton's conviction became final.

    2. As to Burton's argument that a motion to reconsider his sentence under the provision of Ala. Code § 13A-5-9.1 (2006) is a critical stage of the criminal process, this Court should reject Burton's contention because the motion, in and of itself, is a preliminary procedure to (1) reinvoke the jurisdiction of the circuit court, which, under state law, had lost jurisdiction to modify a sentence after thirty days, and is (2) the procedure by which the circuit court determines whether a defendant is eligible to have his sentence reconsidered. Respondents fully acknowledge the language Burton has quoted from *Kirby v. State*, 899 So. 2d 968 (Ala. 2004), and *Prestwood v. State*, 915 So. 2d 580 (Ala. Crim. App. 2005), *cert. denied,* 915 So. 2d 580 (Ala. 2005). However, the language from *Kirby*, when taken in context, relates to the circuit court reacquiring jurisdiction: "Therefore, once Kirby filed his motion, the trial court had the authority to proceed with consideration of the

2

motion." "Clearly, the Legislature has the power to vest circuit courts with the authority to reopen a case that had previously been deemed final." *Kirby*, 899 So. 2d at 972. While *Prestwood* and other cases have restated this language, none have held that the filing of the motion is a critical stage and, as previously stated, state courts have found the motion is not a critical stage which requires the appointment of a lawyer. *Hastings v. State*, 938 So. 2d 974 (Ala. Crim. App. 2005), *cert. denied*, 938 So. 2d 974 (Ala. 2006).

The motion also serves as a mechanism through which the circuit court can determine if the defendant is <u>eligible</u> to have his sentence reconsidered.

In *Holt v. State*, 960 So. 2d 726 (Ala. Crim. App. 2006), *cert. quashed*, 960 So. 2d 740 (Ala. 2006), the Court of Criminal Appeals set out the requirements and procedures to determine whether a defendant is eligible to have his motion to reconsider his sentence heard. The Court of Criminal Appeals wrote:

> Based on the authority cited above, it is clear that in evaluating motions filed under § 13A-5-9.1, circuit courts must go through a three-step process. First, the court must determine whether the motion was filed in the appropriate court and whether it has been assigned to the appropriate judge. Only the presiding judge or the sentencing judge in the court of conviction have jurisdiction to consider a § 13A-5-9.1 motion.[1] See *Ex parte Sandifer,* 925 So.2d 290 (Ala.Crim.App. 2006); *Bulger v. State,* 904 So.2d 219 (Ala.Crim.App.2004); *Malloy v. State,* 908 So.2d 1048 (Ala.Crim.App.2004); *Burns v. State,* 908 So.2d 1045 (Ala.Crim.App.2004); *Burl v. State,* 908 So.2d 314 (Ala. Crim.App.2004); and *Dailey v. Alabama Bd. of Pardons & Paroles,* 908 So.2d 311 (Ala.Crim.App.2004). Second, once the motion has

---

[1] This requirement was modified by Acts No. 2007 457.

3

been filed in the correct court and assigned to the appropriate judge, the circuit court must determine whether the motion is the inmate's first motion or is a successive motion. A circuit court has no jurisdiction to grant a second or successive § 13A-5-9.1 motion. See *Wells,* supra.[2] Third, if the motion is filed in the correct court, assigned to the appropriate judge, and is the inmate's first motion, the circuit court must then determine whether the inmate is eligible for reconsideration of his or her sentence pursuant to § 13A-5-9.1.

There are three requirements for eligibility to have a sentence reconsidered under § 13A-5-9.1: (1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2), see *Prestwood,* supra; and (3) the inmate is a "nonviolent convicted offender." An inmate must satisfy all three requirements before he or she is eligible for reconsideration of sentence under § 13A-5-9.1. If a circuit court determines that an inmate is eligible for reconsideration of his or her sentence, the court then has the authority pursuant to § 13A-5-9.1 to resentence the inmate, within the bounds of § 13A-5-9(c)(2) or § 13A-5-9(c)(3), as amended, if it so chooses.[FN3] If, on the other hand, the circuit court determines that the inmate fails to meet any or all of the eligibility requirements, then the circuit court must deny the inmate's § 13A-5-9.1 motion because a circuit court has jurisdiction to resentence only those inmates who meet the eligibility requirements of § 13A-5-9.1. See *Sanders,* supra.

FN3. Of course, a circuit court is not required to resentence an inmate merely because it determines that the inmate is eligible for reconsideration of his or her sentence.

*Holt,* 960 So.2d, at 734 -735. Burton is correct when he states that the totality of

the circumstances is the standard by which a circuit court is to determine whether a

---

[2] *Wells* was overruled in *Ex parte Gunn,* No. 1051754, 2007 WL 2745786 (Ala. Sept. 21, 2007).

defendant is a "non-violent offender". The Court of Criminal Appeals, also in

*Holt*, set out the process to be used by the circuit courts:

> Of course, the statutory designation of an inmate's underlying offense as a "violent offense" is certainly an important consideration in determining whether an inmate is a "nonviolent convicted offender"; nothing in § 13A-5-9.1 or *Kirby* suggests otherwise. However, the statutory designation of an offense is not the only factor a circuit court may consider, and the fact that the inmate's underlying conviction was for an offense statutorily defined as a "violent offense" does not preclude a circuit court from considering other factors presented to it, such as the facts and circumstances surrounding the underlying offense, the facts and circumstances surrounding the inmate's prior convictions, the inmate's prison record, and any "other factors brought before the judge in the record of the case." *Kirby,* 899 So.2d at 974. In determining whether an inmate is a "nonviolent convicted offender" within the meaning of § 13A-5-9.1, a circuit court is not precluded from considering, nor may it refuse to consider, all of the factors presented to it by either party. As Holt argued to the circuit court, and argues to this Court, and as the Alabama Supreme Court made clear in *Kirby,* whether an inmate is a "nonviolent convicted offender" is based on the totality of the circumstances.
>
> <u>By totality of the circumstances, we mean the totality of the information before the circuit court when it rules on the § 13A-5-9.1 motion. A circuit court is not required to solicit additional information before ruling on such a motion. To the contrary, a circuit court may summarily deny a § 13A-5-9.1 motion without holding an evidentiary hearing or otherwise requiring the submission of additional evidence not before it as part of the pleadings, if it so chooses</u>. Nothing in § 13A-5-9.1 or *Kirby* requires otherwise. In addition, in determining whether an inmate is a "nonviolent convicted offender" within the meaning of § 13A-5-9.1, what weight to afford each factor presented to it is within the circuit court's discretion. A circuit court is not required to make specific findings of fact regarding the weight it affords each factor, and in reviewing a circuit court's determination of whether an inmate is a "nonviolent convicted offender," this Court will give the circuit court great deference regarding the weight it afforded the factors presented to it, and we will presume that the

5

>   circuit court properly considered and weighed each factor presented, unless the record affirmatively shows otherwise. *See, e.g., Prestwood,* 915 So.2d at 583 (recognizing the limited appellate review of a motion filed under § 13A-5-9.1).

*Id.* at 738 (emphasis added).

   3. In Burton's case, the trial court, instead of determining whether Burton was a non-violent offender based on the documents Burton submitted and any response from the State, held a hearing to make the preliminary determination of whether the court had jurisdiction to reconsider Burton's sentence. After considering Burton's documents and statements and the State's recitation of the facts of Burton's rape and kidnapping convictions, the trial court determined that Burton was not eligible to have his sentence reconsidered because he was a violent offender. Thus, no sentencing hearing was held in Burton's case because the trial court had no jurisdiction to reconsider Burton's sentence.

   4. It appears that a "critical stage" in the criminal process is one where the "substantial rights" of the defendant may be affected. *Mempa v. Ray,* 389 U.S. 128, 134, 88 S. Ct. 254, 256-257 (1967);*United States v. Wade,* 388 U.S. 218, 87 S. Ct. 1296 (1967). The filing of and the consideration of the motion for reconsideration of a sentence to determine the movant's eligibility to have his or her sentence reconsidered is not a critical stage because no substantial right of the movant is involved. *Hastings v. State,* 938 So. 2d 974, 975 (Ala. Crim. App.

6

2005), *cert. denied*, 973 So. 2d 974 (Ala. 2006). As the Court of Criminal Appeals wrote in *Hastings*:

> Because a motion for reconsideration of sentence pursuant to § 13A-5-9.1, Ala.Code 1975, is not a proceeding in which a substantial right of the petitioner may be affected, it is not a critical stage of the proceedings. *Cf. Magwood v. State,* 689 So.2d 959 (Ala.Crim.App.1996) (holding that a Rule 32 petition is not a critical stage of the proceedings); *King,* supra (holding that a motion for a new trial is a critical stage of the proceedings because it falls between two stages of the proceedings when a defendant has the right to counsel-sentencing and on direct appeal from the conviction

*Id.* at 975. Because Burton was found not to be eligible (see Respondents' exhibit 3 at R. 1 et seq.), a non-critical stage of a post trial ameliorative process, this Court need not decide whether constitutional error would have occurred if the trial court had determined that Burton was eligible and proceeded to reconsider his sentence without a lawyer.

## CONCLUSION

This Court should dismiss this petition because this petition is a second or successive one and Burton has not obtained permission to file it. Furthermore, review would be barred because the statute of limitations has run. Finally, this Court should deny the petition because Burton had no constitutional right to counsel to determine his eligibility to have the circuit court reconsider his sentence.

    Respectfully submitted,

    Troy King (KIN047)
    *Attorney General*


    /s/P. David Bjurberg
    P. David Bjurberg (BJU001)
    *Assistant Attorney General*
    Counsel for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2008, I electronically filed the foregoing Supplemental Answer with the Clerk of the Court using the CM/ECF; and that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants to the address listed on the Department of Corrections' website:  Rodney Otis Burton, AIS #175034, Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, Alabama  35023.

        /s/P. David Bjurberg
        P. David Bjurberg (BJU001)
        Office of the Attorney General
        Alabama State House
        11 South Union
        Montgomery, AL  36130-0152
        Telephone: (334) 242-7300
        Fax: (334) 242-2848
        E-Mail:  DBjurberg@AGO.State.AL.US

649851/120248-001