IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY OTIS BURTON, ) | |
| # 175034, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No. 2:08cv203-MHT |
| ) | |
| GARY HETZEL, WARDEN, *et al.*, ) | |
| ) | |
| Respondents. | |

**O R D E R**

In compliance with this court's orders, Respondents have filed a supplemental answer (Doc. No. 13) addressing Petitioner's claim that Alabama courts have determined that a motion filed pursuant to Ala. Code § 13A-5-9.1 (2006) reopens a case at the sentencing stage and that, consequently, proceedings on a § 13A-5-9.1 motion constitute a critical stage of the criminal process where the right to counsel attaches. In their supplemental answer, Respondents argue, *inter alia*, that no Alabama court has held that the filing of a § 13A-5-9.1 motion is a critical stage in the criminal process and that Alabama courts have instead held that filing such a motion is *not* a critical stage and therefore does not give rise to a right to counsel. Respondents argue that a § 13A-5.9.1 motion, in and of itself, is a preliminary procedure to (1) reinvoke the jurisdiction of the trial court, which, under state law, lost jurisdiction to modify a sentence after 30 days, and is (2) the procedure by which the trial

court determines whether a movant is eligible to have his sentence reconsidered. Respondents further argue that there is no right to counsel in proceedings that determine a movant's eligibility to have his sentence reconsidered.

Accordingly, it is

ORDERED that on or before June 30, 2008, Petitioner may file a reply to the supplemental answer filed by Respondents.

Done this 9th day of June, 2008.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE