IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
RODNEY OTIS BURTON,       )
# 175034,                 )
                          )
    Petitioner,           )
                          )
    v.                    )    Civil Action No.
                          )    2:08cv203-MHT
GARY HETZEL, et al.,      )       (WO)
                          )
    Respondents.          )
```

OPINION AND ORDER

After the court's independent and de novo review of the record in this case, it is ORDERED as follows:

(1) The respondents' objections (Doc. No. 18) are overruled.

(2) The magistrate judge's recommendation (Doc. No. 17) is adopted.

(3) This case is transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

The court adds these thoughts. The respondents point out that, under Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003), a state prisoner in custody pursuant to the judgment of a state court who seeks federal habeas relief under 28 U.S.C. § 2241 is subject to the additional restrictions of 28 U.S.C. § 2254. The respondents contend that, because the petitioner is in custody pursuant to the judgment of a state court, the instant petition is subject to the § 2254 provision that requires a petitioner to obtain permission from the Eleventh Circuit Court of Appeals before filing a second or successive habeas petition in the district court. See 28 U.S.C. §§ 2244(b)(3)(A) and 2244(b)(2). The respondents further argue that, because the petitioner has not obtained such permission from the Eleventh Circuit and because he filed a previous habeas petition in this court challenging his conviction and sentence,[1] this court lacks jurisdiction to entertain the instant petition and must

---

1. See Burton v. Mitchem, 2:98cv1224-ID (M.D. Ala. Oct. 18, 2000).

dismiss it rather than transferring it under the provisions of 28 U.S.C. § 2241(d).[2]

---

2. The respondents' arguments in this regard overlook the following passage in Medberry:

> "Finally, Appellant points out that the § 2244(b)(2) provision governing successive petitions, by its terms, would not permit a § 2254 petition challenging prison disciplinary proceedings where a petitioner has brought an earlier petition challenging his conviction or sentence. We disagree. The term "'second or successive' remains a term of art that must be given meaning by reference to both the body of case law developed before the enactment of AEDPA and the policies that prompted AEDPA's enactment." Crouch v. Norris, 251 F.3d 720, 725 (8th Cir. 2001). We agree with the decisions issued by many of our sister circuits that a petition challenging such disciplinary proceedings would not be second or successive where the claim could not have been raised in an earlier petition and does not otherwise constitute an abuse of the writ. See James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002); Hill v. Alaska, 297 F.3d 895, 898-99 (9th Cir. 2002); Crouch, 251 F.3d at 725; In re Cain, 137 F.3d 234, 236-37 (5th Cir. 1998)."

(continued...)

However, this court does not read <u>Medberry</u> to undercut the Supreme Court's holding that a habeas petition seeking the relief afforded through 28 U.S.C. § 2241 must be filed in the federal district court for the district in which the petitioner's custodian is located. See <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-36 (2004); <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973). Because the petitioner does not challenge the validity of a conviction or sentence, this court conditionally believes the instant petition to be subject to the requirements for habeas petitions filed pursuant to 28 U.S.C. § 2241 and that the petitioner therefore should have filed his petition in the district court for the district in which his custodian is located. Consequently, this court has transferred this case without reaching the merits of the respondents' argument

---

2. (...continued)
351 F.3d at 1061-62. The claims that the petitioner asserts in the instant habeas petition could not have arisen when he filed his first habeas petition with this court in 1998.

that the instant petition constitutes a second or successive habeas petition within the meaning of 28 U.S.C. §§ 2244(a)(3)(A) and 2244(b)(2). Whether there is merit in the respondents' argument in this regard is an issue left open for the transferee court.

DONE, this the 8th day of August, 2008.

                                       /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).