```
         IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

            MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


RODNEY OTIS BURTON,          )
# 175034,                    )
                             )
     Petitioner,             )
                             )
     v.                      )     Civil Action No.
                             )       2:08cv203-MHT
GARY HETZEL, et al.,         )           (WO)
                             )
     Respondents.            )
```

OPINION AND ORDER

After the court's independent and de novo review of the record in this case, it is ORDERED as follows:

(1) The respondents' objections (Doc. No. 18) are overruled.

(2) The magistrate judge's recommendation (Doc. No. 17) is adopted.

(3) This case is transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

The court adds these thoughts.  The respondents point out that, under Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003), a state prisoner in custody pursuant to the judgment of a state court who seeks federal habeas relief under 28 U.S.C. § 2241 is subject to the additional restrictions of 28 U.S.C. § 2254.  The respondents contend that, because the petitioner is in custody pursuant to the judgment of a state court, the instant petition is subject to the § 2254 provision that requires a petitioner to obtain permission from the Eleventh Circuit Court of Appeals before filing a second or successive habeas petition in the district court.  See 28 U.S.C. §§ 2244(b)(3)(A) and 2244(b)(2).  The respondents further argue that, because the petitioner has not obtained such permission from the Eleventh Circuit and because he filed a previous habeas petition in this court challenging his conviction and sentence,[1] this court lacks jurisdiction to entertain the instant petition and must

---

1.  See Burton v. Mitchem, 2:98cv1224-ID (M.D. Ala. Oct. 18, 2000).

dismiss it rather than transferring it under the provisions of 28 U.S.C. § 2241(d).[2]

---

2. The respondents' arguments in this regard overlook the following passage in Medberry:

> "Finally, Appellant points out that the § 2244(b)(2) provision governing successive petitions, by its terms, would not permit a § 2254 petition challenging prison disciplinary proceedings where a petitioner has brought an earlier petition challenging his conviction or sentence. We disagree. The term "'second or successive' remains a term of art that must be given meaning by reference to both the body of case law developed before the enactment of AEDPA and the policies that prompted AEDPA's enactment." Crouch v. Norris, 251 F.3d 720, 725 (8th Cir. 2001). We agree with the decisions issued by many of our sister circuits that a petition challenging such disciplinary proceedings would not be second or successive where the claim could not have been raised in an earlier petition and does not otherwise constitute an abuse of the writ. See James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002); Hill v. Alaska, 297 F.3d 895, 898-99 (9th Cir. 2002); Crouch, 251 F.3d at 725; In re Cain, 137 F.3d 234, 236-37 (5th Cir. 1998)."

(continued...)

However, this court does not read Medberry to undercut the Supreme Court's holding that a habeas petition seeking the relief afforded through 28 U.S.C. § 2241 must be filed in the federal district court for the district in which the petitioner's custodian is located. See Rumsfeld v. Padilla, 542 U.S. 426, 434-36 (2004); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). Because the petitioner does not challenge the validity of a conviction or sentence, this court conditionally believes the instant petition to be subject to the requirements for habeas petitions filed pursuant to 28 U.S.C. § 2241 and that the petitioner therefore should have filed his petition in the district court for the district in which his custodian is located. Consequently, this court has transferred this case without reaching the merits of the respondents' argument

---

2. (...continued)
351 F.3d at 1061-62.  The claims that the petitioner asserts in the instant habeas petition could not have arisen when he filed his first habeas petition with this court in 1998.

4

that the instant petition constitutes a second or successive habeas petition within the meaning of 28 U.S.C. §§ 2244(a)(3)(A) and 2244(b)(2). Whether there is merit in the respondents' argument in this regard is an issue left open for the transferee court.

DONE, this the 8th day of August, 2008.

                                       /s/ Myron H. Thompson
                                       **UNITED STATES DISTRICT JUDGE**